**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V., <br><br> Plaintiffs, <br><br> v. <br><br> AUTEL ROBOTICS USA LLC, AUTEL AERIAL TECHNOLOGY CO., LTD., and AUTEL INTELLIGENT TECHNOLOGY CO., LTD., <br><br> Defendants. | C.A. No. 16-706-LPS-CJB |

**AUTEL ROBOTICS USA LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Autel Robotics USA LLC ("Autel Robotics"), by and through its counsel, hereby submits its Answer to Plaintiffs' Complaint for Patent Infringement and affirmative defenses thereto, as follows:

**PARTIES**

1.    Autel Robotics has neither knowledge nor information sufficient to form a belief as to Plaintiff SZ DJI Technology Co., Ltd.'s ("DJI SZ") organizational status, its principal place of business, or responsibilities.  Therefore, Autel Robotics denies the allegations in Paragraph 1.

2.    Autel Robotics has neither knowledge nor information sufficient to form a belief as to Plaintiff DJI Europe B.V.'s ("DJI BV") organizational status, its principal place of business, or its responsibilities.  Therefore, Autel Robotics denies the allegations in Paragraph 2.

3.    Admitted.

4.    The allegations in Paragraph 4 are not directed to Autel Robotics, therefore, Autel Robotics does not need to provide a response.

5.      The allegations in Paragraph 5 are not directed to Autel Robotics, therefore, Autel

Robotics does not need to provide a response.

## JURISDICTION AND VENUE

6.      Autel Robotics admits that the Court has jurisdiction over the subject matter of this action

under 28 U.S.C. §§ 1331 and 1338, and that this is a civil action for patent infringement arising

under the patent laws of the United States.  Autel Robotics denies all of the remaining allegations

in Paragraph 6.

7.      Autel Robotics admits that this Court has personal jurisdiction over Autel Robotics, but

denies the remaining allegations of Paragraph 7.

8.      The allegations in Paragraph 8 are not directed to Autel Robotics, who makes no

response.  If a response is deemed required, Autel Robotics states that it has insufficient

information to respond and therefore denies the allegations.

9.      Autel Robotics admits that this Court has personal jurisdiction over Autel Robotics, but

denies the remaining allegations of Paragraph 9.

10.     Autel Robotics admits that venue in this jurisdiction is appropriate as to the claims

against Autel Robotics, but denies the remaining allegations of Paragraph 10.

## FACTUAL BACKGROUND

11.     Autel Robotics admits that the Complaint purports to seek injunctive relief and damages

for infringement of the Patents-in-Suit.  Autel Robotics denies the remaining allegations of

Paragraph 11.

## DJI

12.     Autel Robotics lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 12, and therefore denies them.

13.     Autel Robotics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies them.

14.     Autel Robotics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them.

15.     Autel Robotics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies them.

16.     Autel Robotics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies them.

**DJI'S PATENTS-IN-SUIT**

17.     Autel Robotics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies them.

18.     Autel Robotics admits that U.S. Patent 9,016,617 ("the '617 patent") states on its face that the United States Patent and Trademark Office ("USPTO") issued the '617 patent on April 28, 2015, that it is entitled "Unmanned Aerial Vehicle and Operations Thereof," that DJI SZ is the assignee, and that Exhibit 1 appears to be an accurate copy.  Autel Robotics has neither knowledge nor information sufficient to form a belief as to whether DJI BV is an exclusive licensee of the '617 patent, and therefore, Autel Robotics denies those allegations.  Autel Robotics denies the remaining allegations of Paragraph 18.

19.     Autel Robotics admits that U.S. Patent 9,284,049 ("the '049 patent") states on its face that the USPTO issued the '049 patent on March 15, 2016, that it is entitled "Unmanned Aerial Vehicle and Operations Thereof," that DJI SZ is the assignee, and that Exhibit 2 appears to be an accurate copy.  Autel Robotics has neither knowledge nor information sufficient to form a belief as to whether DJI BV is an exclusive licensee of the '049 patent, and therefore, Autel Robotics

denies those allegations.  Autel Robotics denies the remaining allegations of Paragraph 19.

20.     Autel Robotics admits that U.S. Patent 9,321,530 ("the '530 patent") states on its face that the USPTO issued the '530 patent on April 26, 2016, that it is entitled "Unmanned Aerial Vehicle and Operations Thereof," that DJI SZ is the assignee, and that Exhibit 3 appears to be an accurate copy.  Autel Robotics has neither knowledge nor information sufficient to form a belief as to whether DJI BV is an exclusive licensee of the '530 patent, and therefore, Autel Robotics denies those allegations.  Autel Robotics denies the remaining allegations of Paragraph 20.

