IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V., | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 16-706-LPS |
| AUTEL ROBOTICS USA LLC and AUTEL AERIAL TECHNOLOGY CO., LTD., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Having reviewed the parties' briefing relating to Defendants' motion to consolidate cases and amend case schedule (D.I. 213, 218, 222), IT IS HEREBY ORDERED that:

1. Defendants' motion (D.I. 213) is GRANTED and *SZ DJI Technology Co. Ltd. et al. v. Autel Robotics USA LLC, et al.*, C.A. No. 18-378, recently transferred to this Court from the Western District of Washington, shall be consolidated with the above-captioned matter.

2. Pursuant to Federal Rule of Civil Procedure 42(a), a court may consolidate two actions if they "involve a common question of law or fact." A district court has broad discretion to determine whether to consolidate cases. *See In re Mock*, 398 Fed. Appx. 716, 718 (3d Cir. 2010). In determining whether to consolidate, courts balance considerations of "efficiency, expense, and fairness." *Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, 2007 WL 2892707, at *4 (D. Del. Sept. 30, 2007).

3. Judicial economy will be better served by consolidating these two actions. The parties involved are exactly the same, the patents share common applicants, inventors, and

1

priority periods and relate to various aspects of the same unmanned aerial vehicles ("UAV") at issue, and the accused products are identical. Plaintiffs recognized as much in a prior case, *SZ DJI Technology Co., Ltd. et al. v. Yuneec International Co. Ltd., et al.*, C.A. No. 16-595 (C.D. Cal.) (D.I. 214, Ex. E ("*Yuneec*")), in which they amended their complaint to add one patent at issue in this case (U.S. Patent No. 9,284,049) and one patent at issue in the recently-transferred case (U.S. Patent No. 9,284,040), asserting that such amendment would save the parties "significant resources and time by avoiding duplicating efforts, such as duplicative discovery, involving the same parties, overlapping inventors, similar technology, and the same products." (*Yuneec* at 6)

4. In opposing Defendants' motion to consolidate, Plaintiffs assert that "[t]hese are distinct inventions and technologies for which little overlap exists," adding that "while the utility patents in this action relate to the overall structure and location of components of a UAV, the patents in the new case relate to self-tightening rotors and power supply control assemblies." (D.I. 218 at 2) However, in seeking to amend the *Yuneec* complaint, Plaintiffs argued that amendment was proper because the '040 patent (directed to a self-tightening rotor) and the '049 patent (directed to UAV overall structure), among other patents Plaintiffs sought to add to the complaint, shared the same inventors and related to UAV technology (a field in which DJI and the defendant are direct competitors). (*Yuneec* at 3) While Plaintiffs assert here that increasing the number of patents and technical/design areas will "just increase the likelihood of juror confusion" (D.I. 218 at 2), in *Yuneec* Plaintiffs acknowledged that "[e]ven if adding more patents will complicate this case and require additional discovery, that does not amount to prejudice," as DJI was "amenable to working with Yuneec to extend deadlines to alleviate any concerns." (*Yuneec*

2

at 7) (internal quotation marks omitted) Similarly here, extending the current schedule will alleviate any prejudice to Plaintiffs, especially in light of the fact that the products accused of infringement are no longer being sold. (*See* D.I. 213 at 10) Although six patents is a high number for a single jury to consider, the Court will ensure – through, for example, its time allocation at trial and proper preliminary and final jury instructions – that the jury is not confused. Burdening two sets of jurors (as well as the Court and Defendants) with two separate trials, presenting a heightened risk of inconsistent verdicts and wasting resources, is not a more desirable outcome.

5. Finally, the amount of damages sought in both actions is low compared to the costs of a separate lawsuit, and keeping the two related cases separate would also present risks of duplication and double recovery.

6. The Court is not yet persuaded that it should adopt the schedule for the consolidated cases proposed by Defendants. Plaintiffs have not provided their views on the details of a revised schedule. Accordingly, IT IS FURTHER ORDERED that:

A. All remaining dates and deadlines in the operative scheduling order, including the dates for filing of motions, for hearings, and for trial, are VACATED.

B. The parties shall meet and confer and, no later than March 21, 2018, submit a proposed consolidated schedule, which will include a single set of case-dispositive and *Daubert* motions, a date for oral argument on such motions, and a single consolidated pretrial order, pretrial conference, and trial.

March 14, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE