# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V., <br><br> Plaintiffs, <br><br> v. <br><br> AUTEL ROBOTICS USA LLC, and AUTEL AERIAL TECHNOLOGY CO., LTD. <br><br> Defendants. | C.A. No. 16-706-LPS-CJB <br><br> (Consolidated) <br><br> Public Version |
| AUTEL ROBOTICS USA LLC, and AUTEL AERIAL TECHNOLOGY CO., LTD. <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V., and DJI TECHNOLOGY, INC., <br><br> Counterclaim Defendants. | |

**DJI'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY PENDING
<u>RESOLUTION OF ITC PROCEEDING</u>**

# TABLE OF CONTENTS

**Page**

I. Introduction ................................................................................................................... 1

II. Background .................................................................................................................... 2

III. Legal Standard ............................................................................................................... 4

IV. Argument ....................................................................................................................... 5

    A. A Discretionary Stay as to the '000 Patent Will Not Unduly Prejudice Autel. ............... 5

    B. A Stay Will Simplify the Issues and Trial of This Case. ................................................. 6

    C. There Is No Trial Date and Discovery Is Not Complete. ................................................ 8

    D. Denial of the Stay Would Substantially Harm DJI. ......................................................... 9

V. Conclusion ..................................................................................................................... 9


# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple, Inc. v. High Tech Computer Corp.*,
  No. CV 10-167-GMS, 2011 WL 13141909 (D. Del. Dec. 22, 2011) .................................5, 8

*Flexsys Americas, LP v. Kumho Tire, U.S.A., Inc.*,
  No. 5:05-CV-1562005 ......................................................................................................9

*Graphic Properties Holdings, Inc. v. Toshiba Am. Info., Sys., Inc.*,
  No. CV 12-213-LPS, 2014 WL 923314 (D. Del. Mar. 5, 2014) ..................................4, 5, 8, 9

*Mission Abstract Data L.L.C. v. Beasley Broadcast Group, Inc.*,
  Civ. No. 11-176-LPS, 2011 WL 5523315 (D. Del. Nov. 14, 2011) ..........................................4

**Statutes**

28 U.S.C. § 1659 ......................................................................................................................1

Tariff Act of 1930 Section 337 ..................................................................................................3

Plaintiffs and Counterclaim Defendants SZ DJI Technology Co., Ltd. and DJI Europe B.V., and Counterclaim Defendant DJI Technology, Inc. (collectively, "DJI") hereby move this Court for a stay of the above-captioned case with respect to U.S. Patent No. 9,979,000 pending the final resolution of the parallel action filed by Defendants and Counterclaim Plaintiffs Autel Robotics USA LLC ("Autel Robotics USA") and Autel Robotics Co., Ltd. (f/k/a Autel Aerial Technology Co., Ltd.) ("Autel ATC") (collectively, "Autel") in the United States International Trade Commission ("ITC").

## I.    INTRODUCTION

Autel alleges infringement of three patents, which are all directed to technology used in drones:  U.S. Patent Nos. 7,979,174 ("the '174 Patent"), 9,260,184 ("the '184 Patent"), and 9,979,000 ("the '000 Patent").  Three months after asserting these three patents in the present case, Autel asserted the '174 and '184 Patents, along with U.S. Patent No. 10,044,013, ("the '013 Patent"), a close family member of the '000 Patent, in a parallel ITC proceeding, thereby deliberately choosing the ITC as its preferred forum.  The '174 Patent and '184 Patent are subject to a mandatory stay pursuant to 28 U.S.C. § 1659.[1]  Thus, all that remains with respect to Autel's asserted patents in the instant litigation is the '000 Patent.

Proceeding to claim construction, final infringement and invalidity contentions, and summary judgment practice on the single remaining patent would be a waste of judicial resources.[2]

---

[1] DJI filed a Motion to Stay Pursuant to § 1659 with respect to the '174 and '184 Patents on October 19, 2018.  Autel does not oppose this motion.

