## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V., | |
| Plaintiffs, | C.A. No. 16-706-LPS-CJB |
| v. | (Consolidated) |
| AUTEL ROBOTICS USA LLC, and AUTEL AERIAL TECHNOLOGY CO., LTD. | |
| Defendants. | |
| AUTEL ROBOTICS USA LLC, and AUTEL AERIAL TECHNOLOGY CO., LTD. | |
| Counterclaim  Plaintiffs, | |
| v. | |
| SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V., and DJI TECHNOLOGY, INC., | |
| Counterclaim Defendants. | |

### DJI'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STAY PENDING RESOLUTION OF ITC PROCEEDING

DB2/ 35453015.3

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................................1

II.   ARGUMENT ........................................................................................................................1

    A.   Autel Fails to Rebut That a Stay Will Simplify Issues and Trial in This Case. ........................1

    B.   A Stay Will Not Prejudice Autel. .............................................................................7

    C.   Refusing to Grant a Stay Will Prejudice DJI. ...........................................................8

III.  CONCLUSION .....................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Align Tech., Inc. v. 3Shape A/S & 3Shape Inc.*, No. 17-cv-1646, 2018 WL 4292675 (D. Del. Sept. 7, 2018) ................................................................................................................ 2

*Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d 933 (N.D. Cal. 2015) .................................................. 5

*Apple, Inc. v. High Tech Computer Corp.*, No. CV 10-167-GMS, 2011 WL 13141909 (D. Del. Dec. 22, 2011) ............................................................................................................... 8

*Avago Techs. U.S., Inc. v. Iptronics, Inc.*, C.A. No. 5:10-cv-02863, 2013 WL 623042 (N.D. Cal. Feb. 15, 2013) .......................................................................................................... 8

*Draeger Med. Sys., Inc. v. Atom Med. Int'l, Inc.*, No. 2:12-cv-512, 2013 WL 12147773 (M.D. Fla. Dec. 12, 2013) ...................................................................................................... 2

*Flexsys Americas, LP v. Kumho Tire, U.S.A., Inc.*, No. 5:05-cv-156, 2005 WL 1126750 (N.D. Ohio Apr. 29, 2005) ................................................................................................... 5, 9

*FMC Corp. v. Summit Agro USA, LLC*, No. CV 14-51-LPS, 2014 WL 3703629 (D. Del. July 21, 2014) ..................................................................................................................... 7

*Graphic Props. Holdings, Inc. v. Toshiba Am. Info. Sys., Inc.*, C.A. No. 12-213-LPS, 2014 WL 923314 (D. Del. Mar. 5, 2014) ........................................................................................ 3

*Mkt.-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486 (D. Del. 2013) ...................... 4

*Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) ....................................................................................................................... 4

*SanDisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060 (W.D. Wis. 2008) ......................... 5

*Zenith Elecs., LLC v. Sony Corp.*, No. C 11-02439-WHA, 2011 WL 2982377 (N.D. Cal. July 16, 2011) ...................................................................................................................... 4

**Statutes**

28 U.S.C. 1659(a) ......................................................................................................... 1, 4

## I.   INTRODUCTION

Autel's Opposition to DJI's Motion to Stay is long on rhetoric and short on substance.  In its Opposition, Autel asserts—in conclusory fashion—that there would not be any simplification of the issues for this Court and that it will be substantially prejudiced if a stay were granted. Autel dedicates almost two pages to a recitation of facts, which are never applied, and in many instances, are incorrect.  But Autel fails to refute that (1) it deliberately chose to assert in the ITC two of the three patents it asserted in this case (the '174 and '184 Patents), which are subject to a mandatory stay under 28 U.S.C. 1659(a); (2) it also included in its ITC complaint a third patent, the '013 Patent, which is a close family member of the '000 Patent that shares the same specification, the same priority document, and the same inventors as the '000 Patent, the only remaining Autel patent in this action after the mandatory stay; and (3) it deliberately chose to accuse the same features of exactly the same DJI products in the ITC.  Having affirmatively put these patents at issue in the ITC proceedings, Autel cannot demonstrate any prejudice it may suffer from the requested stay.  Autel's conclusory rhetoric and misapplication of the law notwithstanding, judicial economy and party resources will be served by granting a stay with respect to the '000 Patent.  Accordingly, the Court should grant DJI's Motion to Stay.

