IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V., | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 16-706-LPS (Consolidated) |
| AUTEL ROBOTICS USA LLC and AUTEL AERIAL TECHNOLOGY CO., LTD., | : | |
| Defendants-Counterclaim Plaintiffs, | : | |
| v. | : | |
| SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V., and DJI TECHNOLOGY INC., | : | |
| Counterclaim Defendants, | : | |

## MEMORANDUM ORDER

Pending before the Court is Counterclaim Defendants SZ DJI Technology Co., Ltd. ("SZ DJI"), DJI Europe B.V. ("DJI Europe"), and DJI Technology Inc.'s (collectively, "DJI") motion to stay pending resolution of a proceeding before the International Trade Commission ("ITC"). (D.I. 292) SZ DJI and DJI Europe filed a complaint for patent infringement against Defendants-Counterclaim Plaintiffs Autel Robotics USA LLC and Autel Aerial Technology Co., Ltd. (collectively, "Autel") on August 11, 2016. (D.I. 1) On April 30, 2018, Autel filed counterclaims alleging that DJI infringes U.S. Patent Nos. 7,979,174 ("the '174 patent") and 9,260,184 ("the '184 patent"). (D.I. 241) On August 10, 2018, Autel amended its counterclaims to add a claim for infringement of U.S. Patent No. 9,979,000 ("the '000 patent"). (D.I. 277) Autel then filed a complaint in the ITC against DJI on August 30, 2018, asserting the '174 and

1

'184 patents, as well as U.S. Patent No. 10,044,013 ("the '013 patent"), a close family member to the '000 patent. (D.I. 294 Ex. C) Proceedings in this Court with respect to the '174 and '184 patents are subject to a mandatory stay, *see* 28 U.S.C. § 1659, but the parties dispute whether the Court should also stay proceedings regarding the '000 patent.

Having considered the parties' briefing (D.I. 293, 304, 310), **IT IS HEREBY ORDERED THAT** Plaintiff's motion (D.I. 292) is **GRANTED**.

1. A district court has discretion to stay litigation under its inherent power to control its own docket. *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). In determining whether to grant a discretionary stay, a court typically considers:

> (1) whether granting the stay will simplify the issues for trial;
> (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage.

*Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, 193 F. Supp. 3d 345, 348 (D. Del. 2016). "Courts have also referenced undue prejudice or hardship to the movant as a factor to be considered in evaluating a request to stay litigation." *Mission Abstract Data L.L.C. v. Beasley Broadcast Group., Inc.*, 2011 WL 5523315, at *2 (D. Del. Nov. 14, 2011).

2. Because the '000 patent and '013 patent "share common inventors, specification, and prosecution history," a stay will simplify the issues. *Graphic Properties Holdings, Inc. v. Toshiba Am. Info., Sys., Inc.*, 2014 WL 923314, at *2 (D. Del. Mar. 5, 2014). The '000 and '013 patents are continuation applications of the same parent, claim substantially overlapping material, and are asserted against the "exact same features of DJI's products." (D.I. 293 at 6-7; *see also* '013 patent at claims 1-22; '000 patent at claims 1-12) "[C]laim construction and invalidity issues with respect to one patent will necessarily impact those same issues with respect

to the other patent." *Graphic Properties Holdings*, 2014 WL 923314, at *2. While Autel points to two factors weighing against simplification – "the ITC proceeding could be resolved on any number of non-merits grounds" and the "cross-use agreement already promotes efficiency" (D.I. 304 at 5-6) (citing *Align Tech., Inc. v. 3Shape A/S & 3Shape Inc.*, 2018 WL 4292675, at *2 (D. Del. Sept. 7, 2018)) – and these factors likely reduce the additional simplification to be achieved by a stay, they do not eliminate such likely simplification, particularly given the close relation of the '000 and the '013 patents.

3. This counterclaim litigation is still in its early stages and no trial date has been set. (*See* D.I. 273 ¶ 27) ("The parties shall meet and confer as to the setting of a trial date for the First and Second Action Patents and Counterclaim Patents no later than **October 14, 2019** (the deadline for any motions for separate trials), subject to the approval of the Court.") The Court recognizes that during the pendency of this motion claim construction briefing was completed and that a claim construction hearing is currently scheduled for April 1, two weeks from now. (D.I. 293 at 8-9; *see Graphic Properties Holdings*, 2014 WL 923314, at *3)

4. Staying this litigation will not unduly prejudice Autel, which may still recover monetary damages if (and when) infringement is found. (D.I. 310 at 7-8) Additionally, Autel elected to file its action in the ITC knowing that this would guarantee a stay for two of its three patent counterclaims; it could foresee or at least reasonably should have foreseen that this would lead to a stay of proceedings here with respect to the third, related patent as well. (*See* D.I. 293 at 5) (citing *Apple, Inc. v. High Tech Computer Corp.*, 2011 WL 13141909, at *4 n.17 (D. Del. Dec. 22, 2011)) Further, Autel does not practice the '000 patent. (*Id.*) (citing Ex. H) Therefore, even assuming Autel has stated antitrust claims on which relief could be granted (as it has not, as is explained in a separate Memorandum issued today, dismissing Autel's antitrust

counterclaims), the stay of proceedings with respect to a patent Autel does not practice will not greatly harm Autel.  DJI will not gain tactical advantage through a stay, especially because Autel must wait until after the ITC ruling to litigate its other two counterclaim patents.

5. By contrast, in the absence of a stay, DJI would be prejudiced by potentially having to relitigate issues, with the attendant possibility of inconsistent rulings and a waste of both judicial and party resources.  (D.I. 293 at 9)

6. Because a stay will simplify the issues, proceedings with respect to the counterclaim are in their early stages, and Autel will not suffer undue prejudice or tactical disadvantage, the Court will grant DJI's motion.

IT IS FURTHER ORDERED that DJI's unopposed motion to stay (D.I. 290) with respect to the '174 and '184 patents, pursuant to 28 U.S.C. § 1659, is GRANTED.

March 18, 2019  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE