UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V., | : |
| Plaintiffs, | : |
| v. | : C.A. No. No. 16-706-LPS |
| AUTEL ROBOTICS USA LLC and AUTEL AERIAL TECHNOLOGY CO., LTD., | : (Consolidated) |
| Defendants. | : |
| AUTEL ROBOTICS USA LLC and AUTEL AERIAL TECHNOLOGY CO., LTD., | : |
| Counterclaim Plaintiffs, | : |
| v. | : |
| SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V., AND DJI TECHNOLOGY INC., | : |
| Counterclaim Defendants. | : |

**STIPULATION AND [PROPOSED] THIRD AMENDED SCHEDULING ORDER**

This 15th day of April, 2019, the Court having entered an Amended Scheduling Order dated April 20, 2018 (D.I. 239), after which additional patent and antitrust claims were filed on May 23, 2018 as part of Defendants Autel Robotics USA LLC and Autel Aerial Technology Co., Ltd.'s (collectively, "Autel's" or "Defendants'") Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiffs' Complaint for Patent Infringement (D.I. 247), having entered a Second Amended Scheduling Order dated July 20, 2018 (D.I. 273), after which the Court ruled on DJI's motions to dismiss (D.I. 342, 343) and stay (D.I. 344) and for

DB1/ 103095292.3

leave to amend (D.I. 345), and having received a proposed Third Amended Scheduling Order to address the rulings on the motions, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. <u>Consolidation.</u> Subject to the proceedings and schedule set forth below, and until further order of the Court, these actions are consolidated for all purposes and all papers shall be filed in Civil Action No. 16-706-LPS.

   a. This consolidated action involves four sets of claims:

      i. Claims arising out of the patents asserted in Civil Action No. 16-706-LPS (the "First Action Patents") filed by Plaintiffs;

      ii. Claims arising out of the patents asserted in Civil Action No. 18-378-LPS (the "Second Action Patents") filed by Plaintiffs;

      iii. Claims arising out of the patents asserted in Civil Action No. 18-378-LPS as counterclaims to the Second Action Patents against Plaintiffs and DJI Technology Inc. ("DJI US") filed by Defendant/Counterclaim Plaintiff Autel Robotics USA LLC ("Counterclaim Patents"); and

      iv. Antitrust claims asserted by Defendants/Counterclaim Plaintiffs in Civil Action No. 18-378-LPS as counterclaims to the Second Action Patents against Plaintiffs and DJI US ("Antitrust Counterclaims").

   b. DJI US is a party to this consolidated action, and bound by this Order, only with respect to the Counterclaim Patents and Antitrust Counterclaims.

2. <u>The First Action Patents.</u> This Third Amended Scheduling Order does not change existing fact discovery deadlines with respect to U.S. Patent Patents Nos. 9,016,617 ("the '617 Patent"); 9,321,530 ("the '530 Patent"); and D691,514 ("the D'514 Patent"), unless otherwise noted.

3. <u>The Second Action Patents</u>. All claims arising out of the Second Action Patents have been dismissed. (D.I. 289).

4. <u>Counterclaim Patents</u>. All claims arising out of the Counterclaim Patents are stayed pending resolution of the parallel ITC proceeding. (D.I. 344). The Answer to the claims involving the Counterclaim Patents will be filed within 14 days after the stay is lifted. The parties will determine a separate schedule for the Counterclaim Patents after the stay is lifted.

5. <u>Antitrust Counterclaims.</u> The antitrust claims have been dismissed (D.I. 342, 343). The parties have met and conferred, and Autel has informed DJI that it does not intend to seek re-hearing or interlocutory appeal of the court's order (D.I. 343), including entry of judgment under Rule 54(b) of the Federal Rules of Civil Procedure, at this time. Autel, however, does not waive and indeed expressly reserves its rights to seek leave to amend its antitrust claims or file new or additional antitrust claims in light of new or additional information or analysis.

6. <u>Supplemental Rule 26(a)(1) Initial Disclosures and Paragraph 3 Disclosures.</u> The parties have advised the Court that these disclosures on the First Action Patents have been made as per the Second Amended Scheduling Order (D.I. 273). Unless otherwise agreed to by the parties, the parties shall make any supplemental initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) for U.S. Patent No. 9,284,049 ("the '049 Patent") on or before **April 12, 2019**. Unless otherwise agreed or ordered by the Court, the parties' supplemental disclosures

pursuant to Paragraph 3 of the Default Standard for the '049 Patent shall be made on or before **April 12, 2019**.

7. <u>Papers Filed Under Seal.</u> In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

8. <u>Courtesy Copies.</u> Other than with respect to "discovery matters," which are governed by paragraph 9(g), and the final pretrial order, which is governed by paragraph 22, the parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

9. <u>ADR Process.</u> This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

10. <u>Disclosures.</u> Absent agreement among the parties, and approval of the Court:

    a. The parties have advised the Court that the disclosures required under Paragraph 8(a) of the Amended Scheduling Order (D.I. 239) (file history for asserted patents, accused products, and damages model) have been made by the Plaintiffs with respect to the First Action Patents.

    b. The parties have advised the Court that the disclosures required under Paragraph 8(c) of the Amended Scheduling Order (D.I. 239) (initial claim chart) have been made by the Plaintiffs with respect to the '049 Patent.

    c. By **May 31, 2019**, Defendants shall produce their initial invalidity contentions as to the '049 Patent for each asserted claim, as well, as the known invalidating references.

    d. By **May 31, 2019**, Defendants shall, in connection with the '049 patent, supplement their production of core technical documents related to the EVO product, sufficient to show how it works, including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendants shall also produce sales figures for all accused product(s) in connection with the First Action Patents.

    e. By **September 27, 2019**, Plaintiffs shall provide final infringement contentions as to the '049 Patent.

    f. By **October 11, 2019**, Defendants shall provide final invalidity contentions as to the '049 Patent.

11. <u>Discovery</u>. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

a. <u>Consolidated Discovery</u>. Any discovery obtained in connection with the First Action Patents, the Second Action Patents, and the Counterclaim Patents may, if relevant and admissible, be used in connection with the '049 Patent.

b. <u>Discovery Cut Off</u>. All fact discovery in this action as to the '049 Patent shall be initiated so that it will be completed on or before **August 23, 2019**. All expert discovery in this case as to the First Action Patents shall be completed on or before **January 24, 2020**.

c. <u>Requests for Admission.</u> For the '049 Patent, a maximum of **10** requests for admission are permitted for each side, excluding a reasonable number of authentication requests for admission.

d. <u>Interrogatories</u>.

   i. For the '049 Patent, a maximum of **8** interrogatories, including contention interrogatories, are permitted for each side.

   ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

e. <u>Depositions</u>.

   i. <u>Limitation on Hours for Deposition Discovery.</u> For the '049 Patent, each side is limited to a total of **twenty (20) hours** of taking testimony by deposition upon oral examination (regardless of whether the testimony is

interpreted), excluding expert and third party depositions. Each side is limited to a total of **twenty five (25) hours** of taking testimony by deposition upon oral examination of third parties. Unless otherwise agreed to by the parties, the 7-hour limit applies to all depositions.

    ii. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

Notwithstanding the foregoing, for witnesses of any party who reside in China, depositions shall ordinarily take place in Hong Kong. For witnesses of any party who reside within the United States, depositions shall ordinarily take place in the state where the witness resides.

f. Disclosure of Expert Testimony.

    i. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony as to any supplemental disclosure as to the First Action Patents (as provided for in the Second Amended Scheduling Order (D.I. 273) or the Court's March 18, 2019 Oral Order (D.I. 345)) is due on or before **November 15, 2019**. The supplemental disclosure to contradict or rebut

        evidence on the same matter identified by another party as to the First Action Patents (as provided for in the Second Amended Scheduling Order (D.I. 273) or the Court's March 18, 2019 Oral Order (D.I. 345)) is due on or before **December 6, 2019**. Reply expert reports from the party with the initial burden of proof with respect to any supplemental disclosure as to the First Action Patents are due on or before **December 20, 2019**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

    ii. <u>Expert Report Supplementation.</u> The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions) with respect to the First Action Patents.

    iii. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

g. <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

    i. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

    ii. Should counsel find, after good faith efforts – including *verbal* communications among Delaware and Lead Counsel for all parties to the dispute – that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following Form:

> Dear Judge Stark:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s): _____
>
> Delaware Counsel: _____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

    iii. On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the

        conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

    iv. Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

    v. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

h. Electronic Service.

    i. Pursuant to Federal Rule of Civil Procedure 5(b)(2)(e), the parties agree to accept service by electronic means.

12. Motions to Amend.

    a. Any motion to amend (including a motion for leave to amend) a pleading shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

    b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

    c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

13. <u>Motions to Strike</u>.

    a. Any motion to strike any pleading or other document shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

    b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

    c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

14. <u>Claim Construction Issue Identification</u>. On **April 12, 2019**, the parties shall exchange a list of those claim term(s)/phrase(s) for the '049 Patent that they believe need construction. On **April 26, 2019**, the parties shall exchange their proposed claim constructions for those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart for the '049 Patent to be submitted on **May 10, 2019**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the

patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

15. <u>Claim Construction Briefing</u>. The parties shall contemporaneously submit initial briefs on claim construction issues for the '049 Patent and the issues related to the '617 Patent, '530 Patent, and 'D'514 Patent that the parties agreed to defer pursuant to the Joint Stipulation dated July 5, 2017 (D.I. 127)[1] on **June 14, 2019**. The parties' answering/responsive briefs shall be contemporaneously submitted on **July 12, 2019**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Each of the parties' initial (opening) and responsive (answering) briefs shall be limited to 30 pages.

16. <u>Hearing on Claim Construction</u>. Beginning at 9:00 a.m. on ~~July 26,~~ **Sept. 3,** 2019 ~~(or a date convenient for the Court)~~, the Court will hear argument on claim construction for the '049 Patent. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing. Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

---

[1] The parties disagree whether to include the issues deferred in their Joint Stipulation dated July 5, 2017 (D.I. 127) in this claim construction process on the '049 Patent. Autel believes it would be more efficient for the parties and the Court to address those issues now. DJI believes the claim construction proceedings should be limited to the '049 Patent and that the deferred issues for the other First Action Patents can continue to be addressed during summary judgment and/or jury instructions as previously agreed.

17. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion for the First Action patents shall be served and filed on or before **February 14, 2020**. Briefing will be presented pursuant to the Court's Local Rules, as modified by this Order.

18. <u>No early motions without leave</u>. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

19. <u>Page limits combined with *Daubert* motion page limits</u>. Each party is permitted to file as many case dispositive motions as desired; provided, however, that each *SIDE* will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each *SIDE*.[2]

20. <u>Hearing</u>. The hearing previously set by the Court for case dispositive and *Daubert* motions on January 7, 2020 as per the Second Amended Scheduling Order (D.I. 273) is, hereby, adjourned. The Court will hear argument on all pending case dispositive and *Daubert* motions for the First Action patents on ~~March 27~~ **April 7, 2020 (or at a date convenient for the Court),** beginning at **3:00 p.m.** Subject to further order of the Court, each side will be allocated a total of forty-five (45) minutes to present its argument on all pending motions.

---

[2] The parties must work together to ensure that the Court receives no more than a total of 250 pages (*i.e.*, 50+ 50+25 regarding one side's motions, and 50+ 50+25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

21. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

22. <u>Pretrial Conference.</u> On **Aug. 28,** ~~May 22,~~ 2020 ~~(or a date convenient to the Court)~~, the Court will hold a pretrial conference in Court with counsel beginning at **9:00 a**.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order - Patent, which can be found on the Court's website (www.ded.uscourts.gov), at least ten (10) business days before the scheduled Pretrial Conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

As noted in the Revised Final Pretrial Order — Patent, the parties shall include in their joint proposed final pretrial order, among other things:

   a. <u>a request for a specific number of *hours* for their trial presentations</u>, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which there is not jury selection, jury instruction, or deliberations), there will be 5 1/2 to 6 1/2 hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

    b. <u>their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony</u>, including objections based on lack of completeness and/or lack of inconsistency;

    c. <u>their position as to whether the Court should rule at trial on objections to expert testimony</u> as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

    d. <u>their position as to how to make motions for judgment as a matter of law</u>, whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

23.     <u>Motions in Limine.</u> Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the side making the in limine request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered

by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

24. Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in WordPerfect or Microsoft Word format, which may be submitted by e-mail to Judge Stark's staff.

25. Trial. This matter is scheduled for a seven (7)-day jury trial beginning at 9:30 a.m. on ~~June 8,~~ Sept. 14, 2020 **(or a date convenient for the Court)**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

26. Judgment on Verdict and Post-Trial Status Report. Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

27. Post-Trial Motions. Unless otherwise ordered by the Court, all *SIDES* are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

Dated: March 29, 2019

| | |
|---|---|
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | MORGAN, LEWIS & BOCKIUS LLP |
| /s/ Samantha G. Wilson<br>Anne Shea Gaza (#4093)<br>Robert M. Vrana (#5666)<br>Samantha G. Wilson (#5816)<br>Rodney Square<br>1000 N. King Street Wilmington, DE 19801<br>302.571.6600<br>agaza@ycst.com<br>rvrana@ycst.com<br>swilson@ycst.com<br><br>*Attorneys for Defendants and Counterclaim Plaintiffs Autel Robotics USA LLC and Autel Aerial Technology Co., Ltd. (n/k/a Autel Robotics Co., Ltd.)* | /s/ Amy M. Dudash<br>Jody C. Barillare (#5107)<br>Amy M. Dudash (#5741)<br>1007 Orange Street, Suite 501<br>Wilmington, Delaware 19801<br>302.574.3000<br>jody.barillare@morganlewis.com<br>amy.dudash@morganlewis.com<br><br>*Attorneys for Plaintiffs and Counterclaim Defendants SZ DJI Technology Co. Ltd. and DJI Europe B.V., and Counterclaim Defendant DJI Technology, Inc.* |

IT IS SO ORDERED this 15th day of April, 2019.

_____
CHIEF UNITED STATES DISTRICT JUDGE