IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V., <br><br> Plaintiffs, <br><br> v. <br><br> AUTEL ROBOTICS USA LLC and AUTEL AERIAL TECHNOLOGY CO., LTD., <br><br> Defendants. | C.A. No. 16-706-LPS <br> (Consolidated) |
| AUTEL ROBOTICS USA LLC and AUTEL AERIAL TECHNOLOGY CO., LTD., <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V., and DJI TECHNOLOGY, INC., <br><br> Counterclaim Defendants. | |

**<u>MEMORANDUM ORDER</u>**

WHEREAS, on February 18, 2020, Plaintiffs SZ DJI Technology Co., Ltd. and DJI Europe B.V. (together, "DJI") moved for summary judgment that the X-Star and X-Star Premium products (together, the "X-Star products") of Defendants Autel Robotics USA LLC and Autel Aerial Technology Co., Ltd. (together, "Autel") infringe certain claims of U.S. Patent No. 9,284,049 ("the '049 patent") (*see* D.I. 441);

WHEREAS, on April 17, 2020, the Court denied DJI's motion, in part because the

parties' arguments implicated additional issues regarding claim construction (*see generally* D.I. 515, 517);

WHEREAS, on May 12, 2021, the Court issued a supplemental claim construction opinion and corresponding order (D.I. 555, 556);

WHEREAS, following supplemental claim construction, the parties agreed on a schedule for additional summary judgment briefing related to the X-Star products (D.I. 559), which the Court adopted (D.I. 560);

WHEREAS, DJI subsequently renewed its motion for summary judgment that the X-Star products infringe claims 1-13, 15-24, and 26-30 of the '049 patent (D.I. 561);

WHEREAS, the Court has carefully considered the briefing as well as related materials (D.I. 562, 563, 566, 567, 568, 571);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that DJI's renewed motion for summary judgment of infringement (D.I. 561) is **DENIED**.

1. Under Federal Rule of Civil Procedure 56(a), the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 n.10 (1986). An assertion that a fact cannot be genuinely disputed (or, alternatively, is genuinely disputed) must be supported by citing "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The Court must draw all reasonable inferences in the nonmoving party's favor, and it may not make credibility determinations or weigh the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

    2.  To defeat a motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) ("To survive summary judgment, a party must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue.") (internal quotation marks omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." *Anderson*, 477 U.S. at 247-48 (emphasis omitted). A factual dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating that summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). Thus, the "mere existence of a scintilla of evidence" supporting the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be "evidence on which the jury could reasonably find" for the nonmoving party. *Anderson*, 477 U.S. at 252.

3.  The Court's denial of DJI's initial motion for summary judgment of infringement was based on the following reasoning:

> On the '049 patent, the Court, again, concludes that questions of material fact preclude summary judgment. For example, with respect to the central body limitation, the Court agrees with Autel that based on Dr. Barrett's opinion that the X-Star products are made of a contiguous shape without a clearly defined central body and branch housing members, that a reasonable jury could find that the X-Star products do not meet the limitations of claims 1 and 16.
>
> That Dr. Janét and Dr. [Barrett] disagree about whether the structure of the X-Star products meet the central body limitation reveals a genuine dispute of material fact that will need to be resolved by a jury weighing the competing evidence.

(D.I. 517 at 7-8)

4.  During supplemental claim construction, the Court clarified the relationship between the claimed central body and the branch housing members: "[e]xcept where the claim otherwise makes clear, the body or central body and one or more branch housing members may form one piece." (D.I. 555 at 7) That construction precludes Autel from arguing that the central body and the branch housing members must be physically separable, but it does not preclude Autel from arguing that the X-Star products do not have a central body. (*See* D.I. 566 at 8) ("In other words, the central dispute is not *where* the X-Star's 'central body' is, but *what* its 'central body' is.")

5.  Having reviewed the Court's supplemental claim construction order, Autel's technical expert, Dr. Barrett, maintains his opinion that "the X-Star products do not infringe any claim of the '049 patent." (D.I. 567 ¶ 7) In Dr. Barrett's view, the "central body" limitation is "absent in the X-Star products because the X-Star products have a clam-shell design," which does not have "a clearly defined central body." (*Id.* ¶ 8) To be sure, DJI and its technical

expert, Dr. Janét, disagree with this opinion. (*See, e.g.*, D.I. 562 at 11-12) A reasonable juror could agree with either of the competing experts. As the Court previously stated, "[t]hat Dr. Janét and Dr. [Barrett] disagree about whether the structure of the X-Star products meet the central body limitation reveals a genuine dispute of material fact that will need to be resolved by a jury weighing the competing evidence." Accordingly, DJI's renewed motion for summary judgment of infringement (D.I. 561) is denied.[1]

**IT IS FURTHER ORDERED** that, no later than **August 6**, each party shall file redacted versions of any briefs or supporting materials for which they have not yet filed redacted versions, including DJI's opening and reply briefs for its renewed motion for summary judgment. (*See* D.I. 562, 563, 571)

August 3, 2021
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court denies summary judgment of infringement based on the "central body" limitation, the Court need not address the "flight control module" limitation.