# Morgan Lewis

**Amy M. Dudash**
+1.302.574.7293
amy.dudash@morganlewis.com

August 6, 2021

**VIA CM/ECF**

Honorable Chief Judge Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26, Room 6124
Wilmington, DE 19801-3555

**Re: SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V. (collectively, "DJI") v. AUTEL ROBOTICS USA LLC, and AUTEL AERIAL TECHNOLOGY CO., LTD. (collectively, "Autel"), C.A. No. 16-706 (Consolidated)**

Dear Judge Stark:

In view of Your Honor's ruling precluding Lexie Ma from testifying as a substitute for Michael Perry (D.I. 600 at 4-5), DJI respectfully seeks leave from the Court to have Yin Cheung—a current DJI employee who was involved with the prosecution of the patent applications resulting in the utility patents-in-suit—added to DJI's list as a potential live witness. Given trial will be starting in just over a week from today, DJI respectfully requests that Your Honor address the instant request on an expedited basis.

Ms. Cheung was not identified on DJI's original witness list because DJI intended to have Ms. Ma appear live at the trial to introduce the company. Unlike Ms. Ma, however, Ms. Cheung was disclosed on DJI's original initial disclosures served on February 24, 2017. *See* DJI's Initial Disclosures, Ex. A, at 3. As such, Autel has been on notice of Ms. Cheung as a potential trial witness in this case for over four years. DJI requested Autel's consent to the addition of Ms. Cheung as a witness, but Autel would not consent and opposes Ms. Cheung testifying at trial on any subject.

DJI respectfully seeks the Court's leave to allow Ms. Cheung to testify at trial so that DJI may open its case-in-chief with the in-person appearance of a current DJI employee in Phase 1. Unfortunately, the other witnesses on DJI's current witness list are not available to appear live at trial in Delaware because they have either left the company or are based in China and are subject to travel restrictions due to the COVID-19 pandemic.[1]

---

[1] DJI is attempting to secure the availability of one of its witnesses, Philip Wang, who is currently in Shenzhen, China. Due to the resurgent pandemic in China, Mr. Wang cannot travel to the United States. Mr. Wang is currently attempting to secure a visa that would allow him to travel to Macau, a location from which Mr. Wang would be able to appear

Honorable Leonard P. Stark
August 6, 2021
Page 2

Indeed, Autel has long been on notice that Ms. Cheung may at least introduce the patents at trial because she was disclosed back in 2017 as knowledgeable about the "[p]rosecution of the application for U.S. Patent No. 9,016,617," Ex. A at 3, one of the utility patents in suit. The other two utility patents-in-suit resulted from subsequent continuation applications of this same application. Autel has no good-faith basis to object to her providing at least this patent-related testimony.

Apart from introducing the patents, DJI intends to have Ms. Cheung testify to provide a high-level introduction to DJI to provide context for the jury. DJI submits that Ms. Cheung should be allowed to provide general background about DJI, and to discuss matters that are generally familiar to DJI employees, such as identifying DJI's products and competing products, including those of Autel. Ms. Cheung was identified to Autel as an employee of DJI in 2017 and there should be no surprise about her testifying on matters of general knowledge to any DJI employee. And these general matters are not subject to any reasonable dispute. Indeed, in its prior counterclaim allegations, Autel admitted that DJI and Autel compete in the U.S. market and acknowledged DJI's significant share of the market for UAVs. *See, e.g.*, D.I. 277 ¶ 61 ("DJI and Autel compete in the U.S. market for 'prosumer' drones. 'Prosumer' drones, known more formally as unmanned aerial vehicles (or 'UAVs') . . . DJI has a dominant share of the 'prosumer' market, roughly 70%.").

In addition, DJI submits that Ms. Cheung should be allowed to authenticate a limited number of published articles that were timely disclosed on its trial exhibit list. Since these articles are on DJI's trial exhibit list, there is no unfair surprise or prejudice to Autel. As with general background about DJI, an employee witness should be permitted to authenticate publicly available press coverage regarding the company, Autel's competing products, or the drone industry.

The only other matters that DJI presently anticipates Ms. Cheung needing to testify about would be to respond to and to rebut any evidence Autel presents regarding foreign proceedings in Phase 2. DJI only anticipates needing to call Ms. Cheung on these issues if Philip Wang is unable to travel to Macau during Phase 2 to testify via video. *See* footnote 1, *supra*.

Autel will not be prejudiced by DJI calling a witness who was disclosed over four years ago to introduce the company at trial. Autel had more than ample opportunity to depose Ms. Cheung to confirm what she knows about the patents and about her employer, and there is no dispute that Ms. Cheung was disclosed as having knowledge regarding the application that provides the foundation for three of the patents-in-suit.

Autel's assertion that Ms. Cheung should be barred from testifying because there is a risk that her testimony may overlap with the subject matter of 30(b)(6) deposition topics addressed by other witnesses is unfounded. DJI does not expect Ms. Cheung to contradict any prior 30(b)(6) testimony. The fact that DJI provided a knowledgeable 30(b)(6) witness

---

remotely as a witness during the trial. If he is ultimately permitted to travel to Macau, DJI will propose that Mr. Wang appear by deposition during Phase 1 and then, if necessary, as a live rebuttal witness testifying from Macau during Phase 2.

does not preclude another witness from testifying on the subject matter of the 30(b)(6) topics especially where the additional testimony may be directed to matters that Autel did not explore during its prior deposition. In any event, the limited nature of Ms. Cheung testimony as described above confirms that there is no reason to bar her from appearing at trial.

In sum, DJI respectfully asks the Court's leave to allow Ms. Cheung to testify. DJI appreciates the Court's consideration of this request on an expedited basis and counsel is available should the Court have any questions.

Respectfully submitted,

*/s/ Amy M. Dudash*

Amy M. Dudash (DE Bar No. 5741)

cc: All Counsel of Record (via CM/ECF)