

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

**Anne Shea Gaza**
P 302.571.6727
agaza@ycst.com

August 8, 2021

<u>**VIA CM/ECF**</u>

The Honorable Leonard P. Stark
United States District Court
   for the District of Delaware
844 North King Street
Wilmington, DE 19801

        Re:   <u>*SZ DJI Technology Co., Ltd., et al. v. Autel Robotics USA LLC, et al.*,
            C.A. No. 16-706-LPS</u>

Dear Judge Stark:

      Autel writes pursuant to the Court's directives at the August 4, 2021 Pre-trial Conference and respectfully requests that the Court issue an Order directing DJI to further narrow the number of asserted claims for trial from **<u>twenty-seven (27)</u>** to no more than three (3) per utility patent and the one (1) DJI has asserted for the design patent. *See* Ex. A (Aug. 4 Hr. Tr. at 49:10-50:1).

      DJI currently asserts infringement of 27 patent claims across the three utility patents and one design patent. Ex. B (excerpted e-mail chain) (8/6/21 e-mails). There is no reasonable chance the parties can address that number of claims with the jury in the time allocated for trial. Instead, further pretrial narrowing will allow the parties and the Court to focus on a more limited subset of claims, which DJI likely already knows it intends to put before the jury. It will also limit the gamesmanship associated with eleventh-hour surprise narrowing by DJI and the waste of resources by the parties and the Court in preparing to address invalidity and non-infringement arguments on an unwieldy number of claims.

      DJI's apparent refusal to reduce its asserted claims to a reasonable number has prejudiced and continues to prejudice Autel. Just two weeks before trial, despite repeatedly requesting claim narrowing from DJI (Exs. C-D, excerpted e-mail chains, 7/15/21 & 7/26 emails), Autel was forced to expend significant resources and time preparing for trial on fifty-nine (59) claims. Then on August 1, mere hours before the parties' joint proposed pretrial order and jury documents were filed, DJI finally reduced the number of asserted claims, but only to thirty-six (36) – still a highly improbable number of claims to be tried in one week on a phased schedule. (Ex. B (8/1/21 9:31 PST e-mail).) On August 6, DJI further reduced the number of asserted

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Leonard P. Stark
August 8, 2021
Page 2

claims to 27 (*id.*)[1] – a number that is still essentially impossible to try in the 12-hour time limit per side for all phases of the trial.

While DJI argued at the Pre-trial Conference that most of the remaining claims are dependent claims, that does not change the fact that both parties must present evidence for each and every element of each asserted claim for each accused product, and also for any product that DJI still contends is a commercial embodiment on which it intends to rely.

It is not uncommon for courts in this District to order that a plaintiff reduce the number of claims to be presented at trial.  *See, e.g., Personalized User Model LLP v. Google, Inc.,* C. A. No. 09-525-LPS, Mem. Order, D.I. 606 (D. Del. Feb. 27, 2014) & Oral Order, D.I. 630 (D. Del. Mar. 7, 2014) (advising after pre-trial conference that "substantial further narrowing of the issues and focus is required in order for both sides to receive a fair trial and for the jury to evaluate the evidence and render a verdict," D.I. 606 at 11, and requiring, *inter alia*, final election of asserted claims (D.I. 630), after which plaintiff narrowed from eleven to six claims across two patents (D.I. 683; *see also* D.I. 602, Ex. 2 (pre-trial order identifying eleven claims)) (Exs. E-H); *Reckitt Benckiser Pharm. Inc. v. Watson Laboratories Inc.*, C.A. No. 13-1674-RGA, Order (D. Del. Sept. 9, 2015) (ordering reduction across three patents from thirty to fifteen claims for bench trial) (Ex. I); *NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, C.A. No. 19-1031-RGA-SRF, Oral Order (D. Del. Nov. 13, 2019) (ordering phased narrowing in nine-patent case, including reduction of asserted claims to ten before filing of pre-trial order) (Ex. J).  Autel respectfully requests relief consistent with those prior rulings, and specifically that the Court limit the number of asserted claims to <u>three (3) per utility patent</u>, plus the sole claim of the design patent, for a <u>total of ten (10) claims by no later than Tuesday, August 10</u>.

If the Court is not inclined to limit DJI to the number of claims it can present at trial, and to the extent that DJI further reduces the number of claims after August 8 (*i.e.*, at the eve of trial) further prejudicing Autel – who diligently prepared for trial on all fifty-nine claims up until August 1, and is now preparing on twenty-seven claims – Autel reserves the right to move for fees and costs proportional to the reduction.

Should Your Honor have any questions or concerns regarding the foregoing, counsel are available at the Court's convenience.

                                                                  Respectfully submitted,

                                                                  */s/ Anne Shea Gaza*

                                                                  Anne Shea Gaza (No. 4093)

---

[1] Claims 16, 17, 20, 21, 22, 27, and 28 of the '530 utility patent; Claims 1, 2, 3, 6, 7, 8, 9, and 11 of the '617 utility patent; Claims 1, 5, 8, 13, 15; 16, 18, 21, 23, 27, 30 of the '049 utility patent; and the sole Claim 1 of the D'514 design patent.

Young Conaway Stargatt & Taylor, LLP
The Honorable Leonard P. Stark
August 8, 2021
Page 3

Enclosures (Ex. A – Ex. J)

cc: All Counsel of Record (via email)