# Morgan Lewis

**Amy M. Dudash**
+1.302.574.7293
amy.dudash@morganlewis.com

August 9, 2021

VIA CM/ECF

Honorable Chief Judge Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26, Room 6124
Wilmington, DE  19801-3555

**Re: SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V. (collectively, "DJI") v. AUTEL ROBOTICS USA LLC, and AUTEL AERIAL TECHNOLOGY CO., LTD. (collectively, "Autel"), C.A. No. 16-706 (Consolidated).**

Dear Judge Stark:

DJI opposes Autel's request to drastically limit the number of asserted utility patent claims to three claims per patent. This request is unreasonable and unwarranted. DJI has already streamlined its infringement case—reducing the number of asserted claims by more than half, from 57 to 27. DJI's asserted claims for trial include just four (4) independent claims across three utility patents, as well as a single claim of a design patent. The three utility patents share a single common specification. For each asserted independent claim of the utility patents, DJI asserts only a limited number of dependent claims (*i.e.*, between four to seven). Each of these asserted dependent claims is short and focused, reciting specific features which are readily identifiable in the accused products.

Contrary to Autel's suggestion that DJI plans to withdraw more claims closer to trial, DJI intends to present at trial the full set of currently asserted claims. Autel's assertion that it is "essentially impossible" for DJI to cover all 27 of the presently asserted claims at trial is unfounded. Autel ignores that all but four of the asserted claims are dependent claims that recite very specific features of the claimed inventions. Moreover, the vast majority of the dependent claim features are not disputed. With respect to Autel's X-Star products, Autel's technical expert, Dr. Barrett, does not raise any non-infringement arguments for any of the twenty-three (23) dependent claims asserted across the three utility patents. In other words, the parties' infringement dispute for the X-Star products is limited to just the four (4) independent claims and the single design patent claim. For the accused EVO products, the parties' infringement disputes are limited to only one independent claim (claim 16 of the '049 patent) and the five asserted dependent claims. Given the limited number of infringement disputes, there is no reason the parties cannot present their positions in the time allotted.

**Morgan, Lewis & Bockius LLP**

1201 N. Market Street, Suite 2201
Wilmington, DE  19801
United States
T +1.302.574.3000
F +1.302.574.3001

Indeed, Your Honor has already indicated that the issues to be presented to the Jury can be sufficiently addressed in the allotted time.  Pre-trial Conf. Tr. at 50:2-5 (Judge Stark: "I will say as a general matter, I do think I gave you enough time. If the plaintiffs -- you know, the plaintiff has a burden on infringement, defendant has a burden on invalidity.").  As Your Honor also noted, DJI has its own burden to prove its case and is subject to the same time limitations as Autel.  *Id.*  DJI believes it can adequately cover each of these claims within the time it has been allotted at trial.

Autel's counsel revealed during the pre-trial conference that Autel's true concern is the difficulty of its challenge on the merits to the validity of many of the asserted claims.  Pre-trial Conf. Tr. at 47:24-48:2 (Mr. Yang: "But where that makes things complicated for defendants is the infringement analysis may not be affected that much by the dependent claims, but when it comes to invalidity, it does make things complicated for defendants.").  That it would be "complicated" to show invalidity of the asserted claims is not a ground to have them stricken from the case on the eve of trial based on an arbitrary limit on the number of claims that may be asserted.  Unable to address the claims on the merits, Autel effectively seeks summary judgment in its favor via exclusion of eighteen (18) dependent claims from trial.  Reducing the number of asserted claims as Autel requests would undermine Plaintiff's right to present its infringement case to a jury, raising serious due process concerns.

A reduction in claims is neither required nor appropriate in view of Autel's cited cases.  All three cases included a much broader scope of issues to be addressed during trial.  In *Personalized User Model LLP v. Google, Inc.*, No. 1:09-cv-00525-LPS, in addition to the claims of patent infringement, this Court was faced with Google's counter-claim breach of contract claims related to the named inventor of the asserted patents, and Google sought to be named co-inventor of the asserted patents.  *Id.*, Dkt. No. 602 at 2-3 (Pre-trial Order) (Feb. 27, 2014).  There is also no indication that the referenced "narrowing of the issues" even related to a need to reduce the number of asserted claims as Autel argues.  *Id.*, Dkt. No. 606 (D. Del. Feb. 27, 2014).  Additionally, *Reckitt Benckiser Pharm. Inc. v. Watson Laboratories Inc.*, C.A. No. 13-1674-RGA, included three unrelated patents having three different specifications.  Similarly, in *NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, C.A. No. 19-1031-RGA-SRF, the plaintiff asserted nine different patents across three patent families.  Unlike *Reckitt* and *NexStep*, which each included three distinct patent specifications to be addressed during trial and presumably raised a multitude of unrelated infringement issues, here the three utility patents at issue share a single specification.  As explained above, the issues presented in this case do not require any further narrowing of DJI's asserted claims.

Respectfully submitted,

*/s/ Amy M. Dudash*

Amy M. Dudash (DE Bar No. 5741)

cc:  All Counsel of Record (via CM/ECF)