# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD. AND DJI EUROPE B.V.,<br><br>    Plaintiffs,<br><br>  v.<br><br>AUTEL ROBOTICS USA LLC AND AUTEL AERIAL TECHNOLOGY CO., LTD.,<br><br>    Defendants.<br><br>AUTEL ROBOTICS USA LLC AND AUTEL AERIAL TECHNOLOGY CO., LTD.,<br><br>    Counterclaim Plaintiffs,<br><br>  v.<br><br>SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V., AND DJI TECHNOLOGY INC.,<br><br>    Counterclaim Defendants. | C.A. No. 16-706-LPS<br>**(CONSOLIDATED)** |

**Letter to Honorable Leonard P. Stark from Amy M. Dudash Regarding**
<u>**Request for Leave to Allow Yin Cheung to Testify at Trial**</u>

Dear Judge Stark:

Autel admits Yin Cheung was disclosed over four years ago as having knowledge regarding "[p]rosecution of the application for U.S. Patent No. 9,016,617," one of the utility patents-in-suit. But Autel now claims it would be prejudicial to allow her to testify regarding this very subject and the other two utility patents-in-suit that issued as continuations based on this same application. Given Autel was indisputably on notice of Ms. Cheung's knowledge regarding the utility patents-in-suit years before trial, there is no credible basis for Autel's objection to Mr. Cheung appearing at trial or introducing these patents to the jury.

There is likewise no basis for Autel's objection to permitting Ms. Cheung, a timely disclosed DJI employee, to introduce her employer to the jury. It can be no surprise—let alone an unfairly prejudicial one—that a long-standing employee like Ms. Cheung has knowledge that will allow her to provide a high-level introduction of DJI, the products it sells, and those it competes with in the marketplace.

Autel cannot credibly claim unfair surprise due to Ms. Cheung authenticating articles that Autel admits it is aware of and that were timely listed on DJI's trial exhibit list. A witness does not need to have been specifically identified in initial disclosures simply to authenticate published articles concerning the parties and the marketplace. Autel's desire to keep these articles out of evidence does not provide a basis for barring her appearance at trial.

Autel's complaints regarding Ms. Cheung testifying regarding foreign proceedings are unfounded. Indeed, Autel should not be allowed to leverage the on-going COVID-19 pandemic and witness travel issues to hamstring DJI's efforts to present its case. Ms. Cheung will need to testify about the foreign proceedings only if Philip Wang (a former DJI employee who Autel already deposed in this case) is unable to secure a visa and testify in Macau.[1] Autel ignores that there has been a recent COVID outbreak in Macau, and the ferry services between Shenzhen and Macau have reportedly been suspended. Mr. Wang has applied for and is awaiting a visa to travel to Macau. If he obtains the visa, this will obviate the need for Ms. Cheung's testimony on this topic.

Finally, Autel's conclusory claim that the *Pennypack* factors "weigh heavily against allowing Ms. Cheung to testify" is without merit. The *Pennypack* factors demonstrate that this critical testimony should not be excluded. DJI promptly sought leave of Court to permit Ms. Cheung to testify after the Court's motion *in limine* ruling and in response to witness travel issues, a far cry from a willful violation of a court order or bad faith. Autel cannot credibly claim surprise for the reasons set forth above. Ms. Cheung's testimony is essential to introduce DJI to the jury and exclusion would severely prejudice DJI's trial presentation.

---

[1] Autel claims Mr. Wang should be wholescale precluded from testifying even though he was DJI's 30(b)(6) designee on numerous topics. Because Mr. Wang was deposed as a 30(b)(6) witness, Autel is well-aware of his scope of knowledge. And, there is no bar to a corporate designee providing trial testimony in his individual capacity. Accordingly, Autel's belated, disguised motion *in limine* with respect to Mr. Wang should be rejected.

Respectfully submitted,

*/s/ Amy M. Dudash*

Amy M. Dudash (DE Bar No. 5741)

cc: All Counsel of Record (via CM/ECF)