

YOUNG CONAWAY
STARGATT & TAYLOR, LLP
*Attorneys at Law*

WILMINGTON
RODNEY SQUARE

**Anne Shea Gaza**
P 302.571.6727
agaza@ycst.com

August 10, 2021

**VIA CM/ECF**
The Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:  *SZ DJI Technology Co., Ltd., et al. v. Autel Robotics USA LLC, et al.*, C.A. No. 16-706-LPS

Dear Judge Stark:

Autel writes in response to DJI's August 9, 2021 letter opposing Autel's request to limit the number of claims to be presented to the jury at trial.  DJI's grouping of claims into independent and dependent claims does not change the fact that there remain **twenty-seven (27)** claims to be tried.

DJI has suggested that because DJI is prepared to move forward on all 27 claims, no narrowing is required.  That, however, is not sufficient in light of the prior rulings in this District. DJI attempts to improperly distinguish Autel's cases by arguing that each case included a "much broader scope of issues." While DJI's statement purports to apply to all three cases, DJI only explains this alleged "broader scope" with respect to *Personalized User*. Yet, the Court accounted for this alleged "broader scope." Specifically, in *Personalized User*, the parties' time was further limited to seventeen (17) hours per side – 5 more than in this case, (D.I. 607, Ex. E at 11) setting the trial for a maximum 10 days (Ex. A (*Personalized User* PTO) ¶ 55).  Following that Order, plaintiff limited the number of asserted claims to be tried to the jury to six claims across two patents. *See* discussion at D.I. 607, page 2.

DJI also attempts to distinguish *Reckitt* where the number of claims was reduced in half – from thirty to fifteen. Yet, contrary to DJI's assertion that the limitation was driven by the patent specification, the Court stated: "Plaintiffs assert thirty claims. Plaintiffs assert too many claims. Plaintiffs are ORDERED to reduce the number of asserted claims to fifteen (15) by one week from today." DJI also relies on the separate specification argument against *NextStep,* where the number of claims was limited to ten total across nine patents for a 5 day trial. *See* Exhibit B (*NextStep* Scheduling Order ¶ 19 (entered soon after 11/13/19 narrowing order)). DJI casts doubt on its implausible argument stating that these cases "***presumably*** raised a multitude of unrelated infringement issues."  But DJI does not cite even one example from the multitude of issues, nor does it explain why this case is different.

Autel respectfully requests that its request to narrow the number of claims for trial to three per utility patent, and one for the design patent be granted.

Should Your Honor have any questions or concerns regarding the foregoing, counsel are available at the Court's convenience.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Leonard P. Stark
August 10, 2021
Page 2

                                        Respectfully submitted,

                                        */s/ Anne Shea Gaza*

                                        Anne Shea Gaza (No. 4093)

Enclosures (Ex. A – Ex. B)

cc:      All Counsel of Record (via email)