Exhibit 6
Plaintiffs' Witness List

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V., <br><br> Plaintiffs, <br><br> v. <br><br> AUTEL ROBOTICS USA LLC and AUTEL AERIAL TECHNOLOGY CO., LTD., <br><br> Defendants/Counterclaim Plaintiffs, <br><br> v. <br><br> DJI TECHNOLOGY INC., SZ DJI TECHNOLOGY CO., LTD., and DJI EUROPE B.V., <br><br> Counterclaim Defendants. | C.A. No. 16-706-LPS <br> (Consolidated) |

**EXHIBIT 6**

**PLAINTIFFS' WITNESS LIST**

Exhibit 6
Plaintiffs' Witness List

Pursuant to Local Rule 16.3(c)(7), DJI hereby respectfully submits its list of witnesses it expects it may call to testify at trial live or by deposition, without prejudice to the right to remove or add any witness. DJI reserves the right to call any rebuttal witness not identified on its list, as may be necessary. If a witness designated as appearing live is unable to appear, DJI reserves the right to designate deposition testimony for such witness.

DJI reserves the right to supplement, amend, or modify its witness list prior to or during trial based on case developments and/or in light of any order regarding the scope of the trial. DJI includes in this witness list individuals who may be listed on Defendants' witness list, and otherwise reserves the right to call any witness that appears on Defendants' witness list, without waiving any right to object to Defendants' presentation of such witnesses at trial, without waiving any objections to the admissibility of such testimony, and without waiving the right to move for the exclusion of any such testimony. If Defendants challenge the authenticity of any documents, articles, or things presented by DJI at trial, DJI reserves the right to call additional witnesses as may be required solely for document authentication. DJI also reserves the right to substitute witnesses should one of the individuals listed in this disclosure not be available at the time of trial. The inclusion of a witness on this list does not require DJI to call that witness to testify.

Subject to, and without waiving the foregoing rights and objections, at this time DJI identifies the following preliminary list of trial witnesses it may call to testify before the jury:

I. WITNESSES PLAINTIFFS EXPECT TO CALL

    A. Fact Witnesses

        1. Cheng, Zhuanpeng (deposition)

        2. Dissmann, Richard (live)

Exhibit 6
Plaintiffs' Witness List

    3. Juntian, Jiang (deposition)

    4. Liang, Zeng (deposition)

    5. Longxue, Qiu (deposition)

    6. Ma, Lexie (live)

    7. McIrvin, Stephen (deposition)

    8. Pan, Xiangxi (deposition)

    9. Perry, Michael (deposition)

    10. Powell, Jeff (deposition)

    11. Songtao, Chang (deposition)

    12. Wang, Zhe (Philip) (live or by deposition)

    13. Zhang, Yun (deposition)

    14. Zhao, Tao (live or by deposition)

B. Expert Witnesses

    1. Michael Braasch (live)

    2. Jason Janét (live)

    3. Michele Riley (live)

DJI provides the following statements regarding the subject matter on which it will ask the Court to recognize each expert's expertise.

| Expert | Subject Matter of Expertise |
|---|---|
| Michael Braasch | Design patent infringement and validity; aviation technology, including unmanned aerial vehicles. |
| Jason Janét | Patent infringement and validity; aviation technology, including unmanned aerial vehicles. |
| Michele Riley | Damages for patent infringement, including reasonable royalty and lost profits. |

Exhibit 6A
Defendants' Objections to Plaintiffs' Witness List

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SZ DJI TECHNOLOGY CO., LTD. AND DJI EUROPE B.V., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 16-706-LPS **(CONSOLIDATED)** |
| AUTEL ROBOTICS USA LLC AND AUTEL AERIAL TECHNOLOGY CO., LTD., | ) ) ) ) | |
| Defendants. | ) ) | |
| AUTEL ROBOTICS USA LLC AND AUTEL AERIAL TECHNOLOGY CO., LTD., | ) ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | |
| SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V., AND DJI TECHNOLOGY INC., | ) ) ) ) | |
| Counterclaim Defendants. | ) | |

# EXHIBIT 6A

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' WITNESS LIST**

Exhibit 6A
Defendants' Objections to Plaintiffs' Witness List

      Defendants Autel Robotics USA LLC and Autel Aerial Technology Co., Ltd. (collectively, "Autel") provide their preliminary objections to Plaintiffs SZ DJI Technology Co., Ltd. and DJI Europe B.V.'s (collectively, "DJI" or "Plaintiffs") witness list.

**A.    Autel's Objections to Plaintiffs' Fact Witnesses.**

      Autel objects to Plaintiffs calling any witness by deposition to the extent that such witness appears live, under FRE 802 and Fed. R. Civ. P. 32.

      Autel also objects to Plaintiffs calling a witness in Plaintiffs' control by deposition designation to the extent the witness is not unavailable within the meaning of Fed. R. Civ. P. 32(a)(4). Autel further incorporates by reference any objection to proposed deposition testimony of any witness listed above as set forth in Autel's objections to Plaintiffs' deposition designations.

      Autel objects to the testimony of any witness for which that witness lacks personal knowledge, testimony outside the scope of the Rule 30(b)(6) testimony for which a witness was designated, testimony beyond the description for such witness as set forth in Plaintiffs' Rule 26(a) Disclosures ("Initial Disclosures"), testimony beyond the scope of Plaintiffs' interrogatory responses, and/or testimony not otherwise properly disclosed under the Federal Rules of Civil Procedure.

      Autel objects to Plaintiffs' witnesses who testified as designated Rule 30(b)(6) witnesses who were not identified in Plaintiffs' Initial Disclosures prior to the close of fact discovery, to the extent such witnesses testify beyond the scope of their deposition testimony.

      Autel further objects to Plaintiffs' witnesses' testimony to the extent the testimony is impermissible under FRE 105, 701, 702, 703, 611, 401, 402, and/or 403.

Exhibit 6A
Defendants' Objections to Plaintiffs' Witness List

Autel also objects to the proposed testimony of Plaintiffs' witnesses as cumulative to the extent that Plaintiff proffers multiple witnesses to testify with regard to the same subject matter.

Autel further objects to the testimony of DJI's witnesses to the extent their testimony relates to any evidentiary issues raised by Autel in the pretrial order or is the subject of a motion *in limine* filed by Autel.

### B.     Autel's Objections to Plaintiffs' Expert Witnesses.

Autel objects to the testimony of Plaintiffs' experts to the extent that their testimony is related to any evidentiary issues raised by Autel in the parties' proposed Pretrial Order. Autel also objects to Plaintiffs' experts' testimony to the extent that Plaintiffs' experts attempt to opine on matters outside the scope of their Rule 26(a)(2)(B) expert reports, deposition testimony, or anything outside of their respective experience or purported areas of expertise. Autel further objects to Plaintiffs' experts' testimony to the extent such testimony is objectionable under one or more of FRE 105, 702, 703, 611, 401, 402, and/or 403. Autel further objects to the extent that Plaintiffs' experts try to opine or testify on legal issues that are beyond their experience and knowledge. Autel reserves all rights to conduct any necessary *voir dire* of Plaintiffs' experts' qualifications and opinions at trial.

### C.     Plaintiffs Cannot Call any Witnesses that Were Not Identified in Plaintiffs' Rule 26(a) Disclosures ("Initial Disclosures").

Autel objects to Plaintiffs' calling any witness that it has not identified on its Initial Disclosures, including, but not limited to, Plaintiffs' fact witness Richard Dissmann.

**Richard Dissmann.** Autel objects to Plaintiffs' calling any witness that it has not identified on their Initial Disclosures, including, but not limited to, Plaintiffs' fact witness Richard Dissmann.  Plaintiffs' June 29, 2021 pretrial order disclosures identified Mr. Dissmann

Exhibit 6A
Defendants' Objections to Plaintiffs' Witness List

as a witness for the very first time.  At the time of Autel's service of these objections, Mr. Dissmann remains unidentified in Plaintiffs' Initial Disclosures.  Autel has had no opportunity to depose Mr. Dissmann and no opportunity to conduct any related discovery, nor has DJI disclosed in what capacity it may attempt to call Mr. Dissmann or even Mr. Dissmann's connection to Plaintiffs.

Accordingly, Autel objects to Mr. Dissmann's testimony at trial at least on the basis of relevance under FRE 401/402, prejudice under FRE 403, and as untimely under FRCP 26.  Autel further objects to the extent that DJI attempts to proffer Mr. Dissmann to testify, in his personal capacity, on any topics addressed by Plaintiffs' 30(b)(6) witnesses, in particular to the extent that such testimony would be inconsistent to the testimony of those 30(b)(6) witnesses.  Autel has had no meaningful opportunity to depose Mr. Dissmann nor conduct any written discovery related to Mr. Dissmann's personal knowledge, if any, of the facts relevant to this matter. Autel also incorporates its objections from Section A, *supra*.

**D.     Plaintiffs Cannot Call any Witnesses Who Are Long-Time DJI Employees with Relevant Knowledge that Were Not Identified by Plaintiffs Until After the Close of Discovery.**

Autel objects to Plaintiffs' calling any witnesses who are long-time DJI employees with relevant knowledge that were not identified by Plaintiffs until after the close of discovery, including, but not limited to, Plaintiffs' fact witness Lexie Ma.

**Lexie Ma**. On April 27, 2021, Plaintiffs identified Ms. Ma on their Fourth Supplemental Initial Disclosures – long after the September 27, 2019 close of all fact discovery – as having knowledge of "DJI's business, marketing, distribution, potential sales channels, customers, markets, competition, and products, especially with respect to the United States," "[c]ommunication with DJI's customers and potential customers," "[k]ey features and

3

Exhibit 6A
Defendants' Objections to Plaintiffs' Witness List

commercial success of DJI's products," and even "[c]ompetition and competitors to DJI." It appears that Ms. Ma may be a long-time DJI employee, in which case, rather than timely disclosing Ms. Ma during fact discovery, DJI instead disclosed, and offered as 30(b)(6) designees, witnesses with little knowledge on relevant issues. Notably, no other witness on DJI's Initial Disclosures has been identified to possess similar knowledge, "*especially with respect to the United States*" knowledge. Nor has or can DJI proffer a reasonable explanation for the late identification of what appears to be a long-time employee. Accordingly, Autel objects to Plaintiffs calling Ms. Ma as a fact witness, in any capacity under at least FRE 403 and FRCP 26.

Finally, Autel objects to Ms. Ma's testimony on the same bases identified above with respect to Autel's objection to Mr. Dissmann's testimony. Autel has had no opportunity to depose Ms. Ma and no opportunity to conduct any related discovery, including, but not limited to, related to Ms. Ma's personal knowledge, if any, of the facts relevant to this matter. Nor has DJI disclosed in what capacity it may attempt to call Ms. Ma. Accordingly, Autel objects to any attempt by DJI to proffer testimony from Ms. Ma at trial at least on the basis of relevance under FRE 401/402 and prejudice under FRE 403. To the extent that DJI attempts to call Ms. Ma as a witness, under no circumstances should she be permitted to testify inconsistent with the testimony provided by DJI's 30(b)(6) witnesses. Autel further objects to the extent that DJI attempts to proffer Ms. Ma to testify, in her personal capacity, on any topics addressed by Plaintiffs' 30(b)(6) witnesses, in particular to the extent that such testimony would be inconsistent with the testimony of those 30(b)(6) witnesses.

Autel also incorporates its objections from Section A, *supra*.

Exhibit 6A
Defendants' Objections to Plaintiffs' Witness List

     **E.**    **Plaintiffs Cannot Introduce Any Testimony Related to Willfulness and/or Damages in the Liability Phase of the Trial.**

     The Court has phased the issues of willfulness and damages from the issues of infringement and validity. Accordingly, Autel objects to any attempt by Plaintiffs to solicit any testimony during the liability phase of the trial, live or *via* deposition, related to willfulness, including, but not limited to, Plaintiffs' allegations of copying and/or on issues unrelated to liability. Plaintiffs appear to have designated deposition testimony relevant to their willfulness allegations for use in their validity rebuttal case, under the guise of alleged secondary considerations evidence. Any such evidence is not relevant to the first phase of the case and is unfairly prejudicial to Autel. Autel accordingly objects to any testimony related to alleged copying being presented during the first phase of the trial at least under FRE 403. To the extent such evidence is permitted during the liability phase of the trial, and as addressed elsewhere in this pretrial order, Autel objects to DJI being able to present alleged secondary considerations evidence as part of its case-in-chief during the first phase of trial.

* * *

     Other objections to the testimony of Plaintiffs' witnesses, if any, are reserved for trial.