21.     Autel Robotics admits that U.S. Design Patent D691,514 ("the '514 patent") states on its face that the USPTO issued the '514 patent on October 15, 2013, that it is entitled "Rotor Aircraft," that DJI SZ is the assignee, and that Exhibit 4 appears to be an accurate copy.  Autel Robotics has neither knowledge nor information sufficient to form a belief as to whether DJI BV is an exclusive licensee of the '514 patent, and therefore, Autel Robotics denies those allegations.  Autel Robotics denies the remaining allegations of Paragraph 21.

**AUTEL**

22.     Admitted.

23.     Autel Robotics admits that it is an indirect subsidiary of Autel Aerial, which is a subsidiary of Autel ITC.  Autel Robotics also admits that it was incorporated in Delaware in November 2015, and that its responsibilities include marketing and sales of the Autel X-Star and Autel X-Star Premium in the United States.  Autel Robotics denies the remaining allegations in Paragraph 23.

24.     Autel Robotics admits that it first imported UAVs in or around January 2016.  To the extent that the remaining allegations are directed to Autel Robotics, Autel Robotics denies those allegations.  To the extent that Paragraph 24 contains allegations that are directed to other

defendants, Autel Robotics does not need to provide a response.

25.      Admitted.

26.      The allegations in Paragraph 26 are legal conclusions to which no response is required.

To the extent that one is required, Autel Robotics denies these allegations.

27.      The allegations in Paragraph 27 are legal conclusions to which no response is required.

To the extent that one is required, Autel Robotics denies these allegations.

28.      The allegations in Paragraph 28 are legal conclusions to which no response is required.

To the extent that one is required, Autel Robotics denies these allegations.

29.      The allegations in Paragraph 29 are legal conclusions to which no response is required.

To the extent that one is required, Autel Robotics denies these allegations.

30.      The allegations in Paragraph 30 are legal conclusions to which no response is required.

To the extent that one is required, Autel Robotics denies these allegations.

31.      The allegations in Paragraph 31 are legal conclusions to which no response is required.

To the extent that one is required, Autel Robotics denies these allegations.

32.      Denied.

33.      Denied.

## THE COMMERCIAL UAV MARKET

34.      Autel Robotics lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 34 given that Plaintiffs have not provided the citation to the

market report that it purportedly quotes, and therefore denies them.

35.      Autel Robotics lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 35, and therefore denies them.

36.      Autel Robotics lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 36 given that Plaintiffs have not provided citations to the articles that it purportedly quotes, and therefore denies them.

## COMPETITION BETWEEN DJI AND AUTEL

37.     Admitted.

38.     Autel Robotics admits that it competes in the UAV market, but denies the remaining allegations of Paragraph 38.

39.     Autel Robotics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies them.

40.     Admitted.

41.     Denied.

42.     To the extent that the allegations in Paragraph 42 are directed to Autel Robotics, they are denied.  To the extent that the allegations in Paragraph 42 are directed to a defendant other than Autel Robotics, Autel Robotics does not need to provide a response.

43.     To the extent that the allegations in Paragraph 43 are directed to Autel Robotics, they are denied.  To the extent that the allegations in Paragraph 43 are directed to a defendant other than Autel Robotics, Autel Robotics does not need to provide a response.

44.     To the extent that the allegations in Paragraph 44 are directed to Autel Robotics, they are denied.  To the extent that the allegations in Paragraph 44 are directed to a defendant other than Autel Robotics, Autel Robotics does not need to provide a response.

45.     Denied.

46.     Denied.

## COUNT I
## (Infringement of U.S. Patent No. 9,016,617)

47.     Autel Robotics incorporates each and every response to the allegations in Paragraphs 1

through 46 of the Complaint as if fully set forth herein.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

## COUNT II
### (Infringement of U.S. Patent No. 9,284,049)

53.     Autel Robotics incorporates each and every response to the allegations in Paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

## COUNT III
### (Infringement of U.S. Patent No. 9,321,530)

59.     Autel Robotics incorporates each and every response to the allegations in Paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

**COUNT IV**
**(Infringement of U.S. Patent No. D691,514)**

65.     Autel Robotics incorporates each and every response to the allegations in Paragraphs 1 through 64 of the Complaint as if fully set forth herein.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

**REPLY TO PLAINTIFFS' PRAYER FOR RELIEF**

WHEREFORE, Autel Robotics denies that Plaintiffs are entitled to any relief whatsoever, including the relief requested in Plaintiffs' Complaint, and incorporates by reference the Request for Relief set forth in the Affirmative Defenses.

**AFFIRMATIVE DEFENSES**

Autel Robotics raises the following affirmative defenses to the allegations contained in Plaintiffs' Complaint:

**Affirmative Defense No. 1.**

Autel Robotics has not infringed and is not infringing either directly or indirectly any valid, enforceable claim of the '617 patent either literally or under the doctrine of equivalents.

**Affirmative Defense No. 2.**

Autel Robotics has not infringed and is not infringing either directly or indirectly any valid, enforceable claim of the '049 patent either literally or under the doctrine of equivalents.

8

**Affirmative Defense No. 3.**

Autel Robotics has not infringed and is not infringing either directly or indirectly any valid, enforceable claim of the '530 patent either literally or under the doctrine of equivalents.

**Affirmative Defense No. 4.**

Autel Robotics has not infringed and is not infringing either directly or indirectly any valid, enforceable claim of the '514 patent either literally or under the doctrine of equivalents.

**Affirmative Defense No. 5.**

The claims of the '617 patent are invalid at least because the claims of the '617 patent do not satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 102, 103, and 112.

**Affirmative Defense No. 6.**

The claims of the '049 patent are invalid at least because the claims of the '049 patent do not satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 102, 103, and 112.

**Affirmative Defense No. 7.**

The claims of the '530 patent are invalid at least because the claims of the '530 patent do not satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 102, 103, and 112.

**Affirmative Defense No. 8.**

The claims of the '514 patent are invalid at least because the claims of the '514 patent do not satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 102, 103, and 112.

**Affirmative Defense No. 9.**

Upon information and belief, to the extent Plaintiffs are entitled to any damages,

Plaintiffs' damages are limited by 35 U.S.C. § 287.

**Affirmative Defense No. 10.**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted, including,

but not limited to, failing to meet the standard for pleading set by the United States Supreme

Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twonbly*, 550 U.S. 544

(2007).

**Affirmative Defense No. 11.**

To the extent Plaintiffs seek damages for alleged infringement prior to its giving actual or

constructive notice of the Patents-in-Suit to Autel Robotics, the relief sought by Plaintiffs is

barred by 35 U.S.C. § 287.

**Remaining Affirmative Defenses**

Autel Robotics has not knowingly or voluntarily waived any applicable affirmative

defense, and reserves the right to assert and rely upon such other applicable affirmative defenses

as may become available or apparent during discovery and investigation.

**<u>REQUEST FOR RELIEF</u>**

WHEREFORE, Autel Robotics respectfully requests that this Court enter judgment in

favor of Autel Robotics and against Plaintiffs as follows:

a)  Dismiss with prejudice Plaintiffs' Complaint in its entirety and deny each request

for relief made by Plaintiffs;

b)  Declare that Autel Robotics does not infringe, does not contribute to the

infringement of, and does not induce others to infringe any valid and enforceable

claim of United States Patent Nos. 9,016,617, 9,284,049, 9,321,530, and
D691,514;

c)  Declare that Autel Robotics has not infringed, has not contributed to the
infringement of, and has not induced others to infringe any valid and enforceable
claim of United States Patent Nos. 9,016,617, 9,284,049, 9,321,530, and
D691,514;

d)  Declare that United States Patent Nos. 9,016,617, 9,284,049, 9,321,530, and
D691,514 are invalid;

e)  Declare that this case is exceptional under 35 U.S.C. § 285;

f)  Award Autel Robotics its reasonable attorneys' fees pursuant to 35 U.S.C. § 285,
other statutes or rules, or the general power of the Court; and

g)  Award Autel Robotics such other and further relief as the Court deems just and
proper.

## REQUEST FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Autel Robotics demands a trial by jury
on all triable issues.

Dated:  December 21, 2016

*/s/ Keith A. Walter*
Zhun Lu (#4427)
Keith A. Walter (#4157)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
zhun.lu@dbr.com
keith.walter@dbr.com

*Attorneys for Defendant*
*Autel Robotics USA LLC*

11