[2] DJI's initial asserted patents, which the Second Amended Scheduling Order refers to as the First Action Patents, are still in the case, but claim construction, final infringement and invalidity contentions already passed for those patents.  The deadlines for these events only apply to the Second Action Patents, which have been dismissed, and the Counterclaim Patents, which are the subject of DJI's two motions to stay.

The '000 Patent is in the same patent family as the '013 Patent—the only patent asserted in the ITC that is not asserted in the current action—and they are both related to the batteries used in drones. *See generally* Exhibit[3] A (the '000 Patent) and Exhibit B (the '013 Patent). Given this overlap between the patents asserted in the ITC and here, litigating all of these claims after the ITC decision is final would serve the interests of the Court and the parties by avoiding inconsistencies and unnecessary redundancies in re-litigating overlapping issues.

Indeed, each of the factors the Court should weigh in considering a discretionary stay weigh in favor of a stay here. First, Autel faces no undue prejudice or tactical disadvantage by having all of its claims on related patents heard together. Autel chose to bring a parallel action in the ITC knowing that the patents would be subject to a stay in this proceeding. Second, a stay would simplify the issues in the case, because there is a large degree of overlap between the two proceedings, so determinations in the ITC will certainly lead to simplifications of issues in this case. Third, the procedural posture of the case—discovery in nascent stages without a trial date set—weighs in favor of a stay. Finally, absent a stay, DJI faces prejudice in having to litigate in two fora facing potentially inconsistent rulings. Accordingly, the Court should exercise its inherent power and stay the case with respect to the '000 Patent.

## II. BACKGROUND

DJI filed this suit against Autel asserting infringement of U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, and D691,514, and another complaint for patent infringement of U.S. Patent Nos 9,592,744 and 9,284,040, which was later transferred and consolidated with this case.

---

[3] Citations to Exhibits refer to the Exhibits attached to the Declaration of Amy Dudash in Support of DJI's Motion to Stay Pending Resolution of ITC Proceeding, filed herewith.

On April 30, 2018, Autel filed, among other things, counterclaims that DJI's unmanned aerial vehicles (i.e., drones) and components thereof infringe the '174 Patent and the '184 Patent. On August 10, 2018, Autel amended its answer to include a counterclaim of infringement of the '000 Patent, which is directed to batteries used by drones.

The parties submitted a Stipulation And Proposed Second Amended Scheduling Order, which the Court entered on July 20, 2018 (D.I. 273). As noted in the Second Amended Scheduling Order (D.I. 273), the consolidated action involves four sets of claims: (i) First Action Patents, (ii) Second Action Patents, (iii) Counterclaim Patents, and (iv) Antitrust Counterclaims. On October 12, 2018, the parties filed a Stipulation And Proposed Order Dismissing Claims And Counterclaims Related to the '040 And '744 Patents (D.I. 289) to dismiss the claims involving the Second Action Patents. The Court So Ordered the Stipulation on October 17, 2018. Accordingly, the Second Action Patents are no longer in the case.

On August 30, 2018, Autel filed an ITC complaint against DJI alleging violation of Section 337 of the Tariff Act of 1930, as amended, for infringement of the '174 Patent, the '184 Patent, and the '013 Patent (collectively, "the ITC Asserted Patents"). Exhibit C (a copy of the ITC complaint). Specifically, Autel accuses DJI of infringement of the asserted patents by certain of DJI's unmanned aerial vehicles and components thereof, including the "DJI Mavic," "DJI Spark," "DJI Phantom," and "DJI Inspire" (*id.* at 1), which are the same products accused of infringement in the present action. Exhibit D (Autel Robotics USA LLC's Initial Infringement Contentions, at 3-4). The ITC instituted the Investigation on September 26, 2018. Exhibit E (a copy of the Notice of Investigation). The Notice was published in the Federal Register on October 2, 2018. Exhibit F (a copy of the Notice in the Federal Register). The ITC set a *Markman* hearing for the ITC

Asserted Patents on March 5, 2019.  Exhibit G (order setting date for submission of joint proposed procedural schedule).

The '174 and '184 Patents are two of the three Counterclaim Patents.  The third Counterclaim Patent, the '000 Patent, is a related family member of the '013 Patent, which claims priority to the same parent application, and as such, they share the same specification.

The *Markman* Hearing scheduled for April 1, 2019, is for the Second Action Patents, which are no longer in the case, and the Counterclaim Patents, which after the mandatory stay of the '174 and '184 patent, only includes the '000 patent.

### III.    LEGAL STANDARD

It is well-established that district courts have the discretion to stay litigation under their inherent power to control their own dockets.  *Graphic Properties Holdings, Inc. v. Toshiba Am. Info., Sys., Inc.*, No. CV 12-213-LPS, 2014 WL 923314, at *2 (D. Del. Mar. 5, 2014) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936)).  "In determining whether to grant a discretionary stay, a court considers: '(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.'"  *Id.* (quoting *Alloc, Inc. v. Unilin Decor N.V.*, No. Civ.A. 03-253-GMS, 2003 WL 21640372, at *2 (D. Del. July 11, 2003)).  "Courts have also referenced undue prejudice or hardship to the movant as a factor to be considered in evaluating a request to stay litigation."  *Mission Abstract Data L.L.C. v. Beasley Broadcast Group, Inc.*, Civ. No. 11-176-LPS, 2011 WL 5523315, at *2 (D. Del. Nov. 14, 2011).

## IV. ARGUMENT

### A. A Discretionary Stay as to the '000 Patent Will Not Unduly Prejudice Autel.

Granting a discretionary stay as to the '000 Patent, thereby staying the last remaining patent of the Counterclaim Patents, will not prejudice Autel. Indeed, Autel is the party that deliberately chose to bring a parallel action in the ITC asserting three patents—two of which are asserted in the present case, and the other that is in the same family as the '000 Patent—even though doing so would result in a mandatory stay of the two overlapping patents and a potential stay of the remaining patent. This demonstrates a lack of prejudice. *See Apple, Inc. v. High Tech Computer Corp.*, No. CV 10-167-GMS, 2011 WL 13141909, at *4 n.17 (D. Del. Dec. 22, 2011) (finding that stay will not prejudice Apple because "Apple decided to bring parallel actions in connection with these patents in the ITC despite the fact that the filing of complaints in both forums would result in a stay of the [present] case and, potentially, of related cases."). Further, Autel does not face prejudice in the form of an indefinite stay. Instead, the requested stay is tied to the completion date of the ITC action, thereby mitigating any concern that that Autel will be hampered in moving forward with its claims on the '000 Patent indefinitely. *Id.* Moreover, there is no competitive disadvantage to Autel because ███████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

### B. A Stay Will Simplify the Issues and Trial of This Case.

Given the substantial overlap in discovery, factual, and legal issues between the instant action and the ITC proceeding, a stay will simplify the issues for trial. Indeed, there is almost complete overlap between the '000 Patent and the '013 Patent. They are both directed to the "battery used for unmanned aerial vehicle." The '000 Patent and '013 Patent are continuation applications of the same parent application, which means they share the same specification as each other, including the same inventors, and are directed to the same alleged invention. *Cf.* 35 U.S.C. § 121 (requiring separate "independent and distinct inventions" to be "made the subject of a divisional application," rather than a continuation application). Due to this subject matter overlap, there is also a substantial overlap in patent claims asserted in the '000 Patent in this case and the patent claims asserted in the '013 Patent in the ITC action. Indeed, as shown in the below side-by-side comparison of the '000 and '013 patents' independent claims, each claim recites the same basic elements many of which are recited as having the same basic arrangement or configuration:

| Claim 1, '000 Patent<br>(Exhibit A) | Claim 1, '013 Patent<br>(Exhibit B) |
|---|---|
| 1. A **multi-rotor unmanned aerial vehicle**, comprising: | 1. A **multi-rotor unmanned aerial vehicle**, comprising: |
| a **main body** comprising a **battery compartment**; | a **main body** comprising a **battery compartment**; |
| **four arms**, wherein each arm is coupled to the main body; | **four arms**, wherein each arm is coupled to the main body; |
| **a propulsion assembly** disposed on the each arm, wherein the propulsion assembly comprises a propeller and a motor, the motor being configured to drive the propeller to rotate in order to generate lift force; | **a propulsion assembly** disposed on the each arm, wherein the propulsion assembly comprises a propeller and a motor, the motor being configured to drive the propeller to rotate in order to generate lift force; |
| **a battery accommodated in the battery compartment**, and the battery comprising **a** | **a battery** assembly capable of being **accommodated in the battery compartment**, the battery assembly |

6

| | |
|---|---|
| **shell** and **a battery body** disposed in the shell; | comprising **a shell** and **a battery body** substantially disposed in the shell; |
| **a clamp button** disposed on the shell, wherein one end of the clamp button is mounted on the shell and the other end of the clamp button is detachably coupled to the main body; and | **a clamp button**, wherein a first end of the clamp button being mounted directly or indirectly to the shell and a second end of the clamp button being detachably coupled to the main body; and |
| **a restorable elastic piece** disposed on an inner side of the clamp button; wherein one end of the restorable elastic piece is disposed on the shell and the other end of the restorable elastic piece is fixed with the clamp button: | **a restorable elastic piece**, wherein a first end of the restorable elastic piece is disposed on the shell or connects directly or indirectly to the shell, a second end of the restorable elastic piece contacting the clamp button; |
| wherein the battery compartment comprises **a clamping portion** configured to detachably connect to the clamp button; . . . . | wherein the battery compartment comprises **a clamping portion** configured to detachably connect to the clamp button. |

In addition, Autel has accused the exact same products of infringing the '000 Patent and the '013 Patent. *Compare* Exhibit C at 1 and Exhibit D at 3-4. Indeed, Autel is accusing the exact same features of DJI's products as infringing these patents. For example, as shown in the side-by-side comparison below the same aspect of the DJI Spark's battery is accused of meeting the "clamp button" elements of the '000 Patent and '013 Patent claims, respectively:

| **Autel's Assertion of the '000 Patent Against the DJI Spark** | **Autel's Assertion of the '013 Patent Against the DJI Spark** |
|---|---|
|  Exhibit I (Infringement Contentions, Exhibit 9 at 8) |  Exhibit J (ITC Complaint, Exhibit 26 at Fig. 10) |

7

Given the significant overlap in common subject matter or technology, accused products, claim terms, inventors, specification, and prosecution history (at least because of the shared priority to the same parent application), it follows that there is a substantial overlap in the relevant witnesses and evidence regarding the patents asserted in the present action and the ITC. As such, there is a significant risk for inefficiency, inconsistent rulings, and duplicative discovery, if the Court does not grant a stay. *See Apple*, 2011 WL 13141909, at *2 (staying district court cases, including with respect to patents not asserted in the parallel ITC proceeding, because "Apple's patents asserted in the ITC proceeding 'share common issues with the non-overlapping patents' asserted in these cases, such that they should be 'tried simultaneously'"); *Graphic Properties Holdings*, 2014 WL 923314, at *2 (in light of mandatory stay of an asserted patent, granting discretionary stay of another patent because it is "likely to substantially reduce the amount of duplicative time and effort").

Further, a stay will conserve judicial and party resources because it will allow the Court and the parties to benefit from the record developed through the ITC investigation. A stay also will avoid waste of judicial resources with respect to claim construction, dispositive motions, and trial, because the parties may resolve or narrow the issues as a result of the ITC investigation. *See Apple*, 2011 WL 13141909, at *4, n.16 (because "there is sufficient overlap in subject matter among the patents at issue that the court, parties, and witnesses would benefit from trying these matters simultaneously upon resolution of the ITC proceedings").

C. **There Is No Trial Date and Discovery Is Not Complete.**

The patent claims in the instant action are in nascent stages. No trial date has been set for Autel's three patents, including the '000 Patent, asserted against DJI as counterclaims. [D.I. 273]. The claim construction process has not started and the scheduled *Markman* hearing is over 6

8

months away—April 1, 2019. *Id.* The parties have engaged in only limited written discovery, with no depositions having taken place. Moreover, discovery is far from being complete, with the fact discovery cut-off date April 1, 2019 and expert discovery, September 30, 2019. *Id.* Thus, this factor favors a stay. *See Graphic Properties Holdings,* 2014 WL 923314, at *3.

### D. Denial of the Stay Would Substantially Harm DJI.

Proceeding in parallel with both the ITC action and the present action will substantially prejudice DJI. Due to the common subject matter or technology, accused products, claim terms, inventors, specification, and prosecution history, there is a substantial overlap in both factual and legal issues. These commonalities between the ITC proceeding and the instant case could lead to numerous inconsistent rulings. For instance, there may be inconsistent rulings regarding the scope or meaning of common claim terms, how accused products operate in relation to these terms, and the appropriate scope of discovery regarding these matters. Indeed, the *Markman* hearing in the ITC is scheduled to take place a month before this case. These inconsistencies would harm DJI as Autel would be able to try the same or similar issues twice before the ITC and this Court. *See Flexsys Americas, LP v. Kumho Tire, U.S.A., Inc.*, No. 5:05-CV-1562005, WL 1126750, *3 (N.D. Ohio Apr. 29, 2005) ("requiring defendants to litigate both this case and the ITC investigation at the same time will result in prejudice," and if the case were stayed only with respect to the overlapping patents it "would essentially be relitigated after the lifting of the mandatory stay").

## V. CONCLUSION

For the foregoing reasons, DJI respectfully requests that the Court stay the '000 Patent in the present case until the ongoing ITC matter has concluded and mandatory stay with respect to the '174 Patent and the '184 Patent has been lifted.

9

|  |  |
|---|---|
| | Respectfully submitted, |
| | */s/ Amy M. Dudash* |
| *Of Counsel* | Jody C. Barillare (#5107) |
| David M. Farnum, Esq. | Amy M. Dudash (#5741) |
| Sherry X. Wu, Esq. | MORGAN, LEWIS & BOCKIUS LLP |
| ANOVA LAW GROUP, PLLC | 1007 Orange Street, Suite 501 |
| 21351 Gentry Drive Ste 150 | Wilmington, Delaware 19801 |
| Sterling, VA 20166 | T. (302) 574-3000 |
| E. david.farnum@anovalaw.com | E. jody.barillare@morganlewis.com |
| E. sherry.wu@anovalaw.com | E. amy.dudash@morganlewis.com |
| | |
| Willard K. Tom | Kelly E. Farnan (#4395) |
| Jon R. Roellke | Christine D. Haynes (#4697) |
| Ryan Kantor | RICHARDS, LAYTON & FINGER, P.A. |
| Bradford A. Cangro | 920 N. King Street |
| MORGAN, LEWIS & BOCKIUS LLP | Wilmington, Delaware 19801 |
| 1111 Pennsylvania Ave., NW | T. (302) 651-7700 |
| Washington, D.C. 20004-2541 | E. Farnan@rlf.com |
| T. (202) 739-3000 | E. Haynes@rlf.com |
| E. willard.tom@morganlewis.com | |
| E. jon.roellke@morganlewis.com | *Attorneys for Plaintiffs and Counterclaim* |
| E. ryan.kantor@morganlewis.com | *Defendants SZ DJI Technology Co. Ltd. and* |
| E. bradford.cangro@morganlewis.com | *DJI Europe B.V. and Counterclaim Defendant* |
| | *DJI Technology, Inc.* |

Dated: October 26, 2018

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2018, a true and correct copy of the foregoing document was served, via e-mail, on the following:

Anne Shea Gaza
Robert M. Vrana
Samantha G. Wilson
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE 19801
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

Michael Flynn-O'Brien
Steptoe & Johnson LLP
One Market Street
Steuart Tower, Suite 1800
San Francisco, CA 94105
mflynnobrien@steptoe.com

Timothy C. Bickham
John Caracappa
Jonathan B. Sallet
Scott M. Richey
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington DC 20036
tbickham@steptoe.com
jcaracap@steptoe.com
jsallet@steptoe.com
srichey@steptoe.com

*/s/ Amy M. Dudash*
Amy M. Dudash (#5741)