## II.   ARGUMENT

### A.    Autel Fails to Rebut That a Stay Will Simplify Issues and Trial in This Case.

Autel asserts that any alleged simplification of the issues is "speculative" at best, selectively quoting case law and misrepresenting facts.  Autel admits that the '000 Patent and the '013 Patent have the same specification (D.I. 304 ("Opp. Br.") at 4) and that they "involve similar subject matter and accused products." *Id.* at 3.  Yet, Autel asserts that this is insufficient to justify a stay citing this Court's decision in *Align Tech., Inc. v. 3Shape A/S & 3Shape Inc.*, No.

17-cv-1646, 2018 WL 4292675, at *2 (D. Del. Sept. 7, 2018).  But Autel misreads *Align Tech.*
There, while the patents at issued overlapped, they were not from the same family and did not
share the same specification, so the Court found the overlap insufficient to support a stay.  *Id.*
Specifically, the Court noted in *Align Tech.* that "none of the patents-in-suit in either of the two
ITC investigations share a common specification, prosecution history, or parent/child
relationship with any patents at issue in the Instant Actions."  *Id.*  By contrast, the patents at issue
in this case, the '000 Patent and '013 Patent: (1) are directed to the <u>same</u> subject matter, namely
the "battery used for unmanned aerial vehicle," (2) belong in the <u>same</u> patent family as they are
continuation applications of the same parent application, and thus share common prosecution
history, (3) share the <u>same</u> specification as each other, as admitted by Autel, and (4) include the
<u>same</u> inventors.  Thus, *Align Tech.* does not support Autel's position—if anything, it supports
DJI's.  *See id.* ("Overlapping subject matter, without more—such as overlapping specifications,
prosecution history, or a familiar relationship—does not provide much support for a stay").

     Likewise, Autel's reliance on the *Draeger Medical* case is also misplaced.  *See* Opp. Br.
at 4.  The court in *Draeger Medical* denied a stay because the patents at issue there lacked the
substantial overlap that exists here between the '000 and '013 Patents.  Indeed, upon
reconsideration, the court in *Draeger Medical* noted that "[n]one of the inventors of the patents
at issue in the ITC proceeding overlap with the inventors of the patents not at issue in the ITC
proceeding" and that "[t]he patents at issue in the ITC relate to different functions of the
incubator."  *Draeger Med. Sys., Inc. v. Atom Med. Int'l, Inc.*, No. 2:12-cv-512, 2013 WL
12147773, at *3 (M.D. Fla. Dec. 12, 2013).  Contrary to the patents in *Draeger Medical* and as
emphasized above, the patents at issue in this case involve the same subject matter, the same

accused products, the same patent family, the same specification, and the same inventors, all of which strongly favor a stay.

Indeed, the instant case is closer to the facts of *Graphic Props. Holdings, Inc. v. Toshiba Am. Info. Sys., Inc.*, C.A. No. 12-213-LPS, 2014 WL 923314 (D. Del. Mar. 5, 2014). There, as here, the patent at issue in the district court case was a family member of a patent at issue in ITC investigation and shared "common inventors, specification, and prosecution history." *Id.* at *2. The court found that "[b]ecause of this overlap, claim construction and invalidity issues with respect to one patent will necessarily impact those same issues with respect to the other patent." Moreover, like the present case, the court noted that much of the infringement analysis in the ITC action will overlap with the infringement analysis in the district court case because the general theory of infringement is common between the two patents. *Id.* Ultimately, the *Graphic Props.* court found all three factors favored a stay and therefore granted the discretionary stay. *Id.* at *3. This Court should likewise grant a stay in the instant case.

Yet, Autel further asserts that there is unlikely to be any simplification of the issues because there are a handful claim terms that are allegedly unique to the '000 Patent for which the parties *may* seek constructions[1] and because DJI's comparison of the independent claims in both patents omitted "37%" of the allegedly relevant claim language. As an initial matter, Autel's remarks regarding DJI's comparison are highly misleading. The two "wherein" clauses quoted on page 4 of Autel's opposition that were "omitted" from claim 1 of the '000 Patent appear in

---

[1] Notably, Autel has not identified any terms that are unique to the '000 Patent that need construction. To the contrary, Autel has claimed that no terms in the '000 Patent are in need of construction. *See* Ex. A to Dudash Declaration. Aspirational statements about what Autel may do in the future plainly cannot serve as a basis to ignore the judicial efficiencies of a stay. Moreover, Autel's examples are misleading because they include terms within the phrases that overlap between the two patents, and at least one of Autel's examples is simply incorrect: the term "inner side of the clamp button" appears in dependent claim 8 of the '013 Patent.

largely the same form in dependent claims 24 and 22 of the '013 Patent. When one compares claim 1 of the '000 patent with the combination of claims 1, 24 and 22 of the '013 Patent, the overlap between the two patents is even more stark. In any event, even without that additional comparison, both arguments fail to rebut the fact that there is a significant overlap between the '000 and '013 Patents and erroneously assume that the simplification of the issues factor requires a complete overlap. *See Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *5 (D. Del. July 2, 2013) (in *inter partes* review context, "the 'issue simplification' factor does not require complete overlap"); *Zenith Elecs., LLC v. Sony Corp.*, No. C 11-02439-WHA, 2011 WL 2982377, at *2 (N.D. Cal. July 16, 2011) ("Congress explicitly intended that district courts should consider using their discretionary power to stay patent infringement litigation that is *related to, but not duplicative of,* an action before the ITC.") (emphasis added). If such a complete overlap were required, there would not be a need for seeking a discretionary stay, because such a stay would be mandatory under Section 1659.

Moreover, Autel asserts that any ITC findings are unlikely to simplify the issues for this Court since ITC determinations are not binding on this Court. Opp. Br. at 5. Notwithstanding the non-binding nature of the ITC findings, the Court would still "benefit tremendously from a narrowing" of the issues in this case because here, many of the claim terms in the '000 Patent that will require construction are present in the '013 Patent and there is substantial overlap in subject matter such that issues of infringement and invalidity may also be narrowed.[2] *Flexsys*

---

[2] In addition to the simplification that will stem from the ITC investigation, DJI recently filed a petition for Post Grant Review ("PGR") of all of the claims of the '000 Patent with the Patent Trial and Appeal Board ("PTAB") of the U.S. Patent and Trademark Office. The proceedings before the PTAB also will likely simplify the issues in this case. *Mkt.-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 490 (D. Del. 2013) (in granting a motion to stay, the court noted "staying an infringement case pending administrative review of the patent-in-suit's

*Americas, LP v. Kumho Tire, U.S.A., Inc.*, No. 5:05-cv-156, 2005 WL 1126750, at *3 (N.D. Ohio Apr. 29, 2005) ("It is more than likely that after the ITC ruling, the parties in this case will have fewer issues for this Court to resolve"); *Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d 933, 939 (N.D. Cal. 2015) ("although this Court is not bound by the ITC's determination, this Court would benefit from its final decision, because 'issues resolved in the ITC hearing will bear upon the highly technical...questions which are likely to arise in the district court case'"). Thus, the instant case, which involves significant overlap with the ITC Proceedings, is far different than the cases cited by Autel, which lacked this same overlap. Indeed, in *Saxon Innovs.*, the movant was not a respondent in the ITC proceeding with respect to the patent at issue and in *Am. Honda*, there was no substantial overlap amongst the patents at issue. *See* Opp. Br. at 5.

   Further, Autel points to a cross-use agreement regarding discovery as a reason for denying the stay. *Id.* However, any efficiency to be gained from utilizing the cross-use agreement (Ex. 5 to Opposition Brief) is minimal and does not weigh against a stay. Indeed, it supports staying this case. As an initial matter, having a cross-use agreement only emphasizes the relatedness and the duplication of effort between the two proceedings. Given that the pace of the ITC investigation and the district court litigation differs and that there is not a complete (albeit substantial) overlap between the two proceedings[3], having the discovery process run in parallel even with the cross-use of discovery is likely to result in inefficiencies, unnecessarily burdening the parties and witnesses. *See SanDisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060, 1066 (W.D. Wis. 2008) (noting that even with a "cross-use" agreement, "the burden on

---

validity can simplify litigation in several ways"). If the present motion is not granted, DJI anticipates filing a motion to stay once the PGR is instituted.

[3] Moreover, there are issues in the present action that would not be addressed in the ITC proceeding, such as damages.

defendants and the court would not disappear, as many issues would likely still be litigated twice"). Rather than trying to synchronize the schedule and discovery between the two cases, it would be more efficient to proceed in just one of the two proceedings, the ITC, and then use the ITC discovery in district proceedings after the stay is lifted.

Likewise, Autel's argument that the simplification of issues for this Court is unlikely because the ITC proceeding could be resolved on non-merits grounds does not support denying a stay. That a case can be resolved on "non-merits grounds" can happen in any case and that the ITC investigation could be resolved on the "domestic industry" is a mere speculation.[4] But that there is a significant overlap in common subject matter, accused products, claim terms, inventors, specification, and prosecution history is a fact, which makes it highly likely that the ITC proceeding will result in resolution or narrowing of the "merits" issues such as infringement or invalidity.

Finally, with respect to the stage of litigation factor, Autel attempts to make the current case appear far more progressed than it actually is by focusing only on the "First Action Patents" (*see* Second Amended Scheduling Order (D.I. 273)) that are on a completely different schedule from the "Counterclaim Patents," which includes the '000 Patent. D.I. 273. Autel ignores the fact that the '000 Patent is the only patent that is left for their case after the mandatory stay of the other two patents. As explained in the Opening Brief, a separate schedule has been set for the Counterclaim Patents and the litigation for these patents is still in early stages. Only limited written discovery has been conducted and no trial date has been set. D.I. 273. *Markman* briefing and hearing are months away. *Id.* Thus, contrary to Autel's assertion, that there may be

---

[4] Even if the ITC investigation were ultimately resolved on "domestic industry" grounds it likely would not be before at least *Markman* hearing and decision, which by itself could simplify this case.

duplicative proceedings in this Court—one on First Action Patents and another on Counterclaim Patents—does not affect the analysis regarding the stage of litigation factor.  In short, the litigation of the Counterclaim Patents is in its early stages, which strongly favors a stay.  *FMC Corp. v. Summit Agro USA, LLC*, No. CV 14-51-LPS, 2014 WL 3703629, at *4 (D. Del. July 21, 2014) ("[T]he relatively early stage of the litigation clearly favors a stay.").

## B.     A Stay Will Not Prejudice Autel.

Autel's assertions that it will be prejudiced by the requested stay fall short.  Specifically, Autel asserts that DJI is engaged in patent infringement and anti-competitive conduct to maintain monopoly and that a stay of the litigation would "allow[] DJI to sell competing products that infringe the '000 Patent, causing significant prejudice to Autel."  Opp. Br. at 8.  But such unsubstantiated bald allegations fail to show actual prejudice.  To the contrary, as DJI explained in its Opening Brief, there is no competitive disadvantage to Autel because Autel's current line of products do not practice the '000 Patent.

Putting aside the fact that Autel does not currently practice the '000 Patent, Autel is not prejudiced by the stay and is able to obtain relief in the ITC with regard to the allegedly competing products that allegedly infringe the '000 patent.  Specifically, Autel is seeking an exclusion order from the ITC against the exact same DJI products it is accusing of infringing the '000 Patent in the instant action.  Moreover, such an exclusion order, if Autel is successful, will take effect before any judgment would be obtained in this case.  Autel also argues that the stay "may last several years, during which Autel would have no ability to seek a remedy for DJI's infringement of the '000 patent."  Opp. Br. at 8.  However, even assuming Autel will succeed in its claims against DJI, Autel would be fully compensated by money damages, and Autel does not argue otherwise.

In short, Autel cannot credibly claim prejudice from any delay from DJI's requested stay. Autel controlled the timing of the filing of the ITC complaint and thus, the timing of any associated stay.  Autel chose to assert in the ITC, the same two patents asserted in the present case, and the other that is in the same family as the '000 Patent, even though doing so will lead to a mandatory stay of the two overlapping patents and a potential stay of the remaining patent. Autel cannot complain of prejudice when any such prejudice is self-inflicted by its own litigation strategy. *See Apple, Inc. v. High Tech Computer Corp.*, No. CV 10-167-GMS, 2011 WL 13141909, at *4 n.17 (D. Del. Dec. 22, 2011) (holding stay will not prejudice Apple because "Apple decided to bring parallel actions in connection with these patents in the ITC despite the fact that the filing of complaints in both forums would result in a stay of the [present] case and, potentially, of related cases"); *Avago Techs. U.S., Inc. v. Iptronics, Inc.*, C.A. No. 5:10-cv-02863, 2013 WL 623042, at *3 (N.D. Cal. Feb. 15, 2013) ("Plaintiffs chose to file an ITC investigation . . .  knowing that in so doing, they would spread Defendants' financial resources even thinner and afford Defendants an opportunity to request both a mandatory and a discretionary stay from the court.  That Defendants pursued this option does not constitute harm to Plaintiffs").

### C.     Refusing to Grant a Stay Will Prejudice DJI.

Autel claims DJI will not suffer prejudice in absence of a stay purportedly because "there is nothing fundamentally inequitable about parallel district court and ITC proceeding" and DJI and its law firm in this case are large entities with extensive resources to handle parallel proceedings.  Opp. Br. at 9-10.  But these factors are irrelevant to the prejudice DJI faces. Indeed, if the test were size of law firms and ability to expend resources on parallel proceedings, then stays would routinely be denied on this basis alone and corporations would rush to retain

small firms.  However, justice mandates a different result.  Indeed, no matter how big DJI or its

law firm is, litigating in this Court while defending an ITC investigation would needlessly

burden witnesses and employees like engineers, inventors, and officers.  Even if DJI and its law

firm can handle both proceedings simultaneously, prejudice still will occur to DJI absent a stay

because DJI would be forced to waste resources on duplicative discovery or any additional

discovery or motion practice stemming from potential inconsistent claim construction rulings,

conflicting validity and enforceability determinations, and piecemeal litigation, as explained in

DJI's Opening Brief.  *Flexsys*, 2005 WL 1126750, *3 ("requiring defendants to litigate both this

case and the ITC investigation at the same time will result in prejudice").

## III.    CONCLUSION

For the foregoing reasons, DJI respectfully requests that the Court stay the '000 Patent in

the present case until the ongoing ITC matter has concluded and mandatory stay with respect to

the '174 Patent and the '184 Patent has been lifted.

Respectfully submitted,

*/s/ Amy M. Dudash*

| | |
|---|---|
| | Jody C. Barillare (#5107) |
| *Of Counsel* | Amy M. Dudash (#5741) |
| David M. Farnum, Esq. | MORGAN, LEWIS & BOCKIUS LLP |
| Sherry X. Wu, Esq. | 1007 Orange Street, Suite 501 |
| ANOVA LAW GROUP, PLLC | Wilmington, Delaware 19801 |
| 21351 Gentry Drive Ste 150 | T. (302) 574-3000 |
| Sterling, VA 20166 | E. jody.barillare@morganlewis.com |
| E. david.farnum@anovalaw.com | E. amy.dudash@morganlewis.com |
| E. sherry.wu@anovalaw.com | |
| | |
| Willard K. Tom | Kelly E. Farnan (#4395) |
| Jon R. Roellke | Christine D. Haynes (#4697) |
| Ryan Kantor | RICHARDS, LAYTON & FINGER, P.A. |
| Bradford A. Cangro | 920 N. King Street |
| MORGAN, LEWIS & BOCKIUS LLP | Wilmington, Delaware 19801 |
| 1111 Pennsylvania Ave., NW | T. (302) 651-7700 |
| Washington, D.C. 20004-2541 | E. Farnan@rlf.com |
| T. (202) 739-3000 | E. Haynes@rlf.com |

E. willard.tom@morganlewis.com
E. jon.roellke@morganlewis.com
E. ryan.kantor@morganlewis.com
E. bradford.cangro@morganlewis.com

*Attorneys for Plaintiffs and Counterclaim
Defendants SZ DJI Technology Co. Ltd. and
DJI Europe B.V. and Counterclaim Defendant
DJI Technology, Inc.*

Dated: November 21, 2018