# EXHIBIT 13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD. AND DJI EUROPE B.V., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| AUTEL ROBOTICS USA LLC AND AUTEL AERIAL TECHNOLOGY CO., LTD., | ) ) ) ) |
| Defendants. | ) |
| | ) |
| AUTEL ROBOTICS USA LLC AND AUTEL AERIAL TECHNOLOGY CO., LTD., | ) ) ) ) |
| Counterclaim Plaintiffs, | ) ) |
| v. | ) ) |
| SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V., AND DJI TECHNOLOGY INC., | ) ) ) ) |
| Counterclaim Defendants. | ) ) |

C.A. No. 16-706-LPS
**(CONSOLIDATED)**

**DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO PRECLUDE PLAINTIFFS FROM
CALLING UNTIMELY WITNESSES
LEXIE MA AND RICHARD DISSMANN AT TRIAL**

Dated: July 21, 2021

OF COUNSEL:
Timothy C. Bickham
Hui Shen, Ph.D.
Craig A. Hoovler
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801

(202) 429-3000
tbickham@steptoe.com
hshen@steptoe.com
choovler@steptoe.com

Stephen Yang
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3907
syang@steptoe.com

Anna M. Targowska
STEPTOE & JOHNSON LLP
227 West Monroe Street
Suite 4700
Chicago, IL 60606
(312) 577-1300
atargowska@steptoe.com

Fan Liang
BROAD & BRIGHT
Room 1508, 15th Floor
Tower C, Ocean Office Park
No. 5 jinghuananjie, Chaoyang District
Beijing 100020, China
+86 10 8513 1852
alex_liang@broadbright.com

(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
bswadley@ycst.com

*Attorneys for Autel Robotics USA LLC and*
*Autel Aerial Technology Co., Ltd. (n/k/a*
*Autel Robotics Co., Ltd.)*

Autel moves to preclude DJI's late-disclosed witnesses, Lexie Ma and Richard Dissmann, from testifying at trial.  DJI's counsel has indicated that DJI intends to introduce the company through Ms. Ma and may offer Mr. Dissmann to explain certain German proceedings[1].  But DJI's identification of these witnesses comes far too late – *years* late.  Though Ms. Ma appears to be a high-ranking, seven-year DJI employee, and by DJI's admission has relevant knowledge of many aspects of DJI's business, "***especially with respect to the United States,***" (Ex. B at 6), DJI never identified her during fact discovery. As to Mr. Dissmann, it remains unclear what, if any, relevant and non-prejudicial issues he could testify to.

Fact discovery ended almost two years ago on September 27, 2019.  (D.I. 390).  Without any prior notice to Autel, DJI disclosed Ms. Ma for the very first time in this case in a supplement to its Initial disclosures on April 27, 2021, and Mr. Dissmann on its proposed trial witness list on June 29, 2021. Ex. B at 6; Ex. C (Witness List).  This was untimely and in violation of the case's scheduling orders and at least FRCP 26(a).  *See, e.g*, *B. Braun Melsungen AG v. Terumo Med. Corp*., 749 F. Supp. 2d 210, 221 (D. Del. 2010) (Stark, J.); *Integra LifeSciences Corp. v. Hyperbranch Med. Tech., Inc*., C.A. No. 15-819-LPS-CJB, 2018 WL 3814614, at *1 (D. Del. Mar. 23, 2018)[2]; *see also Liqwd, Inc. v. L'Oreal USA, Inc.*, C.A. No. 17-14-JFB-SRF, 2019 WL 7945247, at *1-2 (D. Del. June 25, 2019) (substantial justification and harmlessness of untimely disclosure are considered according to the timeliness of the party's actions).  Both witnesses should be excluded from testifying at trial under FRCP 37(c)(1) and the *Pennypack* factors, all of which

---

[1] For the same reason, any reference to these German proceedings should be precluded at trial as there has been no indication of its relevance, or what it even entails.

[2] Additionally, "[c]ourts applying the *Pennypack* factors in the case of sophisticated, complex litigation involving parties represented by competent counsel have been less indulgent in their application and more willing to exclude evidence without a strict showing that each of the *Pennypack* factors has been satisfied." *Bridgestone Sports Co. Ltd. v. Acushnet Co.*, C.A. No. 05-132 JJF, 2007 WL 521894, at *4 (D. Del. Feb. 15, 2007).

weigh in favor of exclusion, as explained below.

## I.   Ms. Ma Should Be Precluded from Testifying at Trial.

**Surprise or Prejudice to Autel.**  DJI's late disclosure of Ms. Ma, a new fact witness who would testify live at trial, nearly two years after the close of fact discovery was not only a surprise but presents a clear prejudice to Autel.  DJI served its first Rule 26(a) disclosures over four years ago, listing **ten** DJI individuals (excluding five outside counsel knowledgeable about the asserted patents' prosecution), but ***not Ms. Ma*** although she was a DJI employee at the time and had become the "Head of Consumer Marketing, North America" in May 2019, four months before fact discovery closed.  Ex. D at 2-5; *see also* Ex. A.  DJI then twice-updated these disclosures in 2018 and again in 2019, but again without identifying Ms. Ma. Ex. E at 3-5; Ex. F at 3-10; Ex. G at 3-9.  Autel expended significant resources during fact discovery deposing identified witnesses, but had no chance to depose Ms. Ma or seek discovery into her records.  In fact, the only records DJI has produced from Ms. Ma – all within the last month – are self-serving documents dating back to 2014 and 2015, such as pictures showing Ms. Ma posing with DJI products. Ex. H (samples from DJI's 6/10/2021 production); Ex. I (file names for DJI 6/10/2021 production).  Thus, any testimony and the new documents, especially from Ms. Ma regarding DJI's products, secondary considerations, corporate accolades, or corporate citizenship – which testimony could span more than seven years of her association with DJI and all of which have never been disclosed to or explored by Autel – would be highly prejudicial.  Autel has had no chance, and has no time, to properly prepare for her cross examination or even deposition.

**Autel's Inability to Cure Prejudice; Disruption to Order & Efficiency of Trial.** Adding Ms. Ma to the case at this juncture will disrupt the trial schedule. With trial starting in less than a month, and having received none of Ms. Ma's documents except for some of her pictures, Autel cannot properly cure its prejudice. Autel should not be penalized in the middle of trial preparations,

2

over a witness that DJI has long known about and apparently hidden from discovery.  *See, e.g.*, *Liqwd*, 2019 WL 7945247, at *2 (party "did not timely disclose trial witnesses and there is no way to cure the prejudice at this late date").

**Potential Bad Faith or Willfulness in Failing to Comply.**  DJI has offered no reasonable explanation for disclosing Ms. Ma ***years*** after the close of discovery, citing during the meet & confer conference vaguely only the natural come-and-go of DJI employees as a justification.  But the timing of its disclosure belies that claim, especially when those employees disclosed by DJI who left did so years ago, ***before*** close of fact discovery.  *See, e.g.*, Ex. J at 1 (*Guardant Health, Inc. v. Found. Med., Inc.* C.A. No. 17-1616-LPS-CJB (D. Del. Apr. 28, 2020) ("The Court has to infer that FMI made a knowing decision to take months and months to disclose a new witness, well after the fact discovery cutoff, presumably thinking that such delay would be countenanced.").

**Importance of the Testimony Sought to Be Excluded.**  DJI has not suggested that Ms. Ma's testimony is critical to any issues in the case, only that she would introduce the company to the jury.  Yet DJI is free to use any of its remaining employees it had properly disclosed as corporate witness.  Furthermore, an "introduction" to the jury is simply not the type of evidence that "might ultimately" lead to a different judgment as contemplated by the Third Circuit.  *See Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904 (3d Cir. 1977).

## II.    Mr. Dissmann Should Be Precluded from Testifying at Trial.

Each of the *Pennypack* factors applies with equal, if not more, force to Mr. Dissmann.  He was never included in Rule 26(a) disclosures, the scope of any relevant testimony remains unknown, and, in any event, any alleged relevance of German proceedings DJI may cite is far outweighed by the prejudice to Autel (FRE 403).[3]

---

[3] *See* n.1, *supra*.

Dated: July 21, 2021

OF COUNSEL:
Timothy C. Bickham
Hui Shen, Ph.D.
Craig A. Hoovler
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000
tbickham@steptoe.com
hshen@steptoe.com
choovler@steptoe.com

Stephen Yang
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3907
syang@steptoe.com

Anna M. Targowska
STEPTOE & JOHNSON LLP
227 West Monroe Street
Suite 4700
Chicago, IL 60606
(312) 577-1300
atargowska@steptoe.com

Fan Liang
BROAD & BRIGHT
Room 1508, 15th Floor
Tower C, Ocean Office Park
No. 5 jinghuananjie, Chaoyang District
Beijing 100020, China
+86 10 8513 1852
alex_liang@broadbright.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
bswadley@ycst.com

*Attorneys for Autel Robotics USA LLC and
Autel Aerial Technology Co., Ltd. (n/k/a
Autel Robotics Co., Ltd.)*

4

## LIST OF EXHIBITS TO AUTEL'S MOTION *IN LIMINE* NO. 1

| Exhibit | Description |
|---------|-------------|
| A | Lexie Ma's Linked-In Profile |
| B | DJI's Fourth Supplemental Initial Disclosures dated April 27, 2021 |
| C | Plaintiffs' Witness List served on June 29, 2021 |
| D | DJI's Initial Disclosures dated February 24, 2017 |
| E | DJI's Supplemental Initial Disclosures dated May 11, 2018 |
| F | DJI's Second Supplemental Initial Disclosures dated July 13, 2018 |
| G | DJI's Third Supplemental Initial Disclosures dated April 12, 2019 |
| H | Example Documents from DJI's June 10, 2021 production (photos of Lexie Ma with DJI in 2014, 2015 and 2016 produced on 6-10-2021 and labeled DJIATL_2000001, DJIATL_2000002, DJIATL_2000004 and DJIATL_2000014) |
| I | File names for documents included in DJI's June 10, 2021 production, including samples reproduced in Exhibit H (highlighted) |
| J | Oral Order in 17-cv-01616 dated 4-28-2020 regarding Motion *in Limine* |

## CERTIFICATE OF SERVICE

I, Anne Shea Gaza, hereby certify that on July 16, 2021, I caused a true and correct

copy of the foregoing document to be served on the following counsel in the manner indicated:

**BY E-MAIL**

Kelly E. Farnan
Christine D. Haynes
RICHARDS LAYTON & FINGER, PA
One Rodney Square
920 North King Street
Wilmington, DE 19801
farnan@rlf.com
haynes@rlf.com

Sherry X. Wu
David M. Farnum
ANOVA LAW GROUP, PLLC
21351 Gentry Drive, Suite 150
Sterling, VA 20166
sherry.wu@anovalaw.com
david.farnum@anovalaw.com

*Attorneys for SZ DJI Technology Co., Ltd.*
*and DJI Europe B.V.*

Jody C. Barillare
Amy M. Dudash
MORGAN, LEWIS & BOCKIUS LLP
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
jody.barillare@morganlewis.com
amy.dudash@morganlewis.com

Jon R. Roellke
Willard K. Tom
Ryan M. Kantor
Hang Zheng
J. Kevin Fee
JiaZhen (Ivon) Guo
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
jon.roellke@morganlewis.com
willard.tom@morganlewis.com
ryan.kantor@morganlewis.com
hang.zheng@morganlewis.com
kevin.fee@morganlewis.com
ivon.guo@morganlewis.com

Qingyu Yin
Smith R. Brittingham IV
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER LLP
901 New York Avenue N.W.
Washington, DC 10001
qingyu.yin@finnegan.com
smith.brittingham@finnegan.com

Michael J. Lyons
Ahren Hsu-Hoffman
Thomas Y. Nolan
MORGAN, LEWIS & BOCKIUS, LLP
1400 Page Mill Road

Palo Alto, CA 94304
michael.lyons@morganlewis.com
ahren.hsu-hoffman@morganlewis.com
thomas.nolan@morganlewis.com

*Attorneys for SZ DJI Technology Co., Ltd.,*
*DJI Europe B.V., and DJI Technology, Inc.*

Dated: July 21, 2021

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
bswadley@ycst.com

*Attorneys for Autel Robotics USA LLC and*
*Autel Aerial Technology Co., Ltd. (n/k/a*
*Autel Robotics Co., Ltd.)*

# EXHIBIT A

## Contact

www.linkedin.com/in/lexie-hui-ma-993a4364 (LinkedIn)

## Top Skills

Microsoft Excel
Mandarin
Microsoft Office

## Languages

English (Full Professional)
Mandarin (Native or Bilingual)
Cantonese (Full Professional)

# Lexie (Hui) Ma

Head of Consumer Marketing, North America at DJI
United States

## Experience

DJI
7 years

Head of Consumer Marketing, North America
May 2019 - Present (2 years 3 months)
Washington D.C. Metro Area / Los Angeles

Head of Consumer Drone Business Unit
January 2018 - April 2019 (1 year 4 months)
Shenzhen, Guangdong, China

PR and Marketing Manager
August 2014 - December 2017 (3 years 5 months)
Shenzhen, Guangdong, China

Edelman
Technology Practice
2014 - 2014 (less than a year)

———

## Education

The University of Hong Kong
Bachelor of Social Sciences, Double major in Psychology and Fine
Arts · (2011 - 2014)

Harvard Business School Online
CORe Credential of Readiness  · (2020 - 2021)

University of Cambridge
Pembroke King's Exchange Programme  · (2013 - 2013)

Mount Holyoke College
Exchange Programme  · (2013 - 2013)

Zhejiang University
Prep year  · (2010 - 2011)

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V., <br><br> Plaintiffs, <br><br> v. <br><br> AUTEL ROBOTICS USA LLC, and AUTEL AERIAL TECHNOLOGY CO., LTD., <br><br> Defendants. <br><br> AUTEL ROBOTICS USA LLC, and AUTEL AERIAL TECHNOLOGY CO., LTD., <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V., and DJI TECHNOLOGY, INC., <br><br> Counterclaim Defendants. | C.A. No. 16-706-LPS (Consolidated) |

## DJI'S FOURTH SUPPLEMENTAL INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs and Counterclaim Defendants SZ DJI Technology Co., Ltd. and DJI Europe B.V. and Counterclaim Defendant DJI Technology, Inc. (collectively, "DJI") hereby serve the following fourth supplemental initial disclosures to Defendants and Counterclaim Plaintiffs Autel Robotics USA LLC and Autel Robotics Co., Ltd. (f/k/a Autel Aerial Technology Co., Ltd.) (collectively, "Autel" or "Counterclaim Plaintiffs"). These disclosures are based upon information presently and

reasonably known and available to DJI as of the date hereof, and currently within its possession, custody or control.  DJI reserves the right to supplement or amend these disclosures in the future as appropriate, as provided in Rule 26(e), as additional information becomes available during the course of the above-captioned case.

These initial disclosures are made without waiving: (1) the right to object on the grounds of competency, privilege, relevancy, materiality, hearsay, or any other proper ground; (2) the right to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; (3) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures; and (4) the right to amend, modify, clarify, or supplement the information contained herein in the event it obtains additional information, to the extent required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing reservations, DJI makes the following supplemental initial disclosures.

**1.     Identities of Individuals Likely to Have Discoverable Information That May Be Used to Support DJI's Claims or Defenses.**

All individuals listed below whose contact information states "DJI's Counsel" are employees or former employees of DJI and may be contacted only through trial counsel for DJI at Morgan, Lewis & Bockius LLP.  The general subject matter listed for each individual does not in any way limit DJI's right to question or call any individual listed to testify regarding any other subject.

In addition to the persons listed below, DJI reserves the right to rely upon all individuals and/or entities listed in Autel's initial disclosures and any supplements or amendments thereto. DJI expressly reserves the right to identify or call as witnesses other individuals in addition to

those identified herein, if it discovers that such individuals have or might have knowledge of matters relevant to this action.  DJI also expressly reserves the right to identify and call expert witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2) and any scheduling order entered in this action.

| Name | Contact Information | Subject |
|------|---------------------|---------|
| Tao Wang | DJI's Counsel | Named inventor for U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, and D691,514, and is likely to have knowledge about the claimed inventions. |
| Shaojie Chen | DJI's Counsel | Named inventor for U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530 and D691,514, and is likely to have knowledge about the claimed inventions.  Mr. Chen is no longer employed by DJI. |
| Tao Zhao | DJI's Counsel | Named inventor for U.S. Patent Nos. 9,016,617, 9,284,049, and 9,321,530, and is likely to have knowledge about the claimed inventions. |
| Zhi Gang Ou | DJI's Counsel | Named inventor for U.S. Patent Nos. 9,016,617, 9,284,049, and 9,321,530, and is likely to have knowledge about the claimed inventions.  Mr. Ou is no longer employed by DJI. |
| Yin Cheung | DJI's Counsel | Prosecution of the application for U.S. Patent No. 9,016,617. |
| Elaine K. Lee | Wilson Sonsini Goodrich & Rosati 650 Page Mill Road Palo Alto, CA 94304-1050 | Prosecution of the applications for U.S. Patent Nos. 9,016,617, 9,284,049, and 9,321,530. |

| Name | Contact Information | Subject |
|------|--------------------|---------|
| Karen Wong | Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050 | Prosecution of the application for U.S. Patent No. 9,016,617. |
| Connie Cheng | Perkins Coie<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099 | Prosecution of the application for U.S. Patent No. 9,016,617. |
| Hin Meng Au | Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050 | Prosecution of the applications for U.S. Patent Nos. 9,284,049, and 9,321,530. |
| Feng Ma | Syncoda LLC<br>208 Euphoria Cir.<br>Cary, NC 27519 | Prosecution of the applications for U.S. Patent Nos. 9,284,049 and 9,321,530. |
| Yuanyuan (Elsa) Ma | DJI's Counsel | DJI's sales, financials (sales, margins, and costs), and pricing, including for DJI's accused products.  Ms. Ma is no longer employed by DJI. |
| Chaowei (Allen) Zheng | DJI's Counsel | DJI's business, marketing, distribution, potential sales channels, customers, markets, competition, and products, including for DJI's accused products.<br><br>Communication with DJI's customers and potential customers.<br><br>Key features and commercial success of DJI's products.<br><br>Competition and competitors to DJI.<br><br>Mr. Zheng is no longer employed by DJI. |

| Name | Contact Information | Subject |
|---|---|---|
| Ye (Allen) Han | DJI's Counsel | DJI's business, marketing, distribution, potential sales channels, customers, markets, competition, and products.<br><br>Communication with DJI's customers and potential customers.<br><br>Key features and commercial success of DJI's products.<br><br>Competition and competitors to DJI. |
| Zhe (Philip) Wang | DJI's Counsel | Technical and design aspects of DJI products.<br><br>Bases for damages.<br><br>Previous litigation involving asserted patents (China included).<br><br>Revenue and profits/losses attributable to sales of products using patented technology.<br><br>Sales information related to DJI products.<br><br>License and licensing activities and royalties information.<br><br>Secondary considerations of nonobviousness.<br><br>Valuation of asserted patents.<br><br>DJI's pricing.<br><br>DJI document retention policy. |

| Name | Contact Information | Subject |
|---|---|---|
| | | Mr. Wang is no longer employed by DJI. |
| Michael Perry | DJI's Counsel | DJI's business, marketing, distribution, potential sales channels, customers, markets, competition, and products, including for DJI's accused products.<br><br>Communication with DJI's customers and potential customers.<br><br>Key features and commercial success of DJI's products.<br><br>Competition and competitors to DJI.<br><br>Mr. Perry is no longer employed by DJI. |
| Lexie Ma | DJI's Counsel | DJI's business, marketing, distribution, potential sales channels, customers, markets, competition, and products, especially with respect to the United States.<br><br>Communication with DJI's customers and potential customers.<br><br>Key features and commercial success of DJI's products.<br><br>Competition and competitors to DJI. |
| Litian Zhang | DJI's Counsel | Technical and design aspects of DJI products accused of infringing U.S. Patent No. 7,979,174. |

| Name | Contact Information | Subject |
|---|---|---|
| Bin Jiang | DJI's Counsel | Technical and design aspects of DJI products accused of infringing U.S. Patent No. 9,260,184. |
| Rongming Xiong | DJI's Counsel | Technical and design aspects of DJI products accused of infringing U.S. Patent No. 9,979,000. |
| Individuals at each Autel entity named in this suit | | Knowledge of: (i) the design, development, functionality, and operation of Defendants' accused products; (ii) past and potential future sales, revenues, and profits relating to Defendants' accused products; (iii) advertising and promotion of Defendants' accused products; (iv) advantages and benefits offered by Defendants' accused products over the prior art and/or competing products; (v) customer implementations and uses of Defendants' accused products and interactions with customers regarding same; (vi) the value of the patented inventions; (vii) the marketplace for Defendants' accused products and competing products; (viii) notice of the patents-in-suit; and (ix) willful infringement of the patents-in-suit.<br><br>In addition, knowledge of: (i) operations of Counterclaim-Plaintiffs; (ii) Counterclaim-Plaintiffs' claims and purported damages in this action; (iii) licensing policies and practices of Counterclaim Plaintiffs; (iv) the disclosure of prior art to the USPTO; (v) ownership of Counterclaim Plaintiffs' asserted patents; (vi) marking of |

| Name | Contact Information | Subject |
|------|--------------------|---------| 
| | | Counterclaim Plaintiffs' asserted patents on practicing products; (vii) predecessor-in-interest to Counterclaim Plaintiffs' asserted patents; and (viii) licensees of Counterclaim Plaintiffs' asserted patents. |
| Kingsley O.C. Fregene | Honeywell International Inc.<br>101 Columbia Road<br>P.O. Box 2245<br>Morristown, NJ 07962-2245 | Named inventor for U.S. Patent No. 7,979,174 and is likely to have knowledge about the claimed inventions. |
| Michael R. Elgersma | Honeywell International Inc.<br>101 Columbia Road<br>P.O. Box 2245<br>Morristown, NJ 07962-2245 | Named inventor for U.S. Patent No. 7,979,174 and is likely to have knowledge about the claimed inventions. |
| Samar Dajani-Brown | Honeywell International Inc.<br>101 Columbia Road<br>P.O. Box 2245<br>Morristown, NJ 07962-2245 | Named inventor for U.S. Patent No. 7,979,174 and is likely to have knowledge about the claimed inventions. |
| Stephen G. Pratt | Honeywell International Inc.<br>101 Columbia Road<br>P.O. Box 2245<br>Morristown, NJ 07962-2245 | Named inventor for U.S. Patent No. 7,979,174 and is likely to have knowledge about the claimed inventions. |
| Scott V. Lundberg | Fogg & Powers LLC<br>4600 West 77th Street Suite 305<br>Minneapolis, MN 55435 | Scott Lundberg signed filings with the USPTO during prosecution of U.S. Patent No. 7,979,174 and is likely to have knowledge about prosecution of U.S. Patent No. 7,979,174. |
| Jay A. Wahlquist | International Business Machines Corporation<br>3605 HWY 52 N<br>Rochester, MN 55901 | Jay Wahlquist signed filings with the USPTO during prosecution of U.S. Patent No. 7,979,174 and is likely to have knowledge about prosecution of U.S. Patent No. 7,979,174. |

| Name | Contact Information | Subject |
|---|---|---|
| Representatives of Fogg & Powers LLC | 5810 W. 78th Street, Ste. 100 Minneapolis, MN 55439 | Prosecution of the application for U.S. Patent No. 7,979,174. |
| Representatives of Honeywell International Inc. | 101 Columbia Road Law Dept. AB2 Morristown, NJ 07962 | Previous owner of U.S. Patent No. 7,979,174 and is likely to have information regarding its ownership. |
| Kurt Luther | Honeywell International Inc. 101 Columbia Road Law Dept. AB2 Morristown, NJ 07962 | Assistant General Counsel of Honeywell International, Inc. and signatory of the Honeywell Patent Purchase Agreement regarding U.S. Patent No. 7,979,174.  Mr. Luther may have information regarding the ownership of the '174 patent. |
| Orville Olm | Draganfly Innovations Inc. 2108 St. George Avenue Saskatoon, SK S7M 0K7 Canada | Named inventor for U.S. Patent No. 9,260,184 and is likely to have knowledge about the claimed inventions. |
| Greg Wood | Draganfly Innovations Inc. 2108 St. George Avenue Saskatoon, SK S7M 0K7 Canada | Named inventor for U.S. Patent No. 9,260,184 and is likely to have knowledge about the claimed inventions. |
| Zenon Dragan | Draganfly Innovations Inc. 2108 St. George Avenue Saskatoon, SK S7M 0K7 Canada | Named inventor for U.S. Patent No. 9,260,184 and is likely to have knowledge about the claimed inventions.  Mr. Dragan also may have information regarding the ownership of the '184 patent. |
| Joseph A. Rhoa | Nixon & Vanderhye, P.C. 901 N. Glebe Road Arlington, VA 22203 | Joseph A. Rhoa signed filings with the USPTO during prosecution of U.S. Patent No. 9,260,184 and is likely to have knowledge about prosecution of U.S. Patent No. 9,260,184. |

| Name | Contact Information | Subject |
|---|---|---|
| Representatives of Nixon & Vanderhye P.C. | 901 N. Glebe Road<br>Arlington, VA 22203 | Prosecution of the application for U.S. Patent No. 9,260,184. |
| Representatives of Ladas & Parry LLP | 224 South Michigan Ave<br>Suite 1600<br>Chicago, IL 60604 | Prosecution of the applications for U.S. Patent Nos. 7,979,174 and 9,260,184. |
| Representatives at Draganfly Innovations Inc. | 2108 St. George Avenue<br>Saskatoon, SK S7M 0K7<br>Canada | Previous owner of U.S. Patent No. 9,260,184 and is likely to have information regarding its ownership. |
| Glen Hawker | Draganfly Innovations Inc.<br>2108 St. George Avenue<br>Saskatoon, SK S7M 0K7<br>Canada | Executive Chairman of the Board of Draganfly Innovations Inc. and signatory of the Autel Patent Purchase Agreement regarding U.S. Patent No. 9,260,184.  Mr. Hawker may have information regarding the ownership of the '184 patent. |
| Longxue Qiu | 9th Floor, Building B1, Zhiyuan, Xueyuan Road<br>Xili, Nanshan District<br>Shenzhen, Guangdong 518055<br>China | Named inventor for U.S. Patent No. 9,979,000 and is likely to have knowledge about the claimed invention. |
| Xingwen Wu | 9th Floor, Building B1, Zhiyuan, Xueyuan Road<br>Xili, Nanshan District<br>Shenzhen, Guangdong 518055<br>China | Named inventor for U.S. Patent No. 9,979,000 and is likely to have knowledge about the claimed invention. |
| Richard John Streit | Ladas & Parry LLP<br>224 South Michigan Ave., Suite 1600<br>Chicago, IL 60604 | Richard John Streit signed filings with the USPTO during prosecution of U.S. Patent No. 9,979,000 and is likely to have knowledge about prosecution of U.S. Patent No. 9,979,000. |
| Hermine Valizadeh | Ladas & Parry LLP<br>224 South Michigan Ave., Suite 1600<br>Chicago, IL 60604 | Hermine Valizadeh signed filings with the USPTO during prosecution of U.S. Patent No. 9,979,000 and is likely to have knowledge about prosecution of U.S. Patent No. 9,979,000. |

| Name | Contact Information | Subject |
|---|---|---|
| Adam Vincent Litteken | Ladas & Parry LLP<br>224 South Michigan Ave., Suite 1600<br>Chicago, IL 60604 | Adam Vincent Litteken signed filings with the USPTO during prosecution of U.S. Patent No. 9,979,000 and is likely to have knowledge about prosecution of U.S. Patent No. 9,979,000. |
| Ladas & Parry LLP | 224 South Michigan Ave., Suite 1600<br>Chicago, IL 60604 | Ladas & Parry LLP is or was listed at the USPTO as counsel-of-record for U.S. Patent No. 9,979,000 and is likely to have knowledge about prosecution of U.S. Patent No. 9,979,000. |

Other individuals not specifically known to DJI at this time may possess relevant information, particularly information related to the non-infringement, unenforceability and/or invalidity of U.S. Patent Nos. 7,979,174, 9,260,184, and 9,979,000 ("Autel Asserted Patents"). Such individuals may include, but are not limited to: (1) authors of prior art publications and patents relevant to the subject matter of the Autel Asserted Patents; (2) individuals having knowledge of any prior art use, sale, offer for sale, or invention relevant to the subject matter of the Autel Asserted Patents; (3) individuals having knowledge of the level of ordinary skill in the art to which the alleged inventions pertain; (4) individuals having knowledge of any license to the Autel Asserted Patents, any offer to license the Autel Asserted Patents, or any refusal to license the Autel Asserted Patents; (5) individuals having knowledge of the circumstances or manner in which the alleged inventions are disclosed in the Autel Asserted Patents; (6) individuals having knowledge of the inventorship, ownership, or rights in the Autel Asserted Patents and/or the subject matter of the Autel Asserted Patents; (7) individuals affiliated with prosecuting attorneys during the time that each attorney's respective firm was involved in the prosecution of the Autel Asserted Patents; (8) individuals having knowledge of the operation and development of the accused DJI products; and (9) licensees of the Autel Asserted Patents.

2.      **Documents and Things in the Possession, Custody, or Control of DJI That May Be Used to Support DJI's Claims.**

DJI has in its possession, custody or control the following categories of documents, electronically stored information, and tangible things that DJI may use to support its claims. The disclosure provided herein is based upon information reasonably available at this time. Documents protected by attorney-client and attorney work product privileges are not identified, categorized, or included herein. By disclosing the following categories of documents, DJI does not waive any objections that it has or may have to the production or admissibility of these documents. Moreover, by disclosing the following categories of documents, DJI does not waive any objections that it has or may have to producing these documents. Further, by disclosing the following categories of documents, DJI does not admit or deny that any such documents exist. DJI expressly reserves the right to identify additional documents, electronically stored information, and/or tangible things, if it discovers that such additional documents, electronically stored information, and/or tangible things are relevant to this action.

- Documents relating to U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, and D691,514 including their prosecution file histories, and foreign counterparts thereto;

- Documents relating to DJI's advertising, marketing and sales of its products embodying one or more of U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, and D691,514;

- Documents and things relating to the development and manufacture of DJI's products embodying one or more of U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, and D691,514;

- Documents relating to U.S. Patent Nos. 7,979,174 9,260,184, and 9,979,000, including their prosecution file histories and foreign counterparts thereto;

- Prior art to U.S. Patent Nos. 7,979,174, 9,260,184, and 9,979,000;

- Documents relating to the design, development, features, production, distribution and operation of the devices accused of infringing U.S. Patent Nos. 7,979,174 9,260,184, and 9,979,000;

- Documents relating to the sales and finances of the devices accused of infringing U.S. Patent Nos. 7,979,174, 9,260,184, and 9,979,000;

- Documents relating to the marketing and advertising of the devices accused of infringing U.S. Patent Nos. 7,979,174, 9,260,184, and 9,979,000;

- Documents relating to Autel's advertising, marketing and sales of its products;

- License agreements relating to U.S. Patent Nos. 7,979,174, 9,260,184, and 9,979,000;

- Documents relating to assignment(s) of U.S. Patent Nos. 7,979,174, 9,260,184, and 9,979,000;

- Documents identified in Autel's initial disclosures, discovery responses and any amendments thereto;

- Documents relating to the commercial unmanned vehicle industry and technology;

- Communications between DJI and Autel; and

- Communications between Autel and third parties.

These documents, to the extent their locations are known, are located either at the offices of DJI or its counsel.

### 3.     Computation of Damages

DJI is currently seeking both an injunction and damages in the case.  DJI seeks damages adequate to compensate for Defendants' infringement.  DJI anticipates seeking its lost profits, including any lost sales, price erosion, and lost convoyed sales and derivative sales, as damages for Defendants' infringement of DJI's Patents-in-Suit for all past, current and future time periods during which Defendants are liable for such infringement.  In the event DJI is not awarded its lost profits, DJI will seek damages in the form of a reasonable royalty for Defendants' infringement of DJI's Patents-in-Suits for all past, current and future time periods during which Defendants are liable for such infringement.  In either event, DJI will seek interest and costs as fixed by the Court. DJI has provided a detailed computation of damages in Michele M. Riley's Expert Reports on

13

Damages dated December 22, 2017, February 16, 2018, December 27, 2019, February 3, 2020, and March 25, 2020 and will provide any supplemental computation of damages after any additional damages-related discovery, including information relating to sales of Defendants' accused products, is made available by Defendants and after such information has been evaluated by an expert witness.  As this is an exceptional case, DJI also seeks reasonable and necessary attorneys' fees.  DJI further seeks treble damages to compensate DJI for Defendants' willful infringement.  To the extent allowable by law, DJI seeks its attorneys' fees, costs, expenses, and pre- and post-judgment interest, and such other relief as the Court may deem appropriate either at law or in equity.

In accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(iii), DJI has made available for inspection and copying, as required under Rule 34, the documents or other evidentiary material, unless privileged or protected from disclosure, on which DJI's damages computation is based and will make additional documents available, if any exist.  DJI will also produce documents relating to its attorneys' fees, costs, and expenses in connection with its request for such an award at the appropriate time.

DJI has already provided its expert report on damages for U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, and D691,514.  DJI will provide any expert reports on damages for U.S. Patent Nos. 7,979,174 9,260,184, and 9,979,000 in accordance with the schedule in this Action.

### 4.    Insurance Agreements

Upon current information and belief, DJI is unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

Dated: April 27, 2021

Michael J. Lyons
Ahren C. Hsu-Hoffman
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Rd
Palo Alto, California 94303
T. (650) 843-4000
E. michael.lyons@morganlewis.com
E. ahren.hsu-hoffman@morganlewis.com

J. Kevin Fee
Hang Zheng
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004-2541
T. (202) 739-3000
E. kevin.fee@morganlewis.com
E. hang.zheng@morganlewis.com

*/s/ Amy M. Dudash*
Amy M. Dudash (#5741)
MORGAN, LEWIS & BOCKIUS LLP
1201 N. Market Street, Suite 1201
Wilmington, Delaware 19801
T. (302) 574-3000
E. amy.dudash@morganlewis.com

Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
T. (302) 651-7700
E. Farnan@rlf.com
E. Haynes@rlf.com

*Attorneys for Plaintiffs and Counterclaim Defendants SZ DJI Technology Co. Ltd. and DJI Europe B.V. and Counterclaim Defendant DJI Technology, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that on April 27, 2021, a true and correct copy of the foregoing document

was served, via e-mail, on the following:

Anne Shea Gaza
Robert M. Vrana
Samantha G. Wilson
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE 19801
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

Jamie Lucia
Steptoe & Johnson LLP
One Market Street
Steuart Tower, Suite 1800
San Francisco, CA 94105
jlucia@steptoe.com

Timothy C. Bickham
 Andrew Xue
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington DC 20036
tbickham@steptoe.com
axue@steptoe.com

Katherine Johnson
Steptoe & Johnson LLP
227 West Monroe Street
Suite 4700
Chicago, IL 60606
kjohnson@steptoe.com

                                            */s/ Amy M. Dudash*
                                            Amy M. Dudash (#5741)

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V., | |
| Plaintiffs, | |
| v. | |
| AUTEL ROBOTICS USA LLC and AUTEL AERIAL TECHNOLOGY CO., LTD., | C.A. No. 16-706-LPS (Consolidated) |
| Defendants/Counterclaim Plaintiffs, | |
| v. | |
| DJI TECHNOLOGY INC., SZ DJI TECHNOLOGY CO., LTD., and DJI EUROPE B.V., | |
| Counterclaim Defendants. | |

## EXHIBIT 4P

## PLAINTIFFS' WITNESS LIST

Exhibit 4P
Plaintiffs' Witness List

        Pursuant to Local Rule 16.3(c)(7), DJI hereby respectfully submits its list of witnesses it expects it may call to testify at trial live or by deposition, without prejudice to the right to remove or add any witness. DJI reserves the right to call any rebuttal witness not identified on its list, as may be necessary. If a witness designated as appearing live is unable to appear, DJI reserves the right to designate deposition testimony for such witness.

        DJI reserves the right to supplement, amend, or modify its witness list prior to or during trial based on case developments and/or in light of any order regarding the scope of the trial. DJI includes in this witness list individuals who may be listed on Defendants' witness list, and otherwise reserves the right to call any witness that appears on Defendants' witness list, without waiving any right to object to Defendants' presentation of such witnesses at trial, without waiving any objections to the admissibility of such testimony, and without waiving the right to move for the exclusion of any such testimony. If Defendants challenge the authenticity of any documents, articles, or things presented by DJI at trial, DJI reserves the right to call additional witnesses as may be required solely for document authentication. DJI also reserves the right to substitute witnesses should one of the individuals listed in this disclosure not be available at the time of trial. The inclusion of a witness on this list does not require DJI to call that witness to testify.

        Subject to, and without waiving the foregoing rights and objections, at this time DJI identifies the following preliminary list of trial witnesses it may call to testify before the jury:

Case 1:18-cv-08048-PGG-SLC   Document 254-8   Filed 08/30/21   Page 33 of 333   Document #: 324-13

I.     WITNESSES PLAINTIFFS EXPECT TO CALL

     A.     Fact Witnesses

          1.     Cheng, Zhuanpeng (deposition)

          2.     Dissmann, Richard (live)

Exhibit 4P
Plaintiffs' Witness List

    3.    Juntian, Jiang (deposition)

    4.    Liang, Zeng (deposition)

    5.    Longxue, Qiu (deposition)

    6.    Ma, Lexie (live)

    7.    McIrvin, Stephen (deposition)

    8.    Pan, Xiangxi (deposition)

    9.    Perry, Michael (deposition)

    10.    Powell, Jeff (deposition)

    11.    Songtao, Chang (deposition)

    12.    Wang, Zhe (Philip) (live or by deposition)

    13.    Zhang, Yun (deposition)

    14.    Zhao, Tao (live or by deposition)

B.    Expert Witnesses

    1.    Michael Braasch (live)

    2.    Jason Janét (live)

    3.    Michele Riley (live)

DJI provides the following statements regarding the subject matter on which it will ask the Court to recognize each expert's expertise.

| Expert | Subject Matter of Expertise |
|---|---|
| Michael Braasch | Design patent infringement and validity; aviation technology, including unmanned aerial vehicles. |
| Jason Janét | Patent infringement and validity; aviation technology, including unmanned aerial vehicles. |
| Michele Riley | Damages for patent infringement, including reasonable royalty and lost profits. |

Case 1:16-cv-00100-LPS   Document 624-8   Filed 08/20/21   Page 35 of 328 PageID #: 25419

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD.<br>and DJI EUROPE B.V.,<br><br>           Plaintiffs,<br><br>     v.<br><br>AUTEL ROBOTICS USA LLC,<br>AUTEL AERIAL TECHNOLOGY CO.,<br>LTD., and AUTEL INTELLIGENT<br>TECHNOLOGY CO., LTD.,<br><br>           Defendants. | C.A. No. 16-706-LPS-CJB |

## <u>SZ DJI TECHNOLOGY CO., LTD. AND DJI EUROPE B.V.'s INITIAL DISCLOSURES</u>

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs SZ DJI Technology Co., Ltd. and DJI Europe B.V. (collectively, "DJI") hereby serve the following initial disclosures to Defendants Autel Robotics USA LLC, Autel Aerial Technology Co., Ltd. and Autel Intelligent Technology Co., Ltd. (collectively, "Autel"). These disclosures are based upon information presently and reasonably known and available to DJI as of the date hereof, and currently within its possession, custody or control. DJI reserves the right to supplement or amend these disclosures in the future as appropriate, as provided in Rule 26(e), as additional information becomes available during the course of the above-captioned case.

These initial disclosures are made without waiving: (1) the right to object on the grounds of competency, privilege, relevancy, materiality, hearsay, or any other proper ground; (2) the right to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; (3) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of

these disclosures; and (4) the right to amend, modify, clarify, or supplement the information contained herein in the event it obtains additional information, to the extent required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing reservations, DJI makes the following initial disclosures.

### 1. Identities of Individuals Likely to Have Discoverable Information That May Be Used to Support DJI's Claims or Defenses.

All individuals listed below whose contact information states "Anova" are employees or former employees of DJI and may be contacted only through trial counsel for DJI at Anova Law Group PLLC. The general subject matter listed for each individual does not in any way limit DJI's right to question or call any individual listed to testify regarding any other subject.

In addition to the persons listed below, DJI reserves the right to rely upon all individuals and/or entities listed in Autel's initial disclosures. DJI expressly reserves the right to identify or call as witnesses other individuals in addition to those identified herein, if it discovers that such individuals have or might have knowledge of matters relevant to this action. DJI also expressly reserves the right to identify and call expert witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2) and any scheduling order entered in this action.

| Name | Contact Information | Subject |
|------|---------------------|---------|
| Tao Wang | Anova | Named inventor for U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530 and D691,514, and is likely to have knowledge about the claimed inventions. |
| Shaojie Chen | Anova | Named inventor for U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530 and D691,514, and is likely to have knowledge about the claimed inventions. |

| Name | Contact Information | Subject |
|---|---|---|
| Tao Zhao | Anova | Named inventor for U.S. Patent Nos. 9,016,617, 9,284,049, and 9,321,530, and is likely to have knowledge about the claimed inventions. |
| Zhigang Ou | Anova | Named inventor for U.S. Patent Nos. 9,016,617, 9,284,049, and 9,321,530, and is likely to have knowledge about the claimed inventions. |
| Yin Cheung | DJI Research LLC 435 Portage Avenue Palo Alto, CA 94306 | Prosecution of the application for U.S. Patent No. 9,016,617. |
| Elaine Lee (Kim) | Wilson Sonsini Goodrich & Rosati 650 Page Mill Road Palo Alto, CA 94304-1050 | Prosecution of the applications for U.S. Patent Nos. 9,016,617, 9,284,049, and 9,321,530. |
| Karen Wong | Wilson Sonsini Goodrich & Rosati 650 Page Mill Road Palo Alto, CA 94304-1050 | Prosecution of the application for U.S. Patent No. 9,016,617. |
| Connie Cheng | Wilson Sonsini Goodrich & Rosati 701 Fifth Avenue, Suite 5100 Seattle, WA 98104 | Prosecution of the application for U.S. Patent No. 9,016,617. |
| Hin Meng Au | Wilson Sonsini Goodrich & Rosati 650 Page Mill Road Palo Alto, CA 94304-1050 | Prosecution of the applications for U.S. Patent Nos. 9,284,049 and 9,321,530. |
| Feng Ma | Foley & Lardner LLP 3000 K Street, N.W. Ste. 500 Washington, DC 20007 | Prosecution of the applications for U.S. Patent Nos. 9,284,049 and 9,321,530. |
| Yuanyuan (Elsa) Ma | Anova | DJI's sales, financials (sales, margins, and costs), and pricing. |
| Ting Liu | Anova | DJI's sales, financials (sales, margins, and costs), and pricing. |

| Name | Contact Information | Subject |
|---|---|---|
| Michael Perry | Anova | DJI's business, marketing, distribution, potential sales channels, customers, markets, competition, and products.<br><br>Communication with DJI's customers and potential customers.<br><br>Key features and commercial success of DJI's products.<br><br>Competition and competitors to DJI. |
| Chaowen (Danny) Zheng | Anova | DJI's business, marketing, distribution, potential sales channels, customers, markets, competition, and products.<br><br>Communication with DJI's customers and potential customers.<br><br>Key features and commercial success of DJI's products.<br><br>Competition and competitors to DJI. |
| Fazhan Chen | | Design and development of the accused products and Autel's knowledge of DJI's patent portfolio. |

| Name | Contact Information | Subject |
|---|---|---|
| Individuals at each Autel entity named in this suit | | Knowledge of: (i) the design, development, functionality, and operation of Defendants' accused products; (ii) past and potential future sales, revenues, and profits relating to Defendants' accused products; (iii) advertising and promotion of Defendants' accused products; (iv) advantages and benefits offered by Defendants' accused products over the prior art and/or competing products; (v) customer implementations and uses of Defendants' accused products and interactions with customers regarding same; (vi) the value of the patented inventions; (vii) the marketplace for Defendants' accused products and competing products; (viii) notice of the patents-in-suit; and (ix) willful infringement of the patents-in-suit. |

2.      **Documents and Things in the Possession, Custody, or Control of DJI That May Be Used to Support DJI's Claims.**

DJI has in its possession, custody or control the following categories of documents, electronically stored information, and tangible things that DJI may use to support its claims. The disclosure provided herein is based upon information reasonably available at this time. Documents protected by attorney-client and attorney work product privileges are not identified, categorized, or included herein. By disclosing the following categories of documents, DJI does not waive any objections that it has or may have to the production or admissibility of these documents. Moreover, by disclosing the following categories of documents, DJI does not waive

5

any objections that it has or may have to producing these documents.  Further, by disclosing the following categories of documents, DJI does not admit or deny that any such documents exist. DJI expressly reserves the right to identify additional documents, electronically stored information, and/or tangible things, if it discovers that such additional documents, electronically stored information, and/or tangible things are relevant to this action.

- Documents relating to U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530 and D691,514, including their prosecution file histories, and foreign counterparts thereto;

- Documents relating to DJI's advertising, marketing and sales of its products embodying one or more of U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530 and D691,514;

- Documents and things relating to the development and manufacture of DJI's products embodying one or more of U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530 and D691,514;

- Documents identified in Autel's initial disclosures, discovery responses and any amendments thereto;

- Documents relating to the commercial unmanned vehicle industry and technology;

- Communications between DJI and Autel; and

- Communications between Autel and third parties.

These documents, to the extent their locations are known, are located either at the offices of DJI or its counsel.

**3.     Computation of Damages**

DJI is currently seeking both an injunction and damages in the case.  DJI seeks damages adequate to compensate for Defendants' infringement.  DJI anticipates seeking its lost profits, including any lost sales, price erosion, and lost convoyed sales and derivative sales, as damages for Defendants' infringement of the Patents-in-Suit for all past, current and future time periods

6

during which Defendants are liable for such infringement.  In the event DJI is not awarded its lost profits, DJI will seek damages in the form of a reasonable royalty for Defendants' infringement of the Patents-in-Suits for all past, current and future time periods during which Defendants are liable for such infringement.  In either event, DJI will seek interest and costs as fixed by the Court.  DJI will provide a detailed computation of damages after damages-related discovery, including information relating to sales of Defendants' accused products, is made available by Defendants and after such information has been evaluated by an expert witness.  As this is an exceptional case, DJI also seeks reasonable and necessary attorneys' fees.  DJI further seeks treble damages to compensate DJI for Defendants' willful infringement.  To the extent allowable by law, DJI seeks its attorneys' fees, costs, expenses, and pre- and post-judgment interest on its claims, and such other relief as the Court may deem appropriate either at law or in equity.

In accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(iii), DJI will make available for inspection and copying, as required under Rule 34, the documents or other evidentiary material, unless privileged or protected from disclosure, on which DJI's damages computation is based.  DJI will also produce documents relating to its attorneys' fees, costs, and expenses at the conclusion of this action when such an award is requested.

### 4.    Insurance Agreements

Upon current information and belief, DJI is unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

*Of Counsel*

David M. Farnum, Esq.
Sherry X. Wu, Esq.
ANOVA LAW GROUP, PLLC
21351 Gentry Drive Ste 150
Sterling, VA 20166
david.farnum@anovalaw.com
sherry.wu@anovalaw.com

Jonathan M. James, Esq.
PERKINS COIE LLP
2901 North Central Avenue Ste 2000
Phoenix, AZ 85012-2788
JJames@perkinscoie.com

Dated: February 24, 2017

*/s/ Christine D. Haynes*
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
Farnan@rlf.com
Haynes@rlf.com

*Attorneys for Plaintiffs*
*SZ DJI Technology Co. Ltd. and*
*DJI Europe B.V.*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 24, 2017, true and correct copies of the foregoing

document were served, via e-mail, on the following:

Anne Shea Gaza
Robert M. Vrana
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE  19801

John Caracappa
Timothy C. Bickham
Beau Goodrick
1330 Connecticut Avenue, NW
Washington DC  20036


/s/ *Christine D. Haynes*
Christine D. Haynes (#4697)
haynes@rlf.com

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| AUTEL ROBOTICS USA LLC, and AUTEL AERIAL TECHNOLOGY CO., LTD., | ) ) ) ) |
| Defendants. | ) |
| AUTEL ROBOTICS USA LLC, and AUTEL ROBOTICS CO., LTD. (f/k/a AUTEL AERIAL TECHNOLOGY CO., LTD.), | ) ) ) |
| Counterclaim Plaintiffs, | ) ) ) |
| v. | ) ) |
| SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V., and DJI TECHNOLOGY INC. | ) ) ) ) |
| Counterclaim Defendants. | ) |

C.A. No. 16-706-LPS
(Consolidated)

JURY TRIAL DEMANDED

## SZ DJI TECHNOLOGY CO., LTD. AND DJI EUROPE B.V.'S
## SUPPLEMENTAL INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs SZ DJI Technology Co., Ltd. and DJI Europe B.V. (collectively, "DJI") hereby serve the following supplemental initial disclosures to Defendants Autel Robotics USA LLC and Autel Intelligent Technology Co., Ltd. (collectively, "Autel"). These disclosures are based upon information presently and reasonably known and available to DJI as of the date hereof, and currently within its possession, custody or control. DJI reserves the right to supplement or amend these disclosures in the future as

appropriate, as provided in Rule 26(e), as additional information becomes available during the course of the above-captioned case.

These initial disclosures are made without waiving: (1) the right to object on the grounds of competency, privilege, relevancy, materiality, hearsay, or any other proper ground; (2) the right to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; (3) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures; and (4) the right to amend, modify, clarify, or supplement the information contained herein in the event it obtains additional information, to the extent required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing reservations, DJI makes the following initial disclosures.

**1. Identities of Individuals Likely to Have Discoverable Information That May Be Used to Support DJI's Claims or Defenses.**

All individuals listed below whose contact information states "Anova" are employees or former employees of DJI and may be contacted only through trial counsel for DJI at Anova Law Group PLLC.  The general subject matter listed for each individual does not in any way limit DJI's right to question or call any individual listed to testify regarding any other subject.

In addition to the persons listed below, DJI reserves the right to rely upon all individuals and/or entities listed in Autel's initial disclosures.  DJI expressly reserves the right to identify or call as witnesses other individuals in addition to those identified herein, if it discovers that such individuals have or might have knowledge of matters relevant to this action.  DJI also expressly reserves the right to identify and call expert witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2) and any scheduling order entered in this action.

| Name | Contact Information | Subject |
|---|---|---|
| Tao Wang | Anova | Named inventor for U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, D691,514, and 9,284,040, and is likely to have knowledge about the claimed inventions. |
| Shaojie Chen | Anova | Named inventor for U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530 and D691,514, and is likely to have knowledge about the claimed inventions. |
| Tao Zhao | Anova | Named inventor for U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, 9,284,040 and 9,592,744, and is likely to have knowledge about the claimed inventions. |
| Zhi Gang Ou | Anova | Named inventor for U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530 and 9,284,040, and is likely to have knowledge about the claimed inventions. |
| Yin Cheung | DJI Research LLC<br>435 Portage Avenue<br>Palo Alto, CA 94306 | Prosecution of the application for U.S. Patent No. 9,016,617 and 9,592,744. |
| Elaine Lee (Kim) | Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050 | Prosecution of the applications for U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, 9,284,040 and 9,592,744. |
| Karen Wong | Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050 | Prosecution of the application for U.S. Patent No. 9,016,617 and 9,592,744. |
| Connie Cheng | Wilson Sonsini Goodrich & Rosati<br>701 Fifth Avenue, Suite 5100<br>Seattle, WA 98104 | Prosecution of the application for U.S. Patent No. 9,016,617. |
| Hin Meng Au | Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050 | Prosecution of the applications for U.S. Patent Nos. 9,284,049, 9,321,530 and 9,592,744. |

| Name | Contact Information | Subject |
|---|---|---|
| Feng Ma | Foley & Lardner LLP<br>3000 K Street, N.W. Ste. 500<br>Washington, DC 20007 | Prosecution of the applications for U.S. Patent Nos. 9,284,049 and 9,321,530. |
| Yuanyuan (Elsa) Ma | Anova | DJI's sales, financials (sales, margins, and costs), and pricing. |
| Ting Liu | Anova | DJI's sales, financials (sales, margins, and costs), and pricing. |
| Michael Perry | Anova | DJI's business, marketing, distribution, potential sales channels, customers, markets, competition, and products.<br><br>Communication with DJI's customers and potential customers.<br><br>Key features and commercial success of DJI's products.<br><br>Competition and competitors to DJI. |
| Chaowen (Danny) Zheng | Anova | DJI's business, marketing, distribution, potential sales channels, customers, markets, competition, and products.<br><br>Communication with DJI's customers and potential customers.<br><br>Key features and commercial success of DJI's products.<br><br>Competition and competitors to DJI. |

| Name | Contact Information | Subject |
|---|---|---|
| Individuals at each Autel entity named in this suit | | Knowledge of: (i) the design, development, functionality, and operation of Defendants' accused products; (ii) past and potential future sales, revenues, and profits relating to Defendants' accused products; (iii) advertising and promotion of Defendants' accused products; (iv) advantages and benefits offered by Defendants' accused products over the prior art and/or competing products; (v) customer implementations and uses of Defendants' accused products and interactions with customers regarding same; (vi) the value of the patented inventions; (vii) the marketplace for Defendants' accused products and competing products; (viii) notice of the patents-in-suit; and (ix) willful infringement of the patents-in-suit. |

2.      **Documents and Things in the Possession, Custody, or Control of DJI That May Be Used to Support DJI's Claims.**

DJI has in its possession, custody or control the following categories of documents, electronically stored information, and tangible things that DJI may use to support its claims.  The disclosure provided herein is based upon information reasonably available at this time. Documents protected by attorney-client and attorney work product privileges are not identified, categorized, or included herein.  By disclosing the following categories of documents, DJI does not waive any objections that it has or may have to the production or admissibility of these documents.  Moreover, by disclosing the following categories of documents, DJI does not waive

any objections that it has or may have to producing these documents.  Further, by disclosing the following categories of documents, DJI does not admit or deny that any such documents exist. DJI expressly reserves the right to identify additional documents, electronically stored information, and/or tangible things, if it discovers that such additional documents, electronically stored information, and/or tangible things are relevant to this action.

- Documents relating to U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, D691,514, 9,284,040 and 9,592,744 including their prosecution file histories, and foreign counterparts thereto;

- Documents relating to DJI's advertising, marketing and sales of its products embodying one or more of U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, D691,514, 9,284,040 and 9,592,744;

- Documents and things relating to the development and manufacture of DJI's products embodying one or more of U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, D691,514, 9,284,040 and 9,592,744;

- Documents identified in Autel's initial disclosures, discovery responses and any amendments thereto;

- Documents relating to the commercial unmanned vehicle industry and technology;

- Communications between DJI and Autel; and

- Communications between Autel and third parties.

These documents, to the extent their locations are known, are located either at the offices of DJI or its counsel.

### 3.    Computation of Damages

DJI is currently seeking both an injunction and damages in the case.  DJI seeks damages adequate to compensate for Defendants' infringement.  DJI anticipates seeking its lost profits, including any lost sales, price erosion, and lost convoyed sales and derivative sales, as damages for Defendants' infringement of the Patents-in-Suit for all past, current and future time periods

during which Defendants are liable for such infringement.  In the event DJI is not awarded its lost profits, DJI will seek damages in the form of a reasonable royalty for Defendants' infringement of the Patents-in-Suits for all past, current and future time periods during which Defendants are liable for such infringement.  In either event, DJI will seek interest and costs as fixed by the Court.  DJI will provide a detailed computation of damages after damages-related discovery, including information relating to sales of Defendants' accused products, is made available by Defendants and after such information has been evaluated by an expert witness.  As this is an exceptional case, DJI also seeks reasonable and necessary attorneys' fees.  DJI further seeks treble damages to compensate DJI for Defendants' willful infringement.  To the extent allowable by law, DJI seeks its attorneys' fees, costs, expenses, and pre- and post-judgment interest on its claims, and such other relief as the Court may deem appropriate either at law or in equity.

In accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(iii), DJI will make available for inspection and copying, as required under Rule 34, the documents or other evidentiary material, unless privileged or protected from disclosure, on which DJI's damages computation is based.  DJI will also produce documents relating to its attorneys' fees, costs, and expenses at the conclusion of this action when such an award is requested.

DJI has already provided its expert report on damages for the 9,016,617, 9,284,049, 9,321,530,  and D691,514 patents.  DJI will provide its expert report on damages for 9,284,040 and 9,592,744 in accordance with the schedule in this Action.

4.      **Insurance Agreements**

Upon current information and belief, DJI is unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

*Of Counsel*

David M. Farnum, Esq.
Sherry X. Wu, Esq.
ANOVA LAW GROUP, PLLC
21351 Gentry Drive Ste 150
Sterling, VA 20166
david.farnum@anovalaw.com
sherry.wu@anovalaw.com

/s/ *Christine D. Haynes*
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
Farnan@rlf.com
Haynes@rlf.com

*Attorneys for Plaintiffs*
*SZ DJI Technology Co. Ltd. and*
*DJI Europe B.V.*

Dated:  May 11, 2018

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 11, 2018, true and correct copies of the foregoing document were served, via e-mail, on the following:

| | |
|---|---|
| Anne Shea Gaza | John Caracappa |
| Robert M. Vrana | Timothy C. Bickham |
| Samantha G. Wilson | Scott M. Richey |
| Young Conaway Stargatt & Taylor, LLP | Beau Goodrick |
| 1000 North King Street | Michael E. Flynn-O'Brien |
| Wilmington, DE  19801 | Steptoe & Johnson LLP |
| | 1330 Connecticut Avenue, NW |
| | Washington DC  20036 |

/s/ *Christine D. Haynes*
Christine D. Haynes (#4697)
haynes@rlf.com

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD.<br>and DJI EUROPE B.V.,<br><br>        Plaintiffs,<br><br>    v.<br><br>AUTEL ROBOTICS USA LLC, and<br>AUTEL AERIAL TECHNOLOGY CO.,<br>LTD.,<br><br>        Defendants. | C.A. No. 16-706-LPS-CJB<br><br>(Consolidated) |
| AUTEL ROBOTICS USA LLC, and AUTEL<br>AERIAL TECHNOLOGY CO., LTD.<br><br>        Counterclaim Plaintiffs,<br><br>    v.<br><br>SZ DJI TECHNOLOGY CO., LTD., DJI<br>EUROPE B.V., and DJI TECHNOLOGY,<br>INC.,<br><br>        Counterclaim Defendants. | |

## DJI'S SECOND SUPPLEMENTAL INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs and Counterclaim Defendants SZ DJI Technology Co., Ltd. and DJI Europe B.V. and Counterclaim Defendant DJI Technology, Inc. (collectively, "DJI") hereby serve the following second supplemental initial disclosures to Defendants and Counterclaim Plaintiffs Autel Robotics USA LLC and Autel Robotics Co., Ltd. (f/k/a Autel Aerial Technology Co., Ltd.) (collectively, "Autel" or "Counterclaim Plaintiffs"). These disclosures are based upon information presently and

reasonably known and available to DJI as of the date hereof, and currently within its possession, custody or control.  DJI reserves the right to supplement or amend these disclosures in the future as appropriate, as provided in Rule 26(e), as additional information becomes available during the course of the above-captioned case.

These initial disclosures are made without waiving: (1) the right to object on the grounds of competency, privilege, relevancy, materiality, hearsay, or any other proper ground; (2) the right to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; (3) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures; and (4) the right to amend, modify, clarify, or supplement the information contained herein in the event it obtains additional information, to the extent required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing reservations, DJI makes the following supplemental initial disclosures.

### 1.     Identities of Individuals Likely to Have Discoverable Information That May Be Used to Support DJI's Claims or Defenses.

All individuals listed below whose contact information states "DJI's Counsel" are employees or former employees of DJI and may be contacted only through trial counsel for DJI at Morgan, Lewis & Bockius LLP or Anova Law Group PLLC.  The general subject matter listed for each individual does not in any way limit DJI's right to question or call any individual listed to testify regarding any other subject.

In addition to the persons listed below, DJI reserves the right to rely upon all individuals and/or entities listed in Autel's initial disclosures and any supplements or amendments thereto. DJI expressly reserves the right to identify or call as witnesses other individuals in addition to

those identified herein, if it discovers that such individuals have or might have knowledge of matters relevant to this action.  DJI also expressly reserves the right to identify and call expert witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2) and any scheduling order entered in this action.

| Name | Contact Information | Subject |
|------|---------------------|---------|
| Tao Wang | DJI's Counsel | Named inventor for U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, D691,514, and 9,284,040, and is likely to have knowledge about the claimed inventions. |
| Shaojie Chen | DJI's Counsel | Named inventor for U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530 and D691,514, and is likely to have knowledge about the claimed inventions. |
| Tao Zhao | DJI's Counsel | Named inventor for U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, 9,284,040 and 9,592,744, and is likely to have knowledge about the claimed inventions. |
| Zhi Gang Ou | DJI's Counsel | Named inventor for U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530 and 9,284,040, and is likely to have knowledge about the claimed inventions. |
| Yin Cheung | DJI's Counsel | Prosecution of the application for U.S. Patent No. 9,016,617 and 9,592,744. |
| Elaine Lee (Kim) | Wilson Sonsini Goodrich & Rosati 650 Page Mill Road Palo Alto, CA 94304-1050 | Prosecution of the applications for U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, 9,284,040 and 9,592,744. |
| Karen Wong | Wilson Sonsini Goodrich & Rosati 650 Page Mill Road Palo Alto, CA 94304-1050 | Prosecution of the application for U.S. Patent No. 9,016,617 and 9,592,744. |

| Name | Contact Information | Subject |
|---|---|---|
| Connie Cheng | University of Washington Entrepreneurial Law Clinic William H. Gates Hall, Suite 265 P. O. Box 85110 Seattle, WA 98145 | Prosecution of the application for U.S. Patent No. 9,016,617. |
| Hin Meng Au | Wilson Sonsini Goodrich & Rosati 650 Page Mill Road Palo Alto, CA 94304-1050 | Prosecution of the applications for U.S. Patent Nos. 9,284,049, 9,321,530 and 9,592,744. |
| Feng Ma | Foley & Lardner LLP 3000 K Street, N.W. Ste. 500 Washington, DC 20007 | Prosecution of the applications for U.S. Patent Nos. 9,284,049 and 9,321,530. |
| Yuanyuan (Elsa) Ma | DJI's Counsel | DJI's sales, financials (sales, margins, and costs), and pricing, including for DJI's accused products. |
| Ting Liu | DJI's Counsel | DJI's sales, financials (sales, margins, and costs), and pricing. |
| Michael Perry | DJI's Counsel | DJI's business, marketing, distribution, potential sales channels, customers, markets, competition, and products, including for DJI's accused products.<br><br>Communication with DJI's customers and potential customers.<br><br>Key features and commercial success of DJI's products.<br><br>Competition and competitors to DJI. |

| Name | Contact Information | Subject |
|---|---|---|
| Chaowen (Danny) Zheng | DJI's Counsel | DJI's business, marketing, distribution, potential sales channels, customers, markets, competition, and products.<br><br>Communication with DJI's customers and potential customers.<br><br>Key features and commercial success of DJI's products.<br><br>Competition and competitors to DJI. |
| Litian Zhang | DJI's Counsel | Technical and design aspects of DJI products accused of infringing U.S. Patent No. 7,979,174. |
| Bin Jiang | DJI's Counsel | Technical and design aspects of DJI products accused of infringing U.S. Patent No. 9,260,184. |
| Rongming Xiong | DJI's Counsel | Technical and design aspects of DJI products accused of infringing U.S. Patent No. 9,979,000. |

| Name | Contact Information | Subject |
|------|---------------------|---------|
| Individuals at each Autel entity named in this suit | | Knowledge of: (i) the design, development, functionality, and operation of Defendants' accused products; (ii) past and potential future sales, revenues, and profits relating to Defendants' accused products; (iii) advertising and promotion of Defendants' accused products; (iv) advantages and benefits offered by Defendants' accused products over the prior art and/or competing products; (v) customer implementations and uses of Defendants' accused products and interactions with customers regarding same; (vi) the value of the patented inventions; (vii) the marketplace for Defendants' accused products and competing products; (viii) notice of the patents-in-suit; and (ix) willful infringement of the patents-in-suit.<br><br>In addition, knowledge of: (i) operations of Counterclaim-Plaintiffs; (ii) Counterclaim-Plaintiffs' claims and purported damages in this action; (iii) licensing policies and practices of Counterclaim Plaintiffs; (iv) the disclosure of prior art to the USPTO; (v) ownership of Counterclaim Plaintiffs' asserted patents; (vi) marking of Counterclaim Plaintiffs' asserted patents on practicing products; (vii) predecessor-in-interest to Counterclaim Plaintiffs' asserted patents; and (viii) licensees of Counterclaim Plaintiffs' asserted patents. |

| Name | Contact Information | Subject |
|---|---|---|
| Kingsley O.C. Fregene | Honeywell International Inc. 101 Columbia Road P.O. Box 2245 Morristown, NJ 07962-2245 | Named inventor for U.S. Patent No. 7,979,174 and is likely to have knowledge about the claimed inventions. |
| Michael R. Elgersma | Honeywell International Inc. 101 Columbia Road P.O. Box 2245 Morristown, NJ 07962-2245 | Named inventor for U.S. Patent No. 7,979,174 and is likely to have knowledge about the claimed inventions. |
| Samar Dajani-Brown | Honeywell International Inc. 101 Columbia Road P.O. Box 2245 Morristown, NJ 07962-2245 | Named inventor for U.S. Patent No. 7,979,174 and is likely to have knowledge about the claimed inventions. |
| Stephen G. Pratt | Honeywell International Inc. 101 Columbia Road P.O. Box 2245 Morristown, NJ 07962-2245 | Named inventor for U.S. Patent No. 7,979,174 and is likely to have knowledge about the claimed inventions. |
| Scott V. Lundberg | Fogg & Powers LLC 4600 West 77th Street Suite 305 Minneapolis, MN 55435 | Scott Lundberg signed filings with the USPTO during prosecution of U.S. Patent No. 7,979,174 and is likely to have knowledge about prosecution of U.S. Patent No. 7,979,174. |
| Jay A. Wahlquist | International Business Machines Corporation 3605 HWY 52 N Rochester, MN 55901 | Jay Wahlquist signed filings with the USPTO during prosecution of U.S. Patent No. 7,979,174 and is likely to have knowledge about prosecution of U.S. Patent No. 7,979,174. |
| Representatives of Fogg & Powers LLC | 5810 W. 78th Street, Ste. 100 Minneapolis, MN 55439 | Prosecution of the application for U.S. Patent No. 7,979,174. |
| Representatives of Honeywell International Inc. | 101 Columbia Road Law Dept. AB2 Morristown, NJ 07962 | Previous owner of U.S. Patent No. 7,979,174 and is likely to have information regarding its ownership. |

| Name | Contact Information | Subject |
|---|---|---|
| Kurt Luther | Honeywell International Inc. 101 Columbia Road Law Dept. AB2 Morristown, NJ 07962 | Assistant General Counsel of Honeywell International, Inc. and signatory of the Honeywell Patent Purchase Agreement regarding U.S. Patent No. 7,979,174.  Mr. Luther may have information regarding the ownership of the '174 patent. |
| Orville Olm | Draganfly Innovations Inc. 2108 St. George Avenue Saskatoon, SK S7M 0K7 Canada | Named inventor for U.S. Patent No. 9,260,184 and is likely to have knowledge about the claimed inventions. |
| Greg Wood | Draganfly Innovations Inc. 2108 St. George Avenue Saskatoon, SK S7M 0K7 Canada | Named inventor for U.S. Patent No. 9,260,184 and is likely to have knowledge about the claimed inventions. |
| Zenon Dragan | Draganfly Innovations Inc. 2108 St. George Avenue Saskatoon, SK S7M 0K7 Canada | Named inventor for U.S. Patent No. 9,260,184 and is likely to have knowledge about the claimed inventions.  Mr. Dragan also may have information regarding the ownership of the '184 patent. |
| Joseph A. Rhoa | Nixon & Vanderhye, P.C. 901 N. Glebe Road Arlington, VA 22203 | Joseph A. Rhoa signed filings with the USPTO during prosecution of U.S. Patent No. 9,260,184 and is likely to have knowledge about prosecution of U.S. Patent No. 9,260,184. |
| Representatives of Nixon & Vanderhye P.C. | 901 N. Glebe Road Arlington, VA 22203 | Prosecution of the application for U.S. Patent No. 9,260,184. |
| Representatives of Ladas & Parry LLP | 224 South Michigan Ave Suite 1600 Chicago, IL 60604 | Prosecution of the applications for U.S. Patent Nos. 7,979,174 and 9,260,184. |
| Representatives at Draganfly Innovations Inc. | 2108 St. George Avenue Saskatoon, SK S7M 0K7 Canada | Previous owner of U.S. Patent No. 9,260,184 and is likely to have information regarding its ownership. |

| Name | Contact Information | Subject |
|---|---|---|
| Glen Hawker | Draganfly Innovations Inc.<br>2108 St. George Avenue<br>Saskatoon, SK S7M 0K7<br>Canada | Executive Chairman of the Board of Draganfly Innovations Inc. and signatory of the Autel Patent Purchase Agreement regarding U.S. Patent No. 9,260,184.  Mr. Hawker may have information regarding the ownership of the '184 patent. |
| Longxue Qiu | 9th Floor, Building B1, Zhiyuan, Xueyuan Road<br>Xili, Nanshan District<br>Shenzhen, Guangdong 518055<br>China | Named inventor for U.S. Patent No. 9,979,000 and is likely to have knowledge about the claimed invention. |
| Xingwen Wu | 9th Floor, Building B1, Zhiyuan, Xueyuan Road<br>Xili, Nanshan District<br>Shenzhen, Guangdong 518055<br>China | Named inventor for U.S. Patent No. 9,979,000 and is likely to have knowledge about the claimed invention. |
| Richard John Streit | Ladas & Parry LLP<br>224 South Michigan Ave., Suite 1600<br>Chicago, IL 60604 | Richard John Streit signed filings with the USPTO during prosecution of U.S. Patent No. 9,979,000 and is likely to have knowledge about prosecution of U.S. Patent No. 9,979,000. |
| Hermine Valizadeh | Ladas & Parry LLP<br>224 South Michigan Ave., Suite 1600<br>Chicago, IL 60604 | Hermine Valizadeh signed filings with the USPTO during prosecution of U.S. Patent No. 9,979,000 and is likely to have knowledge about prosecution of U.S. Patent No. 9,979,000. |
| Adam Vincent Litteken | Ladas & Parry LLP<br>224 South Michigan Ave., Suite 1600<br>Chicago, IL 60604 | Adam Vincent Litteken signed filings with the USPTO during prosecution of U.S. Patent No. 9,979,000 and is likely to have knowledge about prosecution of U.S. Patent No. 9,979,000. |
| Ladas & Parry LLP | 224 South Michigan Ave., Suite 1600<br>Chicago, IL 60604 | Ladas & Parry LLP is or was listed at the USPTO as counsel-of-record for U.S. Patent No. 9,979,000 and is likely to have knowledge about prosecution of U.S. Patent No. 9,979,000. |

Other individuals not specifically known to DJI at this time may possess relevant information, particularly information related to the non-infringement, unenforceability and/or invalidity of U.S. Patent Nos. 7,979,174, 9,260,184, and 9,979,000 ("Autel Asserted Patents"). Such individuals may include, but are not limited to: (1) authors of prior art publications and patents relevant to the subject matter of the Autel Asserted Patents; (2) individuals having knowledge of any prior art use, sale, offer for sale, or invention relevant to the subject matter of the Autel Asserted Patents; (3) individuals having knowledge of the level of ordinary skill in the art to which the alleged inventions pertain; (4) individuals having knowledge of any license to the Autel Asserted Patents, any offer to license the Autel Asserted Patents, or any refusal to license the Autel Asserted Patents; (5) individuals having knowledge of the circumstances or manner in which the alleged inventions are disclosed in the Autel Asserted Patents; (6) individuals having knowledge of the inventorship, ownership, or rights in the Autel Asserted Patents and/or the subject matter of the Autel Asserted Patents; (7) individuals affiliated with prosecuting attorneys during the time that each attorney's respective firm was involved in the prosecution of the Autel Asserted Patents; (8) individuals having knowledge of the operation and development of the accused DJI products; and (9) licensees of the Autel Asserted Patents.

### 2.     Documents and Things in the Possession, Custody, or Control of DJI That May Be Used to Support DJI's Claims.

DJI has in its possession, custody or control the following categories of documents, electronically stored information, and tangible things that DJI may use to support its claims. The disclosure provided herein is based upon information reasonably available at this time. Documents protected by attorney-client and attorney work product privileges are not identified, categorized, or included herein. By disclosing the following categories of documents, DJI does not waive any objections that it has or may have to the production or admissibility of these documents. Moreover,

by disclosing the following categories of documents, DJI does not waive any objections that it has or may have to producing these documents.  Further, by disclosing the following categories of documents, DJI does not admit or deny that any such documents exist.  DJI expressly reserves the right to identify additional documents, electronically stored information, and/or tangible things, if it discovers that such additional documents, electronically stored information, and/or tangible things are relevant to this action.

- Documents relating to U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, D691,514, 9,284,040 and 9,592,744 including their prosecution file histories, and foreign counterparts thereto;

- Documents relating to DJI's advertising, marketing and sales of its products embodying one or more of U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, D691,514, 9,284,040 and 9,592,744;

- Documents and things relating to the development and manufacture of DJI's products embodying one or more of U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, D691,514, 9,284,040 and 9,592,744;

- Documents relating to U.S. Patent Nos. 7,979,174 9,260,184, and 9,979,000, including their prosecution file histories and foreign counterparts thereto;

- Prior art to U.S. Patent Nos. 7,979,174, 9,260,184, and 9,979,000;

- Documents relating to the design, development, features, production, distribution and operation of the devices accused of infringing U.S. Patent Nos. 7,979,174 9,260,184, and 9,979,000;

- Documents relating to the sales and finances of the devices accused of infringing U.S. Patent Nos. 7,979,174, 9,260,184, and 9,979,000;

- Documents relating to the marketing and advertising of the devices accused of infringing U.S. Patent Nos. 7,979,174, 9,260,184, and 9,979,000;

- Documents relating to Autel's advertising, marketing and sales of its products;

- License agreements relating to U.S. Patent Nos. 7,979,174, 9,260,184, and 9,979,000;

- Documents relating to assignment(s) of U.S. Patent Nos. 7,979,174, 9,260,184, and 9,979,000;

- Documents identified in Autel's initial disclosures, discovery responses and any amendments thereto;

- Documents relating to the commercial unmanned vehicle industry and technology;

- Communications between DJI and Autel; and

- Communications between Autel and third parties.

These documents, to the extent their locations are known, are located either at the offices of DJI or its counsel.

### 3.    Computation of Damages

DJI is currently seeking both an injunction and damages in the case.  DJI seeks damages adequate to compensate for Defendants' infringement.  DJI anticipates seeking its lost profits, including any lost sales, price erosion, and lost convoyed sales and derivative sales, as damages for Defendants' infringement of DJI's Patents-in-Suit for all past, current and future time periods during which Defendants are liable for such infringement.  In the event DJI is not awarded its lost profits, DJI will seek damages in the form of a reasonable royalty for Defendants' infringement of DJI's Patents-in-Suits for all past, current and future time periods during which Defendants are liable for such infringement.  In either event, DJI will seek interest and costs as fixed by the Court. DJI will provide a detailed computation of damages after damages-related discovery, including information relating to sales of Defendants' accused products, is made available by Defendants and after such information has been evaluated by an expert witness.  As this is an exceptional case, DJI also seeks reasonable and necessary attorneys' fees.  DJI further seeks treble damages to compensate DJI for Defendants' willful infringement.  To the extent allowable by law, DJI seeks its attorneys' fees, costs, expenses, and pre- and post-judgment interest, and such other relief as the Court may deem appropriate either at law or in equity.

In accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(iii), DJI will make available for inspection and copying, as required under Rule 34, the documents or other evidentiary material, unless privileged or protected from disclosure, on which DJI's damages computation is based.  DJI will also produce documents relating to its attorneys' fees, costs, and expenses in connection with its request for such an award at the appropriate time.

DJI has already provided its expert report on damages for U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, and D691,514.  DJI will provide any expert reports on damages for U.S. Patent Nos. 9,284,040, 9,592,744, 7,979,174 9,260,184, and 9,979,000 in accordance with the schedule in this Action.

### 4.    Insurance Agreements

Upon current information and belief, DJI is unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

Dated: July 13, 2018

*Of Counsel*

David M. Farnum, Esq.
Sherry X. Wu, Esq.
ANOVA LAW GROUP, PLLC
21351 Gentry Drive Ste 150
Sterling, VA 20166
E. david.farnum@anovalaw.com
E. sherry.wu@anovalaw.com


Willard K. Tom
Jon R. Roellke
Bradford A. Cangro
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004-2541
T. (202) 739-3000
E. willard.tom@morganlewis.com
E. jon.roellke@morganlewis.com
E. bradford.cangro@morganlewis.com

/s/ Amy M. Dudash
Jody C. Barillare (#5107)
Amy M. Dudash (#5741)
MORGAN, LEWIS & BOCKIUS LLP
1007 Orange Street, Suite 501
Wilmington, Delaware 19801
T. (302) 574-3000
E. jody.barillare@morganlewis.com
E. amy.dudash@morganlewis.com


Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
T. (302) 651-7700
E. Farnan@rlf.com
E. Haynes@rlf.com


*Attorneys for Plaintiffs and Counterclaim
Defendants SZ DJI Technology Co. Ltd. and
DJI Europe B.V. and Counterclaim
Defendant DJI Technology, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Amy M. Dudash, hereby certify that on July 13, 2018, a copy of *DJI's Second*

*Supplemental Initial Disclosures* was served via electronic mail on the following counsel of

record for Plaintiff:

Anne Shea Gaza
Robert M. Vrana
Samantha G. Wilson
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE 19801
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

Michael Flynn-O'Brien
Steptoe & Johnson LLP
One Market Street
Steuart Tower, Suite 1800
San Francisco, CA 94105
mflynnobrien@steptoe.com

Timothy C. Bickham
John Caracappa
Jonathan B. Sallet
Scott M. Richey
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington DC 20036
tbickham@steptoe.com
jcaracap@steptoe.com
jsallet@steptoe.com
srichey@steptoe.com

/s/ Amy M. Dudash
Amy M. Dudash (#5741)

# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V., <br><br> Plaintiffs, <br><br> v. <br><br> AUTEL ROBOTICS USA LLC, and AUTEL AERIAL TECHNOLOGY CO., LTD., <br><br> Defendants. | C.A. No. 16-706-LPS-CJB <br><br> (Consolidated) |
| AUTEL ROBOTICS USA LLC, and AUTEL AERIAL TECHNOLOGY CO., LTD. <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V., and DJI TECHNOLOGY, INC., <br><br> Counterclaim Defendants. |  |

## DJI'S THIRD SUPPLEMENTAL INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), and Paragraph 6 of the Stipulation and [Proposed] Third Amended Scheduling Order (D.I. 348), Plaintiffs and Counterclaim Defendants SZ DJI Technology Co., Ltd. and DJI Europe B.V. (collectively, "DJI") hereby serve the following third supplemental initial disclosures to Defendants and Counterclaim Plaintiffs Autel Robotics USA LLC and Autel Robotics Co., Ltd. (f/k/a Autel Aerial Technology Co., Ltd.) (collectively, "Autel" or "Counterclaim Plaintiffs"). These disclosures are based upon information

presently and reasonably known and available to DJI as of the date hereof, and currently within its possession, custody or control.  DJI reserves the right to supplement or amend these disclosures in the future as appropriate, as provided in Rule 26(e), as additional information becomes available during the course of the above-captioned case.

These initial disclosures are made without waiving: (1) the right to object on the grounds of competency, privilege, relevancy, materiality, hearsay, or any other proper ground; (2) the right to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; (3) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures; and (4) the right to amend, modify, clarify, or supplement the information contained herein in the event it obtains additional information, to the extent required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing reservations, DJI makes the following supplemental initial disclosures.

1.    **Identities of Individuals Likely to Have Discoverable Information That May Be Used to Support DJI's Claims or Defenses.**

All individuals listed below whose contact information states "DJI's Counsel" are employees or former employees of DJI and may be contacted only through trial counsel for DJI at Morgan, Lewis & Bockius LLP.  The general subject matter listed for each individual does not in any way limit DJI's right to question or call any individual listed to testify regarding any other subject.

In addition to the persons listed below, DJI reserves the right to rely upon all individuals and/or entities listed in Autel's initial disclosures and any supplements or amendments thereto. DJI expressly reserves the right to identify or call as witnesses other individuals in addition to

those identified herein, if it discovers that such individuals have or might have knowledge of matters relevant to this action.  DJI also expressly reserves the right to identify and call expert witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2) and any scheduling order entered in this action.

| Name | Contact Information | Subject |
|---|---|---|
| Tao Wang | DJI's Counsel | Named inventor for U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, and D691,514, and is likely to have knowledge about the claimed inventions. |
| Shaojie Chen | DJI's Counsel | Named inventor for U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530 and D691,514, and is likely to have knowledge about the claimed inventions. |
| Tao Zhao | DJI's Counsel | Named inventor for U.S. Patent Nos. 9,016,617, 9,284,049, and 9,321,530, and is likely to have knowledge about the claimed inventions. |
| Zhi Gang Ou | DJI's Counsel | Named inventor for U.S. Patent Nos. 9,016,617, 9,284,049, and 9,321,530, and is likely to have knowledge about the claimed inventions. |
| Yin Cheung | DJI's Counsel | Prosecution of the application for U.S. Patent No. 9,016,617. |
| Elaine Lee (Kim) | Wilson Sonsini Goodrich & Rosati 650 Page Mill Road Palo Alto, CA 94304-1050 | Prosecution of the applications for U.S. Patent Nos. 9,016,617, 9,284,049, and 9,321,530. |
| Karen Wong | Wilson Sonsini Goodrich & Rosati 650 Page Mill Road Palo Alto, CA 94304-1050 | Prosecution of the application for U.S. Patent No. 9,016,617. |

| Name | Contact Information | Subject |
|---|---|---|
| Connie Cheng | University of Washington Entrepreneurial Law Clinic William H. Gates Hall, Suite 265 P. O. Box 85110 Seattle, WA 98145 | Prosecution of the application for U.S. Patent No. 9,016,617. |
| Hin Meng Au | Wilson Sonsini Goodrich & Rosati 650 Page Mill Road Palo Alto, CA 94304-1050 | Prosecution of the applications for U.S. Patent Nos. 9,284,049, and 9,321,530. |
| Feng Ma | Foley & Lardner LLP 3000 K Street, N.W. Ste. 500 Washington, DC 20007 | Prosecution of the applications for U.S. Patent Nos. 9,284,049 and 9,321,530. |
| Yuanyuan (Elsa) Ma | DJI's Counsel | DJI's sales, financials (sales, margins, and costs), and pricing, including for DJI's accused products. |
| Chaowei (Allen) Zheng | DJI's Counsel | DJI's business, marketing, distribution, potential sales channels, customers, markets, competition, and products, including for DJI's accused products.

Communication with DJI's customers and potential customers.

Key features and commercial success of DJI's products.

Competition and competitors to DJI. |

| Name | Contact Information | Subject |
|---|---|---|
| Ye (Allen) Han | DJI's Counsel | DJI's business, marketing, distribution, potential sales channels, customers, markets, competition, and products.<br><br>Communication with DJI's customers and potential customers.<br><br>Key features and commercial success of DJI's products.<br><br>Competition and competitors to DJI. |
| Litian Zhang | DJI's Counsel | Technical and design aspects of DJI products accused of infringing U.S. Patent No. 7,979,174. |
| Bin Jiang | DJI's Counsel | Technical and design aspects of DJI products accused of infringing U.S. Patent No. 9,260,184. |
| Rongming Xiong | DJI's Counsel | Technical and design aspects of DJI products accused of infringing U.S. Patent No. 9,979,000. |

| Name | Contact Information | Subject |
|---|---|---|
| Individuals at each Autel entity named in this suit | | Knowledge of: (i) the design, development, functionality, and operation of Defendants' accused products; (ii) past and potential future sales, revenues, and profits relating to Defendants' accused products; (iii) advertising and promotion of Defendants' accused products; (iv) advantages and benefits offered by Defendants' accused products over the prior art and/or competing products; (v) customer implementations and uses of Defendants' accused products and interactions with customers regarding same; (vi) the value of the patented inventions; (vii) the marketplace for Defendants' accused products and competing products; (viii) notice of the patents-in-suit; and (ix) willful infringement of the patents-in-suit.<br><br>In addition, knowledge of: (i) operations of Counterclaim-Plaintiffs; (ii) Counterclaim-Plaintiffs' claims and purported damages in this action; (iii) licensing policies and practices of Counterclaim Plaintiffs; (iv) the disclosure of prior art to the USPTO; (v) ownership of Counterclaim Plaintiffs' asserted patents; (vi) marking of Counterclaim Plaintiffs' asserted patents on practicing products; (vii) predecessor-in-interest to Counterclaim Plaintiffs' asserted patents; and (viii) licensees of Counterclaim Plaintiffs' asserted patents. |

| Name | Contact Information | Subject |
|---|---|---|
| Kingsley O.C. Fregene | Honeywell International Inc. 101 Columbia Road P.O. Box 2245 Morristown, NJ 07962-2245 | Named inventor for U.S. Patent No. 7,979,174 and is likely to have knowledge about the claimed inventions. |
| Michael R. Elgersma | Honeywell International Inc. 101 Columbia Road P.O. Box 2245 Morristown, NJ 07962-2245 | Named inventor for U.S. Patent No. 7,979,174 and is likely to have knowledge about the claimed inventions. |
| Samar Dajani-Brown | Honeywell International Inc. 101 Columbia Road P.O. Box 2245 Morristown, NJ 07962-2245 | Named inventor for U.S. Patent No. 7,979,174 and is likely to have knowledge about the claimed inventions. |
| Stephen G. Pratt | Honeywell International Inc. 101 Columbia Road P.O. Box 2245 Morristown, NJ 07962-2245 | Named inventor for U.S. Patent No. 7,979,174 and is likely to have knowledge about the claimed inventions. |
| Scott V. Lundberg | Fogg & Powers LLC 4600 West 77th Street Suite 305 Minneapolis, MN 55435 | Scott Lundberg signed filings with the USPTO during prosecution of U.S. Patent No. 7,979,174 and is likely to have knowledge about prosecution of U.S. Patent No. 7,979,174. |
| Jay A. Wahlquist | International Business Machines Corporation 3605 HWY 52 N Rochester, MN 55901 | Jay Wahlquist signed filings with the USPTO during prosecution of U.S. Patent No. 7,979,174 and is likely to have knowledge about prosecution of U.S. Patent No. 7,979,174. |
| Representatives of Fogg & Powers LLC | 5810 W. 78th Street, Ste. 100 Minneapolis, MN 55439 | Prosecution of the application for U.S. Patent No. 7,979,174. |
| Representatives of Honeywell International Inc. | 101 Columbia Road Law Dept. AB2 Morristown, NJ 07962 | Previous owner of U.S. Patent No. 7,979,174 and is likely to have information regarding its ownership. |

| Name | Contact Information | Subject |
|---|---|---|
| Kurt Luther | Honeywell International Inc.<br>101 Columbia Road<br>Law Dept. AB2<br>Morristown, NJ 07962 | Assistant General Counsel of Honeywell International, Inc. and signatory of the Honeywell Patent Purchase Agreement regarding U.S. Patent No. 7,979,174.  Mr. Luther may have information regarding the ownership of the '174 patent. |
| Orville Olm | Draganfly Innovations Inc.<br>2108 St. George Avenue<br>Saskatoon, SK S7M 0K7<br>Canada | Named inventor for U.S. Patent No. 9,260,184 and is likely to have knowledge about the claimed inventions. |
| Greg Wood | Draganfly Innovations Inc.<br>2108 St. George Avenue<br>Saskatoon, SK S7M 0K7<br>Canada | Named inventor for U.S. Patent No. 9,260,184 and is likely to have knowledge about the claimed inventions. |
| Zenon Dragan | Draganfly Innovations Inc.<br>2108 St. George Avenue<br>Saskatoon, SK S7M 0K7<br>Canada | Named inventor for U.S. Patent No. 9,260,184 and is likely to have knowledge about the claimed inventions.  Mr. Dragan also may have information regarding the ownership of the '184 patent. |
| Joseph A. Rhoa | Nixon & Vanderhye, P.C.<br>901 N. Glebe Road<br>Arlington, VA 22203 | Joseph A. Rhoa signed filings with the USPTO during prosecution of U.S. Patent No. 9,260,184 and is likely to have knowledge about prosecution of U.S. Patent No. 9,260,184. |
| Representatives of Nixon & Vanderhye P.C. | 901 N. Glebe Road<br>Arlington, VA 22203 | Prosecution of the application for U.S. Patent No. 9,260,184. |
| Representatives of Ladas & Parry LLP | 224 South Michigan Ave<br>Suite 1600<br>Chicago, IL 60604 | Prosecution of the applications for U.S. Patent Nos. 7,979,174 and 9,260,184. |
| Representatives at Draganfly Innovations Inc. | 2108 St. George Avenue<br>Saskatoon, SK S7M 0K7<br>Canada | Previous owner of U.S. Patent No. 9,260,184 and is likely to have information regarding its ownership. |

| Name | Contact Information | Subject |
|---|---|---|
| Glen Hawker | Draganfly Innovations Inc.<br>2108 St. George Avenue<br>Saskatoon, SK S7M 0K7<br>Canada | Executive Chairman of the Board of Draganfly Innovations Inc. and signatory of the Autel Patent Purchase Agreement regarding U.S. Patent No. 9,260,184.  Mr. Hawker may have information regarding the ownership of the '184 patent. |
| Longxue Qiu | 9th Floor, Building B1, Zhiyuan, Xueyuan Road<br>Xili, Nanshan District<br>Shenzhen, Guangdong 518055<br>China | Named inventor for U.S. Patent No. 9,979,000 and is likely to have knowledge about the claimed invention. |
| Xingwen Wu | 9th Floor, Building B1, Zhiyuan, Xueyuan Road<br>Xili, Nanshan District<br>Shenzhen, Guangdong 518055<br>China | Named inventor for U.S. Patent No. 9,979,000 and is likely to have knowledge about the claimed invention. |
| Richard John Streit | Ladas & Parry LLP<br>224 South Michigan Ave., Suite 1600<br>Chicago, IL 60604 | Richard John Streit signed filings with the USPTO during prosecution of U.S. Patent No. 9,979,000 and is likely to have knowledge about prosecution of U.S. Patent No. 9,979,000. |
| Hermine Valizadeh | Ladas & Parry LLP<br>224 South Michigan Ave., Suite 1600<br>Chicago, IL 60604 | Hermine Valizadeh signed filings with the USPTO during prosecution of U.S. Patent No. 9,979,000 and is likely to have knowledge about prosecution of U.S. Patent No. 9,979,000. |
| Adam Vincent Litteken | Ladas & Parry LLP<br>224 South Michigan Ave., Suite 1600<br>Chicago, IL 60604 | Adam Vincent Litteken signed filings with the USPTO during prosecution of U.S. Patent No. 9,979,000 and is likely to have knowledge about prosecution of U.S. Patent No. 9,979,000. |
| Ladas & Parry LLP | 224 South Michigan Ave., Suite 1600<br>Chicago, IL 60604 | Ladas & Parry LLP is or was listed at the USPTO as counsel-of-record for U.S. Patent No. 9,979,000 and is likely to have knowledge about prosecution of U.S. Patent No. 9,979,000. |

Other individuals not specifically known to DJI at this time may possess relevant information, particularly information related to the non-infringement, unenforceability and/or invalidity of U.S. Patent Nos. 7,979,174, 9,260,184, and 9,979,000 ("Autel Asserted Patents"). Such individuals may include, but are not limited to: (1) authors of prior art publications and patents relevant to the subject matter of the Autel Asserted Patents; (2) individuals having knowledge of any prior art use, sale, offer for sale, or invention relevant to the subject matter of the Autel Asserted Patents; (3) individuals having knowledge of the level of ordinary skill in the art to which the alleged inventions pertain; (4) individuals having knowledge of any license to the Autel Asserted Patents, any offer to license the Autel Asserted Patents, or any refusal to license the Autel Asserted Patents; (5) individuals having knowledge of the circumstances or manner in which the alleged inventions are disclosed in the Autel Asserted Patents; (6) individuals having knowledge of the inventorship, ownership, or rights in the Autel Asserted Patents and/or the subject matter of the Autel Asserted Patents; (7) individuals affiliated with prosecuting attorneys during the time that each attorney's respective firm was involved in the prosecution of the Autel Asserted Patents; (8) individuals having knowledge of the operation and development of the accused DJI products; and (9) licensees of the Autel Asserted Patents.

**2.      Documents and Things in the Possession, Custody, or Control of DJI That May Be Used to Support DJI's Claims.**

DJI has in its possession, custody or control the following categories of documents, electronically stored information, and tangible things that DJI may use to support its claims. The disclosure provided herein is based upon information reasonably available at this time. Documents protected by attorney-client and attorney work product privileges are not identified, categorized, or included herein. By disclosing the following categories of documents, DJI does not waive any objections that it has or may have to the production or admissibility of these documents. Moreover,

by disclosing the following categories of documents, DJI does not waive any objections that it has or may have to producing these documents.  Further, by disclosing the following categories of documents, DJI does not admit or deny that any such documents exist.  DJI expressly reserves the right to identify additional documents, electronically stored information, and/or tangible things, if it discovers that such additional documents, electronically stored information, and/or tangible things are relevant to this action.

- Documents relating to U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, and D691,514 including their prosecution file histories, and foreign counterparts thereto;

- Documents relating to DJI's advertising, marketing and sales of its products embodying one or more of U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, and D691,514;

- Documents and things relating to the development and manufacture of DJI's products embodying one or more of U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, and D691,514;

- Documents relating to U.S. Patent Nos. 7,979,174 9,260,184, and 9,979,000, including their prosecution file histories and foreign counterparts thereto;

- Prior art to U.S. Patent Nos. 7,979,174, 9,260,184, and 9,979,000;

- Documents relating to the design, development, features, production, distribution and operation of the devices accused of infringing U.S. Patent Nos. 7,979,174 9,260,184, and 9,979,000;

- Documents relating to the sales and finances of the devices accused of infringing U.S. Patent Nos. 7,979,174, 9,260,184, and 9,979,000;

- Documents relating to the marketing and advertising of the devices accused of infringing U.S. Patent Nos. 7,979,174, 9,260,184, and 9,979,000;

- Documents relating to Autel's advertising, marketing and sales of its products;

- License agreements relating to U.S. Patent Nos. 7,979,174, 9,260,184, and 9,979,000;

- Documents relating to assignment(s) of U.S. Patent Nos. 7,979,174, 9,260,184, and 9,979,000;

- Documents identified in Autel's initial disclosures, discovery responses and any amendments thereto;

- Documents relating to the commercial unmanned vehicle industry and technology;

- Communications between DJI and Autel; and

- Communications between Autel and third parties.

These documents, to the extent their locations are known, are located either at the offices of DJI or its counsel.

### 3.     Computation of Damages

DJI is currently seeking both an injunction and damages in the case.  DJI seeks damages adequate to compensate for Defendants' infringement.  DJI anticipates seeking its lost profits, including any lost sales, price erosion, and lost convoyed sales and derivative sales, as damages for Defendants' infringement of DJI's Patents-in-Suit for all past, current and future time periods during which Defendants are liable for such infringement.  In the event DJI is not awarded its lost profits, DJI will seek damages in the form of a reasonable royalty for Defendants' infringement of DJI's Patents-in-Suits for all past, current and future time periods during which Defendants are liable for such infringement.  In either event, DJI will seek interest and costs as fixed by the Court. DJI has provided a detailed computation of damages in Michele M. Riley's Expert Report on Damages dated December 22, 2017 and will provide a supplemental computation of damages after additional damages-related discovery, including information relating to sales of Defendants' accused products, is made available by Defendants and after such information has been evaluated by an expert witness.  As this is an exceptional case, DJI also seeks reasonable and necessary attorneys' fees.  DJI further seeks treble damages to compensate DJI for Defendants' willful infringement.  To the extent allowable by law, DJI seeks its attorneys' fees, costs, expenses, and

pre- and post-judgment interest, and such other relief as the Court may deem appropriate either at law or in equity.

In accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(iii), DJI has made available for inspection and copying, as required under Rule 34, the documents or other evidentiary material, unless privileged or protected from disclosure, on which DJI's damages computation is based and will make additional documents available, if any exist. DJI will also produce documents relating to its attorneys' fees, costs, and expenses in connection with its request for such an award at the appropriate time.

DJI has already provided its expert report on damages for U.S. Patent Nos. 9,016,617, 9,284,049, 9,321,530, and D691,514. DJI will provide any expert reports on damages for U.S. Patent Nos. 7,979,174 9,260,184, and 9,979,000 in accordance with the schedule in this Action.

## 4.    Insurance Agreements

Upon current information and belief, DJI is unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

Dated: April 12, 2019

*Of Counsel*

Willard K. Tom
Jon R. Roellke
Bradford A. Cangro
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004-2541
T. (202) 739-3000
E. willard.tom@morganlewis.com
E. jon.roellke@morganlewis.com
E. bradford.cangro@morganlewis.com

/s/ Amy M. Dudash
Jody C. Barillare (#5107)
Amy M. Dudash (#5741)
MORGAN, LEWIS & BOCKIUS LLP
1007 Orange Street, Suite 501
Wilmington, Delaware 19801
T. (302) 574-3000
E. jody.barillare@morganlewis.com
E. amy.dudash@morganlewis.com

Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
T. (302) 651-7700
E. Farnan@rlf.com
E. Haynes@rlf.com

*Attorneys for Plaintiffs and Counterclaim*
*Defendants SZ DJI Technology Co. Ltd. and*
*DJI Europe B.V. and Counterclaim*
*Defendant DJI Technology, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 12, 2019, a true and correct copy of the foregoing document

was served, via e-mail, on the following:

Anne Shea Gaza
Robert M. Vrana
Samantha G. Wilson
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE 19801
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

Michael Flynn-O'Brien
Steptoe & Johnson LLP
One Market Street
Steuart Tower, Suite 1800
San Francisco, CA 94105
mflynnobrien@steptoe.com

Timothy C. Bickham
John Caracappa
Jonathan B. Sallet
Scott M. Richey
Beau M. Goodrick
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington DC 20036
tbickham@steptoe.com
jcaracap@steptoe.com
jsallet@steptoe.com
srichey@steptoe.com
bgoodrick@steptoe.com

/s/ Amy M. Dudash
Amy M. Dudash (#5741)

# EXHIBIT H

Case 1:16-cv-00100-LPS   Document 654-8   Filed 08/20/21   Page 87 of 328 PageID #: 25471



Annotation added by Autel: this photograph was produced by DJI on June 10, 2021 at BATES No. DJIATL_2000001



Annotation added by Autel: this photograph was produced by DJI on June 10, 2021 at BATES No. DJIATL_2000002



Annotation added by Autel: this photograph was produced by DJI on June 10, 2021 at BATES No. DJIATL_2000004



 djiglobal                                                    1d



❤️ 3,265 likes

**djiglobal** Experience FPV with #ZEISS #VRONE and the #DJI #inspire1 PRO at #CES2016.

Visit South Hall 25602. Win a DJI #OSMO with the #DJIScavengerHunt



Annotation added by Autel: this photograph was produced by DJI on June 10, 2021 at BATES No. DJIATL_2000014

# EXHIBIT I

Case 1:16-cv-00106-LPS   Document 654-8   Filed 08/20/21   Page 92 of 328 PageID #: 25716

| Doc ID | Produced on | File Extension | File Name |
|---|---|---|---|
| DJIATL_2000001 | 6/10/2021 | JPG | DJIATL_2000001_2014 Aug Flying Flame Wheel.JPG |
| DJIATL_2000002 | 6/10/2021 | JPG | DJIATL_2000002_2014 Dec Flying Inspire 1.JPG |
| DJIATL_2000003 | 6/10/2021 | JPG | DJIATL_2000003_2014 Dec Introducing DJI to Beijing Media.JPG |
| DJIATL_2000004 | 6/10/2021 | JPG | DJIATL_2000004_2015 Feb Flying P2V+ in Australia(1).JPG |
| DJIATL_2000005 | 6/10/2021 | JPG | DJIATL_2000005_2015 Feb Flying P2V+ in Australia.JPG |
| DJIATL_2000006 | 6/10/2021 | JPG | DJIATL_2000006_2015 Feb Taking Interviews (https_kknews.cc_zh-sg_game_8qqeben.html).JPG |
| DJIATL_2000007 | 6/10/2021 | JPG | DJIATL_2000007_2015 March P3 Launch in London.JPG |
| DJIATL_2000008 | 6/10/2021 | JPG | DJIATL_2000008_2015 Oct Speaking at Osmo Launch Event in Beijing(1).JPG |
| DJIATL_2000009 | 6/10/2021 | jpg | DJIATL_2000009_2015 Oct Speaking at Osmo Launch Event in Beijing.jpg |
| DJIATL_2000010 | 6/10/2021 | PNG | DJIATL_2000010_2015 Sep Local Newspaper.PNG |
| DJIATL_2000011 | 6/10/2021 | JPG | DJIATL_2000011_2015 speaking at New Pilot Experience Event in Beijing.JPG |
| DJIATL_2000012 | 6/10/2021 | JPG | DJIATL_2000012_2016 CES Getting interviewed at CES.JPG |
| DJIATL_2000013 | 6/10/2021 | JPG | DJIATL_2000013_2016 CES.JPG |
| DJIATL_2000014 | 6/10/2021 | PNG | DJIATL_2000014_2016 CES.PNG |
| DJIATL_2000015 | 6/10/2021 | JPG | DJIATL_2000015_2016 Introducing Mavic Pro to media at Mavic Pro Launch event in NY.JPG |
| DJIATL_2000016 | 6/10/2021 | PNG | DJIATL_2000016_2016 Korea Flagship Store open.PNG |
| DJIATL_2000017 | 6/10/2021 | JPG | DJIATL_2000017_2016 March P4 Launch Event in NY.JPG |
| DJIATL_2000018 | 6/10/2021 | JPG | DJIATL_2000018_2016 March Proud Moment of P4 Launch.JPG |
| DJIATL_2000019 | 6/10/2021 | JPG | DJIATL_2000019_2016 Nov Inspire 2 Launch in LA(1).JPG |
| DJIATL_2000020 | 6/10/2021 | JPG | DJIATL_2000020_2016 Nov Inspire 2 Launch in LA.JPG |
| DJIATL_2000021 | 6/10/2021 | png | DJIATL_2000021_2016 P4 Launch Shenzhen (https___www.youtube.com_watch_v=6Z7xxKRLEdo&lc=UghI7ceZL74gmngCoAEC).png |
| DJIATL_2000022 | 6/10/2021 | JPG | DJIATL_2000022_2016 Sep Mavic Pro Launch in NY.JPG |
| DJIATL_2000023 | 6/10/2021 | JPG | DJIATL_2000023_2016 Speaking at SkyPixel event in Shanghai.JPG |
| DJIATL_2000024 | 6/10/2021 | JPG | DJIATL_2000024_2017 Flying Mavic Pro at Singapore Trade show.JPG |
| DJIATL_2000025 | 6/10/2021 | JPG | DJIATL_2000025_2017 Spark HK Bus Advertisement.JPG |
| DJIATL_2000026 | 6/10/2021 | MP4 | DJIATL_2000026_2017 Spark Launch billboard in NY.MP4 |

| DJIATL_2000027 | 6/10/2021 | JPG | DJIATL_2000027_2017 Spark Launch event in NY.JPG |
|---|---|---|---|
| DJIATL_2000028 | 6/10/2021 | JPG | DJIATL_2000028_2018 Aug Mavic 2 NY Launch.JPG |
| DJIATL_2000029 | 6/10/2021 | JPG | DJIATL_2000029_2018 Jan Mavic Air Launch in NY.JPG |
| DJIATL_2000030 | 6/10/2021 | JPG | DJIATL_2000030_2018 Jan Mavic Air Launch.JPG |
| DJIATL_2000031 | 6/10/2021 | JPG | DJIATL_2000031_2018 M2 Launch.JPG |
| | | | |
| DJIATL_2000032 | 6/10/2021 | JPG | DJIATL_2000032_2018 Mavic 2 Launch working with Academy-winning Jimmy Chin.JPG |
| DJIATL_2000033 | 6/10/2021 | JPG | DJIATL_2000033_2018 Nov Osmo Pocket Launch in NY.JPG |
| DJIATL_2000034 | 6/10/2021 | JPG | DJIATL_2000034_2019 Oct Mavic Mini Launch in NY.JPG |
| DJIATL_2000035 | 6/10/2021 | JPG | DJIATL_2000035_2019 RM S1 Media demo in NY.JPG |
| DJIATL_2000036 | 6/10/2021 | mp4 | DJIATL_2000036_A Cosmic Voyage with the DJI Mavic 2.mp4 |
| | | | |
| DJIATL_2000037 | 6/10/2021 | mp4 | DJIATL_2000037_DJI Expedition Greenland Ski Mountaineering with Jimmy Chin.mp4 |
| | | | |
| DJIATL_2000038 | 6/10/2021 | mp4 | DJIATL_2000038_DJI - Expedition Greenland_ Behind the Scenes with the Mavic 2.mp4 |
| DJIATL_2000039 | 6/10/2021 | mp4 | DJIATL_2000039_DJI - Happy Holidays From Spark.mp4 |
| | | | DJIATL_2000040_DJI - Inspire 2 Made-For-Cinema Drone Amazes with Live Action |
| DJIATL_2000040 | 6/10/2021 | mp4 | Scene.mp4 |
| DJIATL_2000041 | 6/10/2021 | mp4 | DJIATL_2000041_dji-spark-around-the-world.mp4 |
| DJIATL_2000042 | 6/10/2021 | mp4 | DJIATL_2000042_Folder 4 - 1 DJI - Red Bull One Shot Behind the Scenes.mp4 |
| | | | DJIATL_2000043_Folder 4 - 2 |
| DJIATL_2000043 | 6/10/2021 | mp4 | 105885011_670445643503792_5730436933183865589_n.mp4 |
| DJIATL_2000044 | 6/10/2021 | mp4 | DJIATL_2000044_Folder 4 - 3 ViewPoints Work from Home Compilation.mp4 |
| DJIATL_2000045 | 6/10/2021 | mp4 | DJIATL_2000045_Folder 4 - 4 ViewPoints Work from Home Compilation.mp4 |
| DJIATL_2000046 | 6/10/2021 | mp4 | DJIATL_2000046_Folder 4 - 5 marathon-1.mp4 |
| DJIATL_2000047 | 6/10/2021 | mp4 | DJIATL_2000047_Folder 4 - 6 stay-home-stay-creative-winner-spotlight.mp4 |
| DJIATL_2000048 | 6/10/2021 | pdf | DJIATL_2000048_Folder 4 OsmoActionJimmyChin.pdf |
| | | | |
| DJIATL_2000049 | 6/10/2021 | mp4 | DJIATL_2000049_Folder 4 RR Freestyle StayHomeStayCreative - BlueConvert.com.mp4 |
| DJIATL_2000050 | 6/10/2021 | JPG | DJIATL_2000050_from 2016 CES.JPG |
| DJIATL_2000051 | 6/10/2021 | mp4 | DJIATL_2000051_Introducing the DJI Mavic 2.mp4 |
| DJIATL_2000052 | 6/10/2021 | mp4 | DJIATL_2000052_Meet the DJI Smart Controller.mp4 |

| | | | |
|---|---|---|---|
| DJIATL_2000053 | 6/10/2021 | mp4 | DJIATL_2000053_Transport Yourself with the DJI Mavic 2.mp4 |
| DJIATL_2000054 | 6/10/2021 | mp4 | DJIATL_2000054_Try it All with the Mavic 2 - Control Time.mp4 |
| DJIATL_2000055 | 6/10/2021 | mp4 | DJIATL_2000055_Try it All with the Mavic 2 - Flexible Optical Zoom.mp4 |
| DJIATL_2000056 | 6/10/2021 | mp4 | DJIATL_2000056_Try it All with the Mavic 2 - See More with a Powerful Sensor.mp4 |
| DJIATL_2000057 | 6/10/2021 | mp4 | DJIATL_2000057_DJI Introducing Spark.mp4 |
| DJIATL_2000058 | 6/10/2021 | mp4 | DJIATL_2000058_DJI - Introducing the DJI Spark (NYC Event Livestream).mp4 |
| DJIATL_2000059 | 6/10/2021 | mp4 | DJIATL_2000059_DJI - Mavic - Adventure at Your Fingertips (Live Event) - BlueConvert.com.mp4 |
| DJIATL_2000060 | 6/10/2021 | mp4 | DJIATL_2000060_DJI - Mavic - Adventure at Your Fingertips -Live Event.mp4 |
| DJIATL_2000061 | 6/10/2021 | mp4 | DJIATL_2000061_DJI Mavic 2 Engineered to Amaze.mp4 |
| DJIATL_2000062 | 6/10/2021 | mp4 | DJIATL_2000062_DJI - Mavic 2 - Grossglockner.mp4 |
| DJIATL_2000063 | 6/10/2021 | mp4 | DJIATL_2000063_DJI - Phantom 4 Launch Reactions - BlueConvert.com.mp4 |
| DJIATL_2000064 | 6/10/2021 | mp4 | DJIATL_2000064_DJI - Phantom 4 Launch Reactions.mp4 |
| DJIATL_2000065 | 6/10/2021 | mp4 | DJIATL_2000065_DJI - Red Bull One Shot Behind the Scenes.mp4 |
| DJIATL_2000066 | 6/10/2021 | mp4 | DJIATL_2000066_DJI - See the Bigger Picture - Aug 23, 2018.mp4 |
| DJIATL_2000067 | 6/10/2021 | mp4 | DJIATL_2000067_DJI - Seize The Moment - May 24, 2017.mp4 |
| DJIATL_2000068 | 6/10/2021 | mp4 | DJIATL_2000068_DJI - Spark - Born to Win.mp4 |
| DJIATL_2000069 | 6/10/2021 | mp4 | DJIATL_2000069_DJI - Spark - Capture Every Moment.mp4 |
| DJIATL_2000070 | 6/10/2021 | mp4 | DJIATL_2000070_DJI - Spark - NYC Launch Event Recap.mp4 |
| DJIATL_2000071 | 6/10/2021 | mp4 | DJIATL_2000071_DJI - Spark - Possibilities.mp4 |
| DJIATL_2000072 | 6/10/2021 | mp4 | DJIATL_2000072_DJI - Spark - Spark Your Imagination.mp4 |
| DJIATL_2000073 | 6/10/2021 | mp4 | DJIATL_2000073_DJI Inspire 2Made-For-CinemaDrone Amazes with Live Action Scene - BlueConvert.com.mp4 |
| DJIATL_2000074 | 6/10/2021 | mp4 | DJIATL_2000074_DJI Mavic 2 - Rapid Recap.mp4 |
| DJIATL_2000075 | 6/10/2021 | mp4 | DJIATL_2000075_720.mp4.mp4 |

# EXHIBIT J

Case 1:16-cv-00100-LPS   Document 654-8   Filed 08/20/21   Page 96 of 328 PageID #: 25480

ORAL ORDER: The Court, having reviewed Plaintiff Guardant Health, Inc.'s ("Guardant") discovery dispute motion in which it moves to preclude Defendant Foundation Medicine, Inc.'s ("FMI") CEO, Cindy Perettie, from testifying at trial, (the "Motion"), (D.I. 413 ), and the parties' letter briefs relating thereto, (D.I. 417; D.I. 420), and having heard telephonic argument on April 27, 2020, HEREBY GRANTS Guardant's Motion for the following reasons: (1) On March 19, 2020, FMI served amended initial disclosures adding an additional FMI witness, Ms. Perettie. Guardant requests that the Court preclude Ms. Perettie from testifying at trial, arguing that she should have been earlier disclosed pursuant to Federal Rule of Civil Procedure 26(a)(1)(A). (D.I. 417 at 1) That is an understatement. FMI's disclosure was not only untimely, it was substantially untimely. According to FMI, the need to disclose a new witness who would "describe the company and its mission[,]" (D.I. 420 at 3), was prompted by the October 2019 departure of FMI's Chief Commercial Officer ("COO"), Thomas Civik, who, prior to his departure, was going to cover this ground at trial, (id. at 1). However, FMI did not move to disclose a new witness then, or in a few weeks after Mr. Civik's departure. Instead, it claims that it needed to wait an additional three months, until January 2020, when a replacement COO was hired. Did it amend its disclosures then? No. Instead, according to FMI, this new hire simply prompted it to BEGIN a "thorough process" to decide whom it should designate, a process that took between two and three additional months to conclude, culminating in the March 19, 2020 amended disclosures that identified Ms. Perettie (who has been with FMI since February 2019). (Id.) All of this delay occurred while the case was then in its late stages, heading toward trial. "Untimely" does not do this "process" justice. (2) The Pennypack factors militate in favor of Guardant's request. It is true that the second and third Pennypack factors probably lean in favor of FMI. The Court is not sure exactly what new discovery would be required as to Ms. Perettie, but it assumes that because the trial is now not set to occur until November 2020, that discovery could occur without displacing the trial date. (That said, adding any additional discovery to an already heavily-litigated case that is still undergoing additional depositions and document production well after the close of fact discovery, during the COVID-19 crisis, is not without challenge.). (See, e.g., D.I. 414 at 3-7) However, though the Pennypack factors may be very forgiving, they are not a sieve. And indeed, the remaining factors go against FMI. The first Pennypack factor, which considers surprise or prejudice, would clearly go Guardant's way, as Guardant was undoubtedly surprised to see FMI's CEO named on FMI's initial disclosures for the first time in March 2020 (for all of the reasons set out above) and would be prejudiced to have to respond to that disclosure at this late stage. With respect to the fourth Pennypack factor, while the Court would not use the term "bad faith," this is the second time that the Court has found that FMI made late disclosures in violation of Rule 26(a)(1)(A) (and Ms. Perettie is the fourth witness that FMI has untimely disclosed). (See D.I. 263); see Integra LifeScis. Corp. v. HyperBranch Med. Tech., Inc., Civil Action No. 15-819-LPS-CJB, 2018 WL 3814614, at *3 (D. Del. Mar. 23, 2018). The Court has to infer that FMI made a knowing decision to take months and months to disclose a new witness, well after the fact discovery cutoff, presumably thinking that such delay would be countenanced. And the fifth Pennypack factor favors Guardant. FMI acknowledges that Ms. Perettie will not be testifying about the "technical issues at the heart of this litigation or offering expert testimony." (D.I. 420 at 2) While testimony describing the company "and its mission" will no doubt be helpful in this case, FMI has

two current employees (a Director of Product Development Informatics and Systems Integration and a Vice President of Finance) listed on its disclosures (as well as former employees who held high-level positions) who could address this topic at trial. (D.I. 417 at 3; D.I. 420 at 1); (3) Accordingly, the Court finds that the Pennypack factors weigh in favor of grant of Guardant's Motion. Ordered by Judge Christopher J. Burke on 4/28/2020. (mlc) (Entered: 04/28/2020)

As of April 29, 2020, PACER did not contain a publicly available document associated with this docket entry. The text of the docket entry is shown above.

*Guardant Health, Inc. v. Foundation Medicine, Inc.*
1-17-cv-01616 (DDE), 4/28/2020, docket entry 423

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V., | |
| Plaintiffs, | |
| v. | C.A. No. 16-706-LPS |
| AUTEL ROBOTICS USA LLC and AUTEL AERIAL TECHNOLOGY CO., LTD., | (Consolidated) |
| Defendants/Counterclaim Plaintiffs, | |
| v. | |
| DJI TECHNOLOGY INC., SZ DJI TECHNOLOGY CO., LTD., and DJI EUROPE B.V., | |
| Counterclaim Defendants. | |

**DJI'S OPPOSITION TO AUTEL'S MOTION *IN LIMINE* NO. 1**
**TO PRECLUDE TESTIMONY OF LEXIE MA AND RICHARD DISSMAN**

I.      **INTRODUCTION**

DJI respectfully requests that the Court deny Autel's motion in *limine* no. 1 to preclude

trial testimony from Lexie Ma (DJI's Head of Consumer Marketing) and Richard Dissman (DJI's

patent counsel in a German proceeding involving a design patent-in-suit).  Autel pays lip service

to the Third Circuit's demanding standard for evidentiary preclusion, but falls far short of meeting

its burden to demonstrate that this extreme sanction is warranted.  Autel then complains regarding

DJI's "late" disclosure of Ms. Ma and Mr. Dissman, but ignores its own eve-of-trial belated witness

disclosures.  Autel's conclusory assertions fail to carry the significant burden to demonstrate that

Ms. Ma and Mr. Dissman should be precluded from testifying.

II.     **ARGUMENT**

"[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed

absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of

the evidence."  *Myers v. Pennypack*, 559 F.2d 894, 905 (3d Cir. 1997).  "Courts in the Third Circuit

should exercise particular restraint in considering motions to exclude evidence [,]" as "[t]he Third

Circuit has, on several occasions, manifested a distinct aversion to the exclusion of important

testimony absent evidence of extreme neglect or bad faith on the part of the proponent of the

testimony." *ABB Air Preheater v. Regenerative Envtl. Equip.*, 167 F.R.D. 668, 671 (D.N.J. 1996).

A.      **The Court Should Permit Lexie Ma to Testify Regarding DJI, Products, and
        Marketing.**

DJI intends to present Lexie Ma to testify at trial to introduce DJI as a company, introduce

the products at issue in this case that DJI makes and sells, and describe the market conditions for

DJI's products and competing products from Autel and others.[1]  Her testimony introducing DJI

and on these issues is important to providing the jury with context for the issues they will be asked

to address in this case.  The design patent infringement claims, for example, necessarily involve

---

[1] Ms. Ma will not testify regarding technical features or engineering design of any products.

consideration of the parties' competing products and how they are marketed to consumers.  DJI disclosed Ms. Ma as having knowledge regarding these issues when DJI identified her on its Rule 26 disclosures served in April 2021—over three months ago, prior to trial even being scheduled in this matter, and months before the parties' pretrial disclosures.  Autel criticizes DJI's supposed lack of diligence in identification of Ms. Ma, but ignores that this case has been pending for nearly five years, and that, in that time, DJI (like Autel) has experienced employee turnover.  Although Ms. Ma has been a DJI employee for a few years, the need to have her testify only recently became apparent when DJI's formerly-identified witness on precisely the same topics as Ms. Ma left DJI.  *See* Autel MIL No. 1, Ex. F (July 13, 2018 Disclosures identifying now former DJI employee Michael Perry as having knowledge regarding same topics as Ms. Ma).  Autel also claims that Ms. Ma's testimony is an unfair surprise.  But, Autel knew DJI would have a witness testify on these topics at least as early as two years ago when DJI first identified a now-former DJI employee Mr. Perry as a witness with knowledge of DJI's product marketing.  *See id.*

Autel's claims of "clear prejudice" fall flat.  Neither the supposed (1) inability to seek discovery into Ms. Ma's documents or (2) inability to depose Ms. Ma demonstrate the requisite prejudice necessary for exclusion.  First, Autel's claim to entitlement to document discovery from Ms. Ma is contrary to this Court's rules.  DJI never disclosed Ms. Ma as an ESI custodian nor was it under an obligation to do so.  Thus, no matter when Ms. Ma was disclosed as a potential witness, Autel would not be entitled to separate document discovery from her.  Autel also ignores that during fact discovery, DJI produced dozens of marketing-related documents, including articles regarding the Accused Products—many of the documents that Ms. Ma will testify about a trial.

Autel's complaints regarding the supposed inability to depose Ms. Ma are likewise unfounded.  In the over three months since DJI added Ms. Ma to its initial disclosures, Autel ***never***

sought to depose her.  Had Autel done so, DJI would have made her available for deposition.
Trying to benefit from its own lack of diligence, Autel now claims it is too late to take Ms. Ma's
deposition because doing so would "penalize" Autel's trial preparations.  In addition to glossing
over its failure to seek a deposition in a timely fashion, Autel ignores that such deposition is
unnecessary as Autel already deposed Mr. Perry, DJI's earlier-identified marketing witness.

Autel's claims of bad faith are likewise unsupported.  Autel criticizes DJI for pointing out
employee attrition as support for DJI's disclosure of Ms. Ma.  But, Autel can hardly claim relying
on employee turnover is bad faith given that this is precisely the rationale Autel provided to excuse
its disclosure of witnesses within weeks of trial and months after DJI made its disclosure of Ms.
Ma and Mr. Dissman.  Far from acting in bad faith, DJI has sought to reach a reasonable
compromise with Autel to account for both parties' claimed need to substitute in different
corporate witnesses for trial, seeking Autel's agreement to let both Ms. Ma and a later-disclosed
Autel CEO testify at trial.  *See* Counsel Email Exchange, Ex. 1 hereto.  But, Autel refused.[2]

### B. The Court Should Permit Mr. Dissman to Testify Regarding Outcome of a Related Proceeding.

Autel's request to exclude Mr. Dissman—DJI's German patent attorney in a German
litigation where Autel was found to infringe DJI's German Design Registration that corresponds
to the design patent-in-suit—should be summarily rejected.  If Autel can introduce results from a
Chinese litigation, then DJI should be permitted to rely on the outcome of the German litigation in
order to rebut Autel's claim that its infringement was not willful because it mistakenly thought the
outcome in China somehow meant Autel could not be found to infringe in other countries.

---

[2] Although DJI believes the Court should take an even-handed approach between the parties with respect to permitting reasonable, non-prejudicial witness substitution, the testimony of Joseph O'Hearn—a belatedly disclosed Autel engineer—is highly prejudicial to DJI for the reasons set forth in DJI's MIL No. 1.  Thus, no matter the outcome of Autel's MIL No. 1, the Court should preclude Mr. O'Hearn from testifying.

Dated: July 28, 2021

Michael J. Lyons
Ahren C. Hsu-Hoffman
Thomas Y. Nolan
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Rd
Palo Alto, California 94303
T. (650) 843-4000
E. michael.lyons@morganlewis.com
E. ahren.hsu-hoffman@morganlewis.com

J. Kevin Fee
Hang Zheng
JiaZhen (Ivon) Guo
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004-2541
T. (202) 739-3000
E. kevin.fee@morganlewis.com
E. hang.zheng@morganlewis.com

Respectfully submitted,

/s/Amy M. Dudash
Amy M. Dudash (#5741)
MORGAN, LEWIS & BOCKIUS LLP
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
T. (302) 574-3000
E. amy.dudash@morganlewis.com

Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
T. (302) 651-7700
E. Farnan@rlf.com
E. Haynes@rlf.com

*Attorneys for Plaintiffs*
*SZ DJI Technology Co. Ltd. and*
*DJI Europe B.V.*

4

# **<u>EXHIBIT 1</u>**

**From:** Bickham, Timothy <tbickham@steptoe.com>
**Sent:** Tuesday, July 20, 2021 9:53 AM
**To:** Hsu-Hoffman, Ahren C. <ahren.hsu-hoffman@morganlewis.com>
**Cc:** Lyons, Michael J. <michael.lyons@morganlewis.com>; Nolan, Thomas Y. <thomas.nolan@morganlewis.com>
**Subject:** RE: DJI's MIL Topic #9 / Autel's MIL Topic #2

[EXTERNAL EMAIL]
Ahren,

Thank you for the proposal and Autel hopes that we can narrow the number of issues. Unfortunately we cannot agree on this particular issue. We don't view the circumstances of the timing of the disclosures of Ms. Ma and Mr. Warnas, or their scope of their potential testimony, as being equivalent.

Regards,
Tim

**From:** Bickham, Timothy
**Sent:** Tuesday, July 20, 2021 8:15 PM
**To:** Hsu-Hoffman, Ahren C. <ahren.hsu-hoffman@morganlewis.com>
**Cc:** Lyons, Michael J. <michael.lyons@morganlewis.com>; Nolan, Thomas Y. <thomas.nolan@morganlewis.com>
**Subject:** RE: DJI's MIL Topic #9 / Autel's MIL Topic #2

Ahren,

Thanks for the time yesterday afternoon and for your message below. I need to discuss the proposal but will try to get back to you in the morning Pacific time.

Regards,
Tim

**From:** Hsu-Hoffman, Ahren C. <ahren.hsu-hoffman@morganlewis.com>
**Sent:** Tuesday, July 20, 2021 3:14 PM
**To:** Bickham, Timothy <tbickham@steptoe.com>
**Cc:** Lyons, Michael J. <michael.lyons@morganlewis.com>; Nolan, Thomas Y. <thomas.nolan@morganlewis.com>
**Subject:** DJI's MIL Topic #9 / Autel's MIL Topic #2

Tim,

Nice talking with you at the last meet and confer. As we discussed, Autel disclosed Randall Warnas as a proposed live witness just a few days ago, while DJI disclosed Lexie Ma as a potential witness months ago, back in April. We each have stated objections to these witnesses.

In the interest of trying to resolve as many disputes in advance and without the Court's intervention, we write to propose that the parties agree to terms that will allow each of these witnesses to introduce his and her respective companies at trial. If Autel will agree to drop its objection to Lexi Ma testifying to introduce DJI as a company, talk at a high, marketing level about the products her company makes and sells (those at issue in the case, of course), and

describe the market conditions for DJI's products and competing products from Autel and others, DJI will not object to Mr. Warnas providing like-kind testimony concerning Autel and its products. We would agree that each witnesses' testimony would be limited to these topics so, for example, Mr Warnas would not testify about his work at DJI or what he learned there.

Please let us know if these terms are acceptable to Autel.

Best,
Ahren

**Ahren C. Hsu-Hoffman**
**Morgan, Lewis & Bockius LLP**
1400 Page Mill Road | Palo Alto, CA 94304
Direct: +1.650.843.7250 | Main: +1.650.843.4000 | Fax: +1.650.843.4001 | Mobile: +1.408.390.8409
ahren.hsu-hoffman@morganlewis.com | www.morganlewis.com
Assistant: Marilyn Jean Doris | +1.650.843.7578 | marilyn.doris@morganlewis.com



DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD. AND DJI EUROPE B.V., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| AUTEL ROBOTICS USA LLC AND AUTEL AERIAL TECHNOLOGY CO., LTD., | ) ) ) ) |
| Defendants. | ) ) |
| | |
| AUTEL ROBOTICS USA LLC AND AUTEL AERIAL TECHNOLOGY CO., LTD., | ) ) ) ) |
| Counterclaim Plaintiffs, | ) ) |
| v. | ) ) |
| SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V., AND DJI TECHNOLOGY INC., | ) ) ) ) |
| Counterclaim Defendants. | ) ) |

C.A. No. 16-706-LPS
**(CONSOLIDATED)**

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* NO. 1**
**TO PRECLUDE PLAINTIFFS  FROM CALLING UNTIMELY WITNESSES**
<u>**LEXIE MA AND RICHARD DISSMANN AT TRIAL**</u>

Dated: July 31, 2021

OF COUNSEL:
Timothy C. Bickham
Hui Shen, Ph.D.
Craig A. Hoovler
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801

(202) 429-3000
tbickham@steptoe.com
hshen@steptoe.com
choovler@steptoe.com

Stephen Yang
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3907
syang@steptoe.com

Anna M. Targowska
STEPTOE & JOHNSON LLP
227 West Monroe Street
Suite 4700
Chicago, IL 60606
(312) 577-1300
atargowska@steptoe.com

Fan Liang
BROAD & BRIGHT
Room 1508, 15th Floor
Tower C, Ocean Office Park
No. 5 jinghuananjie, Chaoyang District
Beijing 100020, China
+86 10 8513 1852
alex_liang@broadbright.com

(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
bswadley@ycst.com

*Attorneys for Autel Robotics USA LLC and*
*Autel Aerial Technology Co., Ltd. (n/k/a*
*Autel Robotics Co., Ltd.)*

Autel prepared its defenses based on the discovery record. Now, almost two years after fact discovery closed, DJI wants Ms. Ma to testify at trial even though she has been a DJI employee for **seven years** and she was only identified as having relevant knowledge **three months** ago.

DJI's argument that Ms. Ma merely replaces former employee Michael Perry does not justify its late disclosure. Mr. Perry was deposed in 2017 as a corporate representative. Mr. Perry left DJI shortly after his deposition and a year before fact discovery closed in 2019. D.I. 390. Yet, DJI waited ***three years*** to inform Autel of this change in circumstance. DJI also asserts Mr. Perry was not designated "on precisely the same topics as Ms. Ma," but its own corporate disclosure contradicts that assertion. The description for Ms. Ma states that she has knowledge "especially with respect to the United States." Mr. Perry's does not. *See* Autel's MIL 1, Ex. B at 6.

DJI's argument that Autel did not suffer any prejudice by its inability to depose Ms. Ma because "DJI ***never disclosed*** Ms. Ma as an ESI custodian" also does not justify the late disclosure and is a classic red herring. Had DJI disclosed Ms. Ma, Autel could have deposed her irrespective of ESI status. According to a case DJI cites, all these facts establish a "flagrant disregard of a Court order" which warrants exclusion. Opp. at 1 (citing *Myers v. Pennypack*, 559 F.2d 894, 905 (3d Cir. 1997)); *see also Liqwd, Inc. v. L'Oreal USA, Inc.*, C.A. No. 17-14-JFB-SRF, 2019 WL 7945247, at *1-2 (D. Del. June 25, 2019). DJI cites no other law to support a different outcome. *Cooke v. Phelps*, No. 17-CV-00781-CFC, 2019 WL 6307769, at *3 (D. Del. Nov. 25, 2019) ("[A]rguments raised in passing … but not squarely argued, are considered waived."). Tellingly, DJI's opposition does not address or distinguish any legal authority cited in Autel's motion.

Regarding Mr. Dissman, DJI does not argue for his inclusion but focuses only on the relevance of German proceedings to this case. Opp. at 3. Accordingly, Autel respectfully requests that the Court grant its motion to exclude both Ms. Ma and Mr. Dissman from testifying at trial.

Dated: July 31, 2021

OF COUNSEL:
Timothy C. Bickham
Hui Shen, Ph.D.
Craig A. Hoovler
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000
tbickham@steptoe.com
hshen@steptoe.com
choovler@steptoe.com

Stephen Yang
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3907
syang@steptoe.com

Anna M. Targowska
STEPTOE & JOHNSON LLP
227 West Monroe Street
Suite 4700
Chicago, IL 60606
(312) 577-1300
atargowska@steptoe.com

Fan Liang
BROAD & BRIGHT
Room 1508, 15th Floor
Tower C, Ocean Office Park
No. 5 jinghuananjie, Chaoyang District
Beijing 100020, China
+86 10 8513 1852
alex_liang@broadbright.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
bswadley@ycst.com

*Attorneys for Autel Robotics USA
LLC and Autel Aerial Technology
Co., Ltd. (n/k/a Autel Robotics Co.,
Ltd.)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SZ DJI TECHNOLOGY CO., LTD. AND DJI EUROPE B.V., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 16-706-LPS **(CONSOLIDATED)** |
| AUTEL ROBOTICS USA LLC AND AUTEL AERIAL TECHNOLOGY CO., LTD., | ) ) ) ) | |
| Defendants. | ) ) | **CONTAINS CONFIDENTIAL INFORMATION** |
| | ) | |
| AUTEL ROBOTICS USA LLC AND AUTEL AERIAL TECHNOLOGY CO., LTD., | ) ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | |
| SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V., AND DJI TECHNOLOGY INC., | ) ) ) ) | |
| Counterclaim Defendants. | ) ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE UNSUPPORTED
DJI EXPERT OPINIONS AND EVIDENCE NOT RELIED ON BY THE EXPERTS**

Dated: July 21, 2021

OF COUNSEL:
Timothy C. Bickham
Hui Shen, Ph.D.
Craig A. Hoovler
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com

tbickham@steptoe.com
hshen@steptoe.com
choovler@steptoe.com

Stephen Yang
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3907
syang@steptoe.com

Anna M. Targowska
STEPTOE & JOHNSON LLP
227 West Monroe Street
Suite 4700
Chicago, IL 60606
(312) 577-1300
atargowska@steptoe.com

Fan Liang
BROAD & BRIGHT
Room 1508, 15th Floor
Tower C, Ocean Office Park
No. 5 jinghuananjie, Chaoyang District
Beijing 100020, China
+86 10 8513 1852
alex_liang@broadbright.com

rvrana@ycst.com
swilson@ycst.com
bswadley@ycst.com

*Attorneys for Autel Robotics USA LLC and
Autel Aerial Technology Co., Ltd. (n/k/a
Autel Robotics Co., Ltd.)*

Autel moves to preclude DJI from offering unsupported *expert* testimony from Drs. Janet and Braasche regarding two secondary considerations – *copying* and *praise of others*.  At the same time, any *factual* evidence on alleged copying or praise that is not properly tied to the expert opinions (and none is) should also be excluded.

## I.   Dr. Janet's and Dr. Braasch's Unsupported *Expert* Opinions on Copying and Praise of Others Should Be Excluded.

Expert testimony is admissible only if "the testimony is based on sufficient facts or data," and "*the expert has* reliably *applied* the principles and methods to *the facts of the case*."  Fed. R. Evid. 702(b)-(d) (emphasis added); *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993); *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 749 (3d Cir. 1994).  The validity reports of Drs. Janet and Braasche fail to provide facts relied upon in reaching their opinions, and do not tie their opinions to any such facts or analysis.  In fact, Drs. Janet and Braasch each provides only one paragraph for each consideration (coping and praise) in their respective validity reports, which amount to nothing more than conclusory statements.  Ex. A at ¶156 and ¶161; Ex. C at ¶54.  Dr. Janet also mentions copying briefly in just one paragraph addressing only the '049 patent.  Ex. E at ¶157.  Furthermore, DJI should not be allowed to bolster their glaring deficiencies at trial because Autel has not been provided an opportunity to analyze or rebut any new or supplemental opinions based on evidence not previously identified or relied on by DJI's experts.

**Copying.**   In his validity report, Dr. Janet fails to identify any materials considered in reaching his unsupported conclusions about alleged copying, instead making a vague reference to his Opening Report on Infringement.  Ex. A at ¶156.  Dr. Janet's supplemental infringement opinion for the '049 patent is based solely on the allegation that products made by others look like DJI's products and therefore must have been copied.  Ex. E at ¶157.  Similarly, Dr. Braasch mentions copying in passing, citing back to DJI's infringement contentions.  *See* Ex. C at ¶¶52-

54.   Neither Dr. Braasch's infringement report nor the cited infringement contentions discuss copying.[1]  And more fundamentally, infringement and copying are different inquiries, such that similarities between a patent and an accused product do not, on their own, establish copying. *Liqwd, Inc. v. L'Oreal USA, Inc*., 941 F.3d 1133, 1136-37 (Fed. Cir. 2019).   "Copying requires *duplication* of features of the patentee's work based on access to that work, *lest all infringement be mistakenly treated as copying*."   *Institut Pasteur & Universite Pierre Et Marie Curie v. Focarino*, 738 F.3d 1337, 1347–48 (Fed. Cir. 2013) (emphasis added).  Drs. Janet's and Braasch's opinions are legally insufficient, and are based on allegations (even if true) that cannot establish copying.   *Id*.  DJI should not be allowed to present unreliable and unsupported opinions at trial, especially as such unfounded and legally insufficient suggestions of copying can be highly prejudicial before a jury.[2] FRE 403; *Sonos, Inc. v. D&M Holdings Inc.*, C.A. No. 14-1330-WCB, 2017 WL 5633204, at *3 (D. Del. Nov. 21, 2017) (internal citations omitted).

    **Praise by others.**  Here, Dr. Janet provides no analysis of any of the "evidence" he claims to have "seen."  Ex. A at ¶161.  In the lone paragraph in his validity report directed to praise by others, Dr. Janet provides only a string cite, but a string cite cannot constitute proper expert opinion.  Fed. R. Evid. 702(b)-(d); *Daubert*, 509 U.S. at 597.  Similarly, Dr. Braasch vaguely alludes to praise in the same sentence directed to copying, and merely cites the same *infringement* contentions, which not only is insufficient and improper as explained above, but crucially, also

---

[1] Dr. Braasch cited to DJI's "December 1, 2017 Infringement Contentions."  But DJI served final contentions on November 17, 2017 and Opening Expert Report on Infringement on December 22 (Ex. D).  DJI's Final Infringement Contentions do not address copying.  DJI's Opening Expert Report on Infringement only addresses similarities between DJI's and Autel's products based on nothing more than Dr. Braasch's "visual comparison" / "visual inspection."  Ex. D ¶¶62-67.

[2] DJI's Interrogatory Responses do not help it, as they do not identify a single piece of evidence on which DJI intends to rely to establish copying.  Ex. B at DJI's Supp. and 2nd Supp. Resp. to Rog. No. 7.  DJI's Second Supplemental Response cites back to its expert reports, which as explained do not provide adequate support.

have nothing to do with praise by others.  Ex. C at ¶¶52-54.  Indeed, Dr. Braasch's expert opinion in his validity report on praise by others is nothing more than a mention of the phrase "praise by others," and as expert reports are not mere placeholders for trial testimony, Dr. Braasch cannot now supplement and expand his conclusory opinion for the first time at trial.  *See Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209 (1993) ("Expert testimony is useful as a guide to interpreting market facts, but it is not a substitute for them").

## II.    *Factual* Evidence Related to Unsupported Expert Opinions Should Be Excluded

Excluding Drs. Janet and Braasch's unsupported opinions renders any alleged factual evidence of copying or praise irrelevant under at least FRE 401 and 402, and prejudicial under FRE 403.  Finally, to the extent DJI is permitted to present the barebones opinions related to other secondary considerations, DJI should be limited to presenting the factual evidence actually relied on by its experts, which for some of the secondary consideration is none.  This includes, for example, any alleged evidence of copying that is not legally probative of copying but instead highly prejudicial.  For example, DJI has signaled its intent to introduce testimony suggesting Autel has copied and/or is copying DJI's products. *See* Ex. F (Wang) at 159:13-19:

```
13              Q.  I'm going to do what you heard, just close out
14      and keep asking until we are done.  Anything else?
15              A.  The fact that some other companies tried to
16      copy our products.
17              Q.  Which other companies are those?
18              A.  My understanding is Autel, and also we sued
19      Yuneec, so Yuneec is also copying.
```

*See generally* Ex. F (designations).  Such allegations were not relied on by DJI's experts, have no legal significance or relevance to the claims at issue, and could be unduly prejudicial if presented to the jury.  Such factual evidence should also be excluded.

Dated: July 21, 2021

OF COUNSEL:
Timothy C. Bickham
Hui Shen, Ph.D.
Craig A. Hoovler
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000
tbickham@steptoe.com
hshen@steptoe.com
choovler@steptoe.com

Stephen Yang
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3907
syang@steptoe.com

Anna M. Targowska
STEPTOE & JOHNSON LLP
227 West Monroe Street
Suite 4700
Chicago, IL 60606
(312) 577-1300
atargowska@steptoe.com

Fan Liang
BROAD & BRIGHT
Room 1508, 15th Floor
Tower C, Ocean Office Park
No. 5 jinghuananjie, Chaoyang District
Beijing 100020, China
+86 10 8513 1852
alex_liang@broadbright.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
bswadley@ycst.com

*Attorneys for Autel Robotics USA LLC and
Autel Aerial Technology Co., Ltd. (n/k/a
Autel Robotics Co., Ltd.)*

**LIST OF EXHIBITS TO AUTEL'S MOTION *IN LIMINE* NO. 2**

| Exhibit | Description |
|---|---|
| A | Excerpts of Rebuttal Report of Dr. Janet in Response to Expert Report of Dr. Barrett Regarding Invalidity dated January 19, 2018 (Filed Under Seal) |
| B | DJI's Supplemental Responses to Defendants' Interrogatories dated November 17, 2017 and November 27, 2019 (Filed Under Seal) |
| C | Excerpts of Rebuttal Expert Report of Dr. Braasch in Response to Dr. Barrett's Expert Report Regarding Invalidity dated January 19, 2018 (Filed Under Seal) |
| D | Excerpts of Expert Report of Dr. Braasch dated December 22, 2017 |
| E | Excerpts of Supplemental Rebuttal Report of Dr. Janet in Response to the Second Supp. Expert Report of Barrett re Invalidity dated January 23, 2020 |
| F | Selected DJI's Deposition Designations |

# EXHIBIT A
# FILED UNDER SEAL

*CONTAINS DJI HIGHLY CONFIDENTIAL INFORMATION*

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SZ DJI Technology Co., Ltd. and | ) | |
| DJI Europe B.V., | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 16-706-LPS-CJB |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Autel Robotics USA LLC, | ) | |
| Autel Aerial Technology Co., Ltd., and | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REBUTTAL REPORT OF DR. J. A. JANÉT
## IN RESPONSE TO
## EXPERT REPORT OF PROFESSOR RON BARRETT REGARDING INVALIDITY

# EXHIBIT B
# FILED UNDER SEAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD.<br>and DJI EUROPE B.V.,<br><br>       Plaintiffs,<br><br>   v.<br><br>AUTEL ROBOTICS USA LLC and<br>AUTEL AERIAL TECHNOLOGY CO., LTD.<br><br>      Defendants. | C.A. No. 16-706-LPS |

## PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST AND SECOND SET OF INTERROGATORIES

Plaintiffs SZ DJI Technology Co., Ltd. and DJI Europe B.V. (collectively, "DJI"), by their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 33, hereby submits the following supplemental response to Defendants Autel Robotics USA LLC and Autel Aerial Technology Co. Ltd.'s ("Autel") First and Second Set of Interrogatories to DJI.

## GENERAL OBJECTIONS

DJI hereby incorporates by reference its general objections to Autel's First Set of Interrogatories to DJI.

HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

/s/ Christine D. Haynes

*Of Counsel:*

David M. Farnum, Esq.
Sherry X. Wu, Esq.
ANOVA LAW GROUP, PLLC
21351 Gentry Drive Ste 150
Sterling, VA 20166
david.farnum@anovalaw.com
sherry.wu@anovalaw.com

Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
Farnan@rlf.com
Haynes@rlf.com

*Attorneys for SZ DJI Technology Co., Ltd. and DJI Europe B.V*

HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## VERIFICATION

I hereby declare that I am authorized by Plaintiffs SZ DJI Technology Co., Ltd. and DJI Europe B.V. (collectively, "DJI") to sign the foregoing PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST AND SECOND SETS OF INTERROGATORIES and that the facts stated on DJI's behalf therein are true and correct to the best of my knowledge, information and belief.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this __ day of November, 2017

_____

Zhe Wang

HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 17, 2017, true and correct copies of the foregoing

document were served, via e-mail, on the following:

Anne Shea Gaza
Robert M. Vrana
Samantha G. Wilson
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE   19801

John Caracappa
Timothy C. Bickham
Scott M. Richey
Beau Goodrick
Michael E. Flynn-O'Brien
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington DC   20036

/s/ *Christine D. Haynes*
Christine D. Haynes (#4697)
haynes@rlf.com

HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V., | |
| Plaintiffs, | |
| v. | C.A. No. 16-706-LPS |
| AUTEL ROBOTICS USA LLC and AUTEL AERIAL TECHNOLOGY CO., LTD. | |
| Defendants. | |

### PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST AND SECOND SET OF INTERROGATORIES

Plaintiffs SZ DJI Technology Co., Ltd. and DJI Europe B.V. (collectively, "DJI"), by their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 33, hereby submits the following second supplemental response to Defendants Autel Robotics USA LLC and Autel Aerial Technology Co. Ltd.'s ("Autel") First and Second Set of Interrogatories to DJI.

### GENERAL OBJECTIONS

DJI hereby incorporates by reference its general objections to Autel's First Set of Interrogatories to DJI.

HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

26(e).

*Of Counsel*

David M. Farnum, Esq.
Sherry X. Wu, Esq.
ANOVA LAW GROUP, PLLC
21351 Gentry Drive Ste 150
Sterling, VA 20166
david.farnum@anovalaw.com
sherry.wu@anovalaw.com

*/s/ Christine D. Haynes*
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
Farnan@rlf.com
Haynes@rlf.com

*Attorneys for Plaintiffs*
*SZ DJI Technology Co., Ltd. and*
*DJI Europe B.V.*

Dated: November 27, 2017

HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**VERIFICATION**

I hereby declare that I am authorized by Plaintiffs SZ DJI Technology Co., Ltd. and DJI Europe B.V. (collectively, "DJI") to sign the foregoing PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST AND SECOND SETS OF INTERROGATORIES and that the facts stated on DJI's behalf therein are true and correct to the best of my knowledge, information and belief.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 27th day of November, 2017

Zhe Wang

HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2017, true and correct copies of the foregoing

document were served, via e-mail, on the following:

| | |
|---|---|
| Anne Shea Gaza | John Caracappa |
| Robert M. Vrana | Timothy C. Bickham |
| Samantha G. Wilson | Scott M. Richey |
| Young Conaway Stargatt & Taylor, LLP | Beau Goodrick |
| 1000 North King Street | Michael E. Flynn-O'Brien |
| Wilmington, DE 19801 | Steptoe & Johnson LLP |
| | 1330 Connecticut Avenue, NW |
| | Washington DC   20036 |

/s/ Christine D. Haynes
Christine D. Haynes (#4697)
haynes@rlf.com

# EXHIBIT C
# FILED UNDER SEAL

CONTAINS DJI HIGHLY CONFIDENTIAL INFORMATION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

SZ DJI TECHNOLOGY CO., LTD.
and DJI EUROPE B.V.,

     Plaintiffs,

          v.

AUTEL ROBOTICS USA LLC, and AUTEL
AERIAL TECHNOLOGY CO., LTD.,

     Defendants.

C.A. No. 16-706-LPS-CJB

HIGHLY CONFIDENTIAL

**<u>REBUTTAL EXPERT REPORT OF MICHAEL S. BRAASCH</u>**
**<u>IN RESPONSE TO</u>**
**<u>EXPERT REPORT OF PROFESSOR RON BARRETT REGARDING INVALIDITY</u>**

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Athens, Ohio, on the 19th day of January 2018.

_Michael S. Braasch_

Michael S. Braasch

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

SZ DJI TECHNOLOGY CO., LTD.
and DJI EUROPE B.V.,

      Plaintiffs,

          v.

AUTEL ROBOTICS USA LLC, and AUTEL
AERIAL TECHNOLOGY CO., LTD.,

      Defendants.

C.A. No. 16-706-LPS-CJB

**EXPERT REPORT OF MICHAEL S. BRAASCH**

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Athens, Ohio, on the _22nd_ day of December 2017.

_____

Michael S. Braasch

46

# EXHIBIT E

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V., | C.A. No. 16-706-LPS-CJB |
| Plaintiffs, | (Consolidated) |
| v. | |
| AUTEL ROBOTICS USA LLC, and AUTEL AERIAL TECHNOLOGY CO., LTD. | |
| Defendants. | |
| AUTEL ROBOTICS USA LLC, and AUTEL AERIAL TECHNOLOGY CO., LTD. | |
| Counterclaim  Plaintiffs, | |
| v. | |
| SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V., and DJI TECHNOLOGY, INC., | |
| Counterclaim Defendants. | |

**SUPPLEMENTAL REBUTTAL REPORT OF DR. J. A. JANÉT
IN RESPONSE TO THE
SECOND SUPPLEMENTAL EXPERT REPORT OF PROFESSOR RON BARRETT
REGARDING INVALIDITY**

used to reduce electromagnetic interference, not just spacing of components.  Prof. Barrett has offered no reason why a POSITA reading the Oakley '945 Publication and Miles would decide to use spacing rather than shielding to address any electromagnetic interference encountered with a UAV made according to the Oakley '945 Publication.  Further, Oakley '945 does not disclose locating a magnetometer on a landing stand at all, much less one that is configured to bear weight of the UAV when the UAV is not airborne.  Miles provides no obvious or compelling reason for a POSITA to place a magnetometer on the landing gear of the Oakley '945 Publication.

156.    In my view, Prof. Barrett's argument is a "hodge-podge" of references that do not, alone or in combination, form a coherent basis for invalidating the '049 patent.

157.    The non-obviousness of the '049 patent is further confirmed by its acceptance and copying in the industry after DJI filed its Chinese priority patent applications and released the DJI Phantom UAV.  Before DJI's invention of a UAV with a magnetometer on an extension member that is a landing stand configured to bear the weight of a UAV when the UAV is not airborne, there are zero (0) prior art references or products with this feature.  After DJI's invention, the following products emerged with a magnetometer on an extension member that is a landing stand configured to bear the weight of a UAV when the UAV is not airborne or a magnetometer that is at least 3cm and/or no more than 0.5 m from the one or more electrical components including a flight control module:

- 3D Robotics — Solo (see https://www.youtube.com/watch?v=qczQUKSmLV0 (4'16"-5'10") and https://www.youtube.com/watch?v=5jzKOa2lz-g (1'35"-1'58")); Solo released in 2015 (see https://en.wikipedia.org/wiki/3D_Robotics)

- Xiaomi — Mi Drone (see http://www.xiaomi4k.com/xiaomi-mi-drone-4k-user-manual/ ("Note: the compass is located on the landing gear."); Mi Drone released in 2016 (see

https://www.theverge.com/circuitbreaker/2016/5/25/11767134/xiaomi-mi-drone-release-date-price-specs-features)

- GoPro — Karma (see https://www.youtube.com/watch?v=oxCXe6itq1Q (0'29"-0'30" showing a connector that is believed to connect with the compass); Karma released in 2016 (see https://en.wikipedia.org/wiki/GoPro)

- Yuneec — Typhoon Q500 (see https://www.youtube.com/watch?v=PxlLwVgjVnk (0'01"-0'22" showing location of compass on landing gear); Typhoon Q500 released in 2014 (see http://us.yuneec.com/about-us)

- Autel X-Star and Evo (accused products)

- DJI Phantom and Mavic Series

**B.     The Utility Patents-in-Suit Are Not Invalid in View of the Prior Art**

158.     As mentioned above, it is my opinion that none of the prior art relied upon by Prof. Barrett renders any of claims 16-18, 21-24, 26-28, and 30 of the '049 patent invalid.  Prof. Barrett asserts that the prior art references and combinations discussed in his report and attached Exhibits also render the remaining asserted claims invalid as anticipated and/or obvious.  (Para. 103).  I disagree for at least the reasons I provide in this report.  To the extent Prof. Barrett is allowed to elaborate on the reasons why he believes the opinions set forth in his Supplemental Opening Report are applicable to other claims, I reserve the right to provide further responses to Prof. Barrett's opinions.

**VI.     CONCLUSION**

159.     For the reasons set forth in this report and attached appendices, it is my opinion that claims 16-18, 21-24, 26-28, and 30 of the '049 patent are valid.  In addition, for the reasons set forth in this and my prior reports, including my Rebuttal Report, I continue to be of the opinion that the rest of the asserted claims of the '049 patent and the asserted claims of the '617 and '530 patents are valid.

DR. JASON A. JANÉT

January 23, 2020

# EXHIBIT F
# FILED UNDER SEAL

UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC

```
------------------------------------x
In the matter of                    :
                                    : Investigation No.:
                                    : 337-TA-1133
CERTAIN UNMANNED AERIAL VEHICLES    :
AND COMPONENTS THEREOF              :
------------------------------------x
```

HIGHLY CONFIDENTIAL

Videotaped deposition of ZHUANPENG CHENG

VOLUME 1

Saturday, May 18, 2019

AT:

9:00 a.m.


Taken at:

Epiq HK
Room 1102-04
11/F Central Plaza
18 Harbour Road
Wan Chai, Hong Kong


Court Reporter:
KATHERINE SCHILLING, RPR
CA CSR No. 14163

```
 1                  A P P E A R A N C E S

 2        Appearing for the Respondents, DJI:
               KELLY C. LU, ESQUIRE
 3             SMITH R. BRITTINGHAM IV, ESQUIRE
               FINNEGAN, HENDERSON, FARABOW, GARRETT &
 4             DUNNER LLP - WASHINGTON, DC
               901 New York Avenue, NW
 5             Washington, DC 20001
               (202) 408-4213
 6             kelly.lu@finnegan.com
               smith.brittingham@finnegan.com
 7

 8        Appearing for the Complainant, Autel Robotics:
               TIMOTHY BICKHAM, ESQUIRE
 9             HUI SHEN, ESQUIRE
               STEPTOE & JOHNSON
10             1330 Connecticut Avenue, NW
               Washington, DC 20036
11             (202) 429-5517
               tbickham@steptoe.com
12             hshen@steptoe.com

13

14        ALSO PRESENT:

15             PAUL HISCHIER, Videographer

16             AMANDA LIN, Interpreter

17             JUNHUI LIANG, Autel Robotics

18             CHERRY WU, Autel Robotics

19

20

21

22

23

24

25
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - -
IN THE MATTER OF                )
SZ DJI TECHNOLOGY CO., LTD.     )
AND DJI EUROPE B.V.,            )
                                )
              Plaintiff,        )
                                )CIVIL ACTION NO:
v.                              )CA 16-706-LPS
                                )
AUTEL ROBOTICS USA LLC AND      )
AUTEL AERIAL TECHNOLOGY CO., LTD., )
              Defendant.        )
- - - - - - - - - - - - - - - - - - -

DEPOSITION OF JIANG JUNTIAN

VOLUME I

Monday, November 6th, 2017

AT:  9:18 a.m.

Taken at:

DTI Epiq
1102-1104 Central Plaza
18 Harbour Road
Wanchai
Hong Kong

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Job No. WDC-150495

Pages: 1 - 107

Court Reporter:

Brandy Stull, California CSR No. 13383

```
 1                  A P P E A R A N C E S

 2   Appearing for the Plaintiffs SZ DJI TECHNOLOGY CO., LTD.
     and DJI EUROPE, B.V.:
 3
             DAVID FARNUM, ESQ.
 4           -and-
             SHERRY WU, ESQ.
 5           ANOVA LAW GROUP
             21495 Ridgetop Circle, Suite 300
 6           Sterling, Virginia
             Telephone:  703.622.0573
 7           Email: dmfarnum@atffirm.com

 8
     Appearing for the Defendants AUTEL ROBOTICS USA LLC and
 9   AUTEL AERIAL TECHNOLOGY CO. LTD. and THE WITNESS:

10           TIMOTHY C. BICKHAM, ESQ.
             STEPTOE & JOHNSON LLP
11           1330 Connecticut Avenue, NW
             Washington DC 20036
12           Telephone:  202.429.5517
             Email: tbickham@steptoe.com

13

14   Also present from DJI:  Jason Tang

15
     VIDEOGRAPHER:
16
             Chris Pang
17

18

19

20

21

22

23

24

25
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - -
IN THE MATTER OF                      )
SZ DJI TECHNOLOGY CO., LTD.           )
AND DJI EUROPE B.V.,                  )
                                      )
              Plaintiff,              )
                                      )CIVIL ACTION NO:
v.                                    )CA 16-706-LP
                                      )
AUTEL ROBOTICS USA LLC AND            )
AUTEL AERIAL TECHNOLOGY CO., LTD.,    )
              Defendant.              )
- - - - - - - - - - - - - - - - - - -

DEPOSITION OF ZENG LIANG

VOLUME I

Wednesday, November 8th, 2017

AT:  9:18 a.m.

Taken at:

DTI Epiq
1102-1104 Central Plaza
18 Harbour Road
Wanchai
Hong Kong

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Job No. WDC-150497   Pages: 1 - 76

Court Reporter:

Brandy Stull, California CSR No. 13383

1                      A P P E A R A N C E S

2    Appearing for the Plaintiffs SZ DJI TECHNOLOGY CO., LTD.
     and DJI EUROPE, B.V.:

3
             DAVID FARNUM, ESQ.
4            ANOVA LAW GROUP
             21495 Ridgetop Circle, Suite 300
5            Sterling, Virginia
             Telephone:  703.622.0573
6            Email: dmfarnum@atffirm.com

7
     Appearing for the Defendants AUTEL ROBOTICS USA LLC and
8    AUTEL AERIAL TECHNOLOGY CO. LTD. and THE WITNESS:

9            TIMOTHY C. BICKHAM, ESQ.
             STEPTOE & JOHNSON LLP
10           1330 Connecticut Avenue, NW
             Washington DC 20036
11           Telephone:  202.429.5517
             Email: tbickham@steptoe.com

12

13   Also present:  Jason Tang

14
     VIDEOGRAPHER:
15
             Chris Pang
16

17

18

19

20

21

22

23

24

25

```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF DELAWARE




   SZ DJI TECHNOLOGY CO., LTD.
   and DJI EUROPE B.V.,

            Plaintiffs,

   vs.                                    No. 16-706-LPS

   AUTEL ROBOTICS USA, LLC,
   and AUTEL AERIAL TECHNOLOGY CO., LTD.,

            Defendants.
   _____
```

```
                                        DEPOSITION OF

                                        STEPHEN MCIRVIN

                                              TAKEN ON
                          THURSDAY, DECEMBER 14, 2017
                                             9:30 A.M.


                    NAEGELI DEPOSITION & TRIAL
                 601 UNION STREET, SUITE 1624
                  SEATTLE, WASHINGTON 98101
```

```
 1                        APPEARANCES

 2

 3   On behalf of the PLAINTIFFS:

 4   David M. Farnum, Esquire

 5   ANOVA LAW GROUP, P.L.L.C.

 6   21351 Gentry Drive, Suite 150

 7   Sterling, Virginia 20166

 8   (202)349-1490

 9   (202)318-8788 (fax)

10   david.farnum@anovalaw.com

11

12   On behalf of the DEFENDANTS:

13   Timothy C. Bickham, Esquire

14   STEPTOE & JOHNSON, L.L.P.

15   1330 Connecticut Avenue Northwest

16   Washington, D.C. 20036

17   (202)429-5517

18   (202)429-3902 (fax)

19   tbickham@steptoe.com

20

21

22

23

24

25
```

```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE




SZ DJI TECHNOLOGY CO., LTD.
and DJI EUROPE B.V.,

        Plaintiffs,

vs.                                  No. 16-706-LPS

AUTEL ROBOTICS USA, LLC,
and AUTEL AERIAL TECHNOLOGY CO., LTD.,

        Defendants.
_____




                                    DEPOSITION OF

                                    JEFF POWELL


                                          TAKEN ON
                         THURSDAY, DECEMBER 14, 2017
                                         1:09 P.M.


                    NAEGELI DEPOSITION & TRIAL
                  601 UNION STREET, SUITE 1624
                    SEATTLE, WASHINGTON 98101
```

```
 1                         APPEARANCES

 2

 3   On behalf of the PLAINTIFFS:

 4   David M. Farnum, Esquire

 5   ANOVA LAW GROUP, P.L.L.C.

 6   21351 Gentry Drive, Suite 150

 7   Sterling, Virginia 20166

 8   (202)349-1490

 9   (202)318-8788 (fax)

10   david.farnum@anovalaw.com

11

12   On behalf of the DEFENDANTS:

13   Timothy C. Bickham, Esquire

14   STEPTOE & JOHNSON, L.L.P.

15   1330 Connecticut Avenue Northwest

16   Washington, D.C. 20036

17   (202)429-5517

18   (202)429-3902 (fax)

19   tbickham@steptoe.com

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

_____

SZ DJI TECHNOLOGY CO., LTD and )
DJI EUROPE B.V.,                )
                               )
          Plaintiffs,           )
                               )   No. 2:17-cv-00776-RAJ
     vs.                        )
                               )
AUTEL ROBOTICS USA LLC; AUTEL   )
(USA), INC.; AUTEL AERIAL       )
TECHNOLOGY CO., LTD.; and       )
AUTEL INTELLIGENT TECHNOLOGY    )
CO., LTD.,                      )
                               )
          Defendants.           )

_____


Videotaped Deposition Upon Oral Examination

of

YUN ZHANG

_____


**** THIS TRANSCRIPT MARKED HIGHLY CONFIDENTIAL ****

9:33 a.m.

October 3, 2017

1001 Fourth Avenue, Suite 3900

Seattle, Washington


Karmen Knudson, RPR, CRR

Page 2

```
 1                    APPEARANCES

 2

    FOR THE PLAINTIFFS:
 3
                 DAVID M. FARNUM
 4               Attorney at Law
                 ANOVA LAW GROUP, PLLC
 5               21495 Ridgetop Circle
                 Suite 300
 6               Sterling, VA 20166
                 david.farnum@anovalaw.com
 7

 8   FOR THE DEFENDANTS:

 9               TIMOTHY C. BICKHAM
                 Attorney at Law
10               STEPTOE & JOHNSON, LLP
                 1330 Connecticut Avenue, NW
11               Washington, DC 20036
                 tbickham@steptoe.com
12

13   COURT REPORTER:

14               KARMEN KNUDSON, RPR, CCR, CRR
                 MOBURG, SEATON & WATKINS
15               2033 Sixth Avenue
                 Suite 826
16               Seattle, Washington 98121
                 info@moburgreporting.com
17

18   VIDEOGRAPHER:

19               CHARLES SEATON
                 MOBURG, SEATON & WATKINS
20               2033 Sixth Avenue
                 Suite 826
21               Seattle, Washington 98121
                 info@moburgreporting.com
22

23

24

25
```

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V., | |
| Plaintiffs, | |
| v. | |
| AUTEL ROBOTICS USA LLC and AUTEL AERIAL TECHNOLOGY CO., LTD., | C.A. No. 16-706-LPS (Consolidated) |
| Defendants/Counterclaim Plaintiffs, | |
| v. | |
| DJI TECHNOLOGY INC., SZ DJI TECHNOLOGY CO., LTD., and DJI EUROPE B.V., | |
| Counterclaim Defendants. | |

## DJI'S OPPOSITION TO AUTEL'S MOTION *IN LIMINE* NO. 2
## TO EXCLUDE EXPERT OPINIONS AND EVIDENCE NOT RELIED ON BY EXPERTS

## I.      INTRODUCTION

DJI respectfully requests the Court deny Autel's motion *in limine* No. 2, which seeks to

preclude DJI from presenting any factual or expert testimony bearing on secondary

considerations of non-obviousness at trial.  As to the expert testimony of DJI's expert witnesses,

Dr. Jason Janet and Dr. Michael Braasch, Autel admits that its request is a disguised *Daubert*

motion which is untimely, prejudicial, and unsupportable.  Autel also separately moves to

preclude DJI from presenting evidence relevant to secondary considerations of nonobviousness

that is not cited in the expert reports of DJI's witnesses.  This portion of Autel's motion should

also be denied, as testimony relevant to secondary considerations of nonobviousness need not be

presented in the form of expert testimony to be relevant—particularly so where the relevant

evidence does not require extensive technical analysis in order to be understood by the jury.

## II.     ARGUMENT

### A.      Expert Testimony Relevant to Secondary Considerations of Nonobviousness

Although the deadline for *Daubert* motions has long since passed, Autel admits that its

purported "motion *in limine*" is in reality a *Daubert* motion seeking to exclude the testimony of

DJI's expert witnesses.  *See* Mot. at 1-2 (seeking to exclude expert testimony pursuant to Fed. R.

Evid. 702(b)-(d) and citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993)).

Given that the deadline to file *Daubert* motions passed more than a year ago—indeed, Autel filed

a separate *Daubert* motion regarding the testimony of DJI's expert witness Michele M. Riley on

February 18, 2020—this motion is irrefutably untimely despite Autel's failure to acknowledge

this fact.  Autel has been in possession of the expert reports it now uses to challenge Drs. Janet

and Braasch's testimony for years and, to the extent they raised any genuine concerns, those

should have been raised at the time Autel challenged Ms. Riley's opinion.  This failure is

dispositive.  Allowing Autel to raise a *Daubert* challenge on the eve of trial would be highly prejudicial to DJI—particularly in light of Autel's complete failure to justify its untimely motion.

Autel's motion is also unsupportable on the merits.  The Federal Circuit "has repeatedly emphasized that the objective indicia constitute independent evidence of nonobviousness" and that they "may often be the most probative and cogent evidence of non-obviousness in the record."  *Mintz v. Dietz & Watson, Inc.*, 679 F.3d 1372, 1378-79 (Fed. Cir. 2012) (internal quotations omitted).  Because of their central importance to the obviousness analysis as a check against hindsight bias, the Federal Circuit "requires considerations of these objective indicia."  *Id*. ("Obviousness requires a court to walk a tightrope blindfolded (to avoid hindsight)—an enterprise best pursued with the safety net of objective evidence.")

DJI's experts' analysis of the substantial similarities between the commercial embodiments and the accused products is highly probative of copying of DJI's invention, a factor that weighs against a finding of obviousness.  *See, e.g., Sonos, Inc. v. D&M Holdings Inc.*, CV 14-1330-WCB, 2017 WL 5633204, at *3 (D. Del. Nov. 21, 2017) ("Evidence of an alleged infringer's copying or reverse engineering a competitor's patented product is generally admissible . . . it is relevant to issues of inducement of infringement, willful infringement, or secondary considerations of obviousness.").  It is entirely appropriate for experts to focus on substantial similarities because direct evidence of copying is extremely rare.  *See Wyers v. Master Lock* Co*.*, 616 F.3d 1231, 1246 (Fed. Cir. 2010) ("[A]ccess to the patented product combined with substantial similarity to the patented product [is relevant evidence of copying].").

Autel's motion ignores that DJI's experts provide extensive analysis establishing the substantial similarity between its patented products and Autel's infringing products, instead misdirecting focus to the portion of their reports where they provide their ultimate conclusions.

2

Both experts are well-qualified to render an opinion—informed by their detailed analysis of DJI and Autel products—that the DJI products were copied.

The same foundational analysis of how DJI's products practice the asserted claims provides the basis for the experts' opinions regarding industry praise for and commercial success of the patented inventions.  Both experts link their previous analysis regarding the DJI products' use of the patented inventions to evidence showing praise for those products and their reception in the marketplace.  Preventing DJI from presenting this evidence would deprive the jury from the benefit of highly probative and relevant evidence which the Federal Circuit has recognized provides an objective guidepost for evaluating whether a challenged invention is nonobvious.

### B.    Fact Testimony Relevant to Secondary Considerations of Nonobviousness

Autel's motion also seeks to limit the universe of evidence relevant to secondary considerations of nonobviousness which DJI may present at trial to only those documents which were cited in the expert reports of Drs. Janet and Braasch.  Mot. at 3.  Autel also seeks to exclude testimony which it contends is "not legally probative of copying but instead highly prejudicial" including evidence which "suggest[s] Autel has copied and/or is copying DJI's products."  *Id*.  But, as noted above, copying is undeniably relevant and must be considered whenever presented in the context of a nonobviousness inquiry.  Moreover, copying need not be proven through direct evidence as Autel apparently contends, but rather may be shown through access to the patented invention and substantial similarity between the copied product and the product embodying the patented invention.  Nor need it be presented in the form of expert testimony— particularly where the evidence does not require technical analysis in order for it to be presented in a form understandable to the jury.  *See, e.g., Transocean Offshore Deepwater Drilling Inc. v. Maersk Drilling USA, Inc.*, 699 F.3d 1340, 1351-52 (Fed. Cir. 2012) (holding that articles and fact witness testimony were substantial evidence supporting jury's nonobviousness findings).

3

Dated: July 27, 2021

Michael J. Lyons
Ahren C. Hsu-Hoffman
Thomas Y. Nolan
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Rd
Palo Alto, California 94303
T. (650) 843-4000
E. michael.lyons@morganlewis.com
E. ahren.hsu-hoffman@morganlewis.com

J. Kevin Fee
Hang Zheng
JiaZhen (Ivon) Guo
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004-2541
T. (202) 739-3000
E. kevin.fee@morganlewis.com
E. hang.zheng@morganlewis.com

Respectfully submitted,

*/s/Amy M. Dudash*
Amy M. Dudash (#5741)
MORGAN, LEWIS & BOCKIUS LLP
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
T. (302) 574-3000
E. amy.dudash@morganlewis.com

Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
T. (302) 651-7700
E. Farnan@rlf.com
E. Haynes@rlf.com

*Attorneys for Plaintiffs*
*SZ DJI Technology Co. Ltd. and*
*DJI Europe B.V.*

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD. AND DJI EUROPE B.V., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 16-706-LPS ) **(CONSOLIDATED)** |
| AUTEL ROBOTICS USA LLC AND AUTEL AERIAL TECHNOLOGY CO., LTD., | ) ) ) |
| Defendants. | ) ) |
| ———————————— | |
| AUTEL ROBOTICS USA LLC AND AUTEL AERIAL TECHNOLOGY CO., LTD., | ) ) ) ) |
| Counterclaim Plaintiffs, | ) ) |
| v. | ) ) |
| SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V., AND DJI TECHNOLOGY INC., | ) ) ) ) |
| Counterclaim Defendants. | ) ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* NO. 2**
**TO EXCLUDE UNSUPPORTED DJI EXPERT OPINIONS AND**
**EVIDENCE NOT RELIED ON BY THE EXPERTS**

Dated: July 31, 2021

OF COUNSEL:
Timothy C. Bickham
Hui Shen, Ph.D.
Craig A. Hoovler
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801

(202) 429-3000
tbickham@steptoe.com
hshen@steptoe.com
choovler@steptoe.com

Stephen Yang
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3907
syang@steptoe.com

Anna M. Targowska
STEPTOE & JOHNSON LLP
227 West Monroe Street
Suite 4700
Chicago, IL 60606
(312) 577-1300
atargowska@steptoe.com

Fan Liang
BROAD & BRIGHT
Room 1508, 15th Floor
Tower C, Ocean Office Park
No. 5 jinghuananjie, Chaoyang District
Beijing 100020, China
+86 10 8513 1852
alex_liang@broadbright.com

(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
bswadley@ycst.com

*Attorneys for Autel Robotics USA LLC and
Autel Aerial Technology Co., Ltd. (n/k/a
Autel Robotics Co., Ltd.)*

Because their opinions on secondary considerations were not supported by citations to evidence, Drs. Janet and Braasch cannot now give new or unsupported opinions to the jury. This leads to trial by ambush, forcing Autel's witnesses to react hastily to new evidence and arguments. Evidence not relied on by the experts to support their conclusory opinions likewise should be excluded. *See Leonard v. Stemtech Health Scis., Inc.,* 981 F. Supp. 2d 273, 280 (D. Del. 2013) (excluding evidence the expert "did not use [the evidence] in order to generate his conclusion").

DJI's characterization of Autel's motion as *Daubert* is incorrect. A motion in *limine* is indeed proper for excluding unsupported expert testimony and factual evidence not relied on by an expert. *See Leonard*, *supra*. DJI also ignores the case law in Autel's motion when it argues that its experts' opinions on **validity** are supported by the comparison of DJI's products to products in the **infringement report**.[1] *See Institut Pasteur & Universite Pierre Et Marie Curie v. Focarino*, 738 F.3d 1337, 1347–48 (Fed. Cir. 2013) ("Copying requires duplication of features of the patentee's work based on access to that work, lest all infringement be mistakenly treated as copying.")

DJI's argument that *factual* evidence is relevant to secondary considerations and need not be introduced through an expert is immaterial. Of course factual evidence can be offered through a fact witness – but it cannot be new evidence. And it is relevant to **only** the issue of obviousness and admissible when it was relied on by an expert to reach his opinion on the issue. Otherwise it must be excluded to prevent trial by ambush and undue surprise. *See, e.g., Leonard*, *supra*; Fed. R. Evid. 401-403. Tellingly, DJI does not propose to limit the evidence to that relied on by its experts because that would leave DJI with nothing.

---

[1] The product-to-product comparison is also subject to a motion *in limine* as there is a dispute on whether these products are commercial embodiments of any patents. Regardless, DJI's experts never explained how it ties with their opinions. *See* Autel's MIL Nos. 2, 3 and Replies.

Dated: July 31, 2021

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

OF COUNSEL:
Timothy C. Bickham
Hui Shen, Ph.D.
Craig A. Hoovler
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000
tbickham@steptoe.com
hshen@steptoe.com
choovler@steptoe.com

Stephen Yang
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3907
syang@steptoe.com

Anna M. Targowska
STEPTOE & JOHNSON LLP
227 West Monroe Street
Suite 4700
Chicago, IL 60606
(312) 577-1300
atargowska@steptoe.com

Fan Liang
BROAD & BRIGHT
Room 1508, 15th Floor
Tower C, Ocean Office Park
No. 5 jinghuananjie, Chaoyang District
Beijing 100020, China
+86 10 8513 1852
alex_liang@broadbright.com

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
bswadley@ycst.com

*Attorneys for Autel Robotics USA LLC and
Autel Aerial Technology Co., Ltd. (n/k/a
Autel Robotics Co., Ltd.)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD.<br>AND DJI EUROPE B.V., )<br><br>Plaintiffs, )<br><br>v. )<br><br>AUTEL ROBOTICS USA LLC AND<br>AUTEL AERIAL TECHNOLOGY CO.,<br>LTD., )<br><br>Defendants. ) | C.A. No. 16-706-LPS<br>**(CONSOLIDATED)** |

AUTEL ROBOTICS USA LLC AND )
AUTEL AERIAL TECHNOLOGY CO., )
LTD., )
)
Counterclaim Plaintiffs, )
)
v. )
)
SZ DJI TECHNOLOGY CO., LTD., )
DJI EUROPE B.V., AND DJI )
TECHNOLOGY INC., )
)
Counterclaim Defendants. )

## DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE
## EVIDENCE AND TESTIMONY RELATED TO DJI'S PRODUCTS

Dated: July 21, 2021

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

OF COUNSEL:
Timothy C. Bickham
Hui Shen, Ph.D.
Craig A. Hoovler
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801

(202) 429-3000
tbickham@steptoe.com
hshen@steptoe.com
choovler@steptoe.com

Stephen Yang
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3907
syang@steptoe.com

Anna M. Targowska
STEPTOE & JOHNSON LLP
227 West Monroe Street
Suite 4700
Chicago, IL 60606
(312) 577-1300
atargowska@steptoe.com

Fan Liang
BROAD & BRIGHT
Room 1508, 15th Floor
Tower C, Ocean Office Park
No. 5 jinghuananjie, Chaoyang District
Beijing 100020, China
+86 10 8513 1852
alex_liang@broadbright.com

(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
bswadley@ycst.com

*Attorneys for Autel Robotics USA LLC and
Autel Aerial Technology Co., Ltd. (n/k/a
Autel Robotics Co., Ltd.)*

Autel moves to preclude DJI from offering evidence or testimony comparing DJI's products to the accused products under the pretext of proving infringement. DJI's products are not relevant to the issue of infringement and should not be referenced in that context. To the extent DJI asserts its products are relevant to the issue of copying in the context of secondary considerations, Autel has addressed that in its MIL No. 2.

DJI's expert reports make clear that DJI is planning on proving its case by improper product-to-product comparisons. Yet, DJI bears the burden of proving infringement of patent claims on an element by element basis in the context of utility patents and by comparing the claims *protectable* design features to the accused products in the context of design patents. But, "a court may not predicate an infringement determination on a comparison of an accused product with a patentee's commercial embodiment of his claimed invention." *Card-Monroe Corp. v. Tuftco Corp.*, 270 F. Supp. 3d 967, 1017 (2017) (citing *Spectrum Int'l, Inc. v. Sterilite Corp.*, 164 F.3d 1372, 1381 (Fed. Cir. 1998)); *Int'l Visual Corp. v. Crown Metal Mfg. Co.*, 991 F.2d 768, 772 (Fed. Cir. 1993) ("Infringement is determined on the basis of the claims, not on the basis of a comparison with the patentee's commercial embodiment of the claimed invention."); *see also Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 40 (1997) ("framing the question for patent infringement as "[d]oes the accused product or process contain elements identical or equivalent to each element of the patented invention?"). DJI's proposed testimony and evidence not only improperly bolsters its products by introducing irrelevant information into the case, but is highly prejudicial to Autel because of the risk of confusion to the jury.

## I.   Evidence and testimony comparing DJI's products to the accused products should be excluded.

DJI's attempt to conduct a pictures-and-videos trial is highly prejudicial. DJI must come forward with evidence that falls within the well-established standards for proving infringement.

1

DJI's expert reports in conjunction with DJI's recent productions of documents make clear that DJI plans to put on a show comparing its products to the accused products and then vaguely attempting to tie that analysis to the claims. *See, e.g.,* Ex. A (Janet Inf. Rpt.) at p. 9, Figs. 1-2, pages 18-51; Ex. B (Braasch Inf. Rpt.) at ¶¶31, 43-44, 51; *see also* Autel's MIL No. 1, Ex. H (sample documents form DJI's June 10, 2021 production).

For example, Dr. Braasch notes that he arrived at his opinion by comparing the design of the Autel X-Star with "the design elements shown in the D'514 patent and embodied in the DJI Phantom." *See* Ex. B at ¶44; *see also id.* at ¶43, Tables 3-6. Dr. Braasch concludes "[b]ecause the DJI Phantom is an embodiment of the D'514 patent, it can be used in a direct comparison with the Autel UAV." *See* Ex. B at ¶51. In fact, Table 7 explicitly lines up the DJI Phantom 1 with the Autel products.



*See* Ex. B, Braasche Infringement Report, at p. 26

Also, Dr. Janet's report, in Section V and Section VI, compares the accused products with DJI's products as the titles of the subsections within Section V line up exactly with corresponding subsections in Section VI. *See* Ex. A at pp. 18-51, 53. Not only is DJI's analysis improper, it is also highly prejudicial. If jurors fixate on the apparent similarities between DJI products and Autel's products, they may assume that DJI's products are covered by the patents and that all features are relevant. Instead, their focus should be on the alleged inventions of each of the asserted patents. *See Gillette Co. LLC v. Dollar Shave Club, Inc.*, C.A. No. 15-1158-LPS-CJB, 2019 WL 1254773, at *2 (D. Del. Mar. 19, 2019) (finding that the expert's testimony comparing "a broader

asserted claim to a commercial embodiment of a narrower, unasserted claim" risked "confusing the jury and unfairly prejudicing Plaintiff . . . as Plaintiff is *not* contending that Defendants copied Plaintiff's commercial embodiment, only that they allegedly copied Plaintiff's patent).

## II.    Evidence and testimony generally featuring DJI's products should be excluded.

DJI disclosed to Autel, as proposed exhibits, many pictures and videos of employees in various staged situations having what appears to be a fantastic time playing with DJI drones. *See* Autel's MIL No. 1, Ex. H (DJI's June 10, 2021 production). This type of evidence does not however make the existence of any relevant fact more or less probable. FRE 401; FRE 402. Instead, it improperly influences the jury and may lead to confusion. FRE 403; *ICU Med., Inc. v. RyMed Techs., Inc.*, 752 F. Supp. 2d 486, 493 (D. Del. 2010). Moreover, some of the evidence that falls within this category was introduced by DJI *years* after the close of discovery and on the eve of trial, together with its late disclosure of witnesses with alleged relevant knowledge – issues addressed in Autel's MIL No. 1. *See* D.I. 390 (fact discovery closed on Sep., 29, 2017). *See, e.g, B. Braun Melsungen AG v. Terumo Med. Corp.*, 749 F. Supp. 2d 210, 221 (D. Del. 2010) (J. Stark).

## III.   In Phase II, evidence and testimony featuring DJI's products should be limited.

If the case proceeds to Phase II, DJI should only be permitted to introduce evidence *probative* of issues related to alleged willfulness and alleged copying. DJI should not be, however, permitted to introduce comparisons of DJI's products with Autel's products if DJI is unable to present any evidence probative of actual copying. Autel has explained in MIL No. 2, albeit in the context of secondary considerations, that DJI's evidence of alleged copying is based on speculation and visual similarities of the products; but no more. DJI should not be permitted to present any of such evidence without a proper proffer showing the relevance to copying under the proper legal framework. Infringement and copying are different inquiries. *See Liqwd, Inc. v. L'Oreal USA, Inc.*, 941 F.3d 1133, 1136-37 (Fed. Cir. 2019).

3

Dated: July 21, 2021

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

OF COUNSEL:
Timothy C. Bickham
Hui Shen, Ph.D.
Craig A. Hoovler
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000
tbickham@steptoe.com
hshen@steptoe.com
choovler@steptoe.com

Stephen Yang
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3907
syang@steptoe.com

Anna M. Targowska
STEPTOE & JOHNSON LLP
227 West Monroe Street
Suite 4700
Chicago, IL 60606
(312) 577-1300
atargowska@steptoe.com

Fan Liang
BROAD & BRIGHT
Room 1508, 15th Floor
Tower C, Ocean Office Park
No. 5 jinghuananjie, Chaoyang District
Beijing 100020, China
+86 10 8513 1852
alex_liang@broadbright.com

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
bswadley@ycst.com

*Attorneys for Autel Robotics USA LLC and*
*Autel Aerial Technology Co., Ltd. (n/k/a*
*Autel Robotics Co., Ltd.)*

4

**LIST OF EXHIBITS TO AUTEL'S MOTION *IN LIMINE* NO. 3**

| Exhibit | Description |
|---------|-------------|
| A | Expert Report of Dr. J. A. Janet for Patent Infringement dated December 22, 2017 (Filed Under Seal) |
| B | Expert Report of Dr. Michael S. Braasch dated December 22, 2017 |
| C | Example Documents from DJI's June 10, 2021 production (photos of Lexie Ma with DJI in 2014, 2015 and 2016 produced on 6-10-2021 and labeled DJIATL_2000001, DJIATL_2000002, DJIATL_2000004 and DJIATL_2000014) |

# EXHIBIT A
# FILED UNDER SEAL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SZ DJI Technology Co., Ltd. and | ) | |
| DJI Europe B.V., | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 16-706-LPS |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | HIGHLY CONFIDENTIAL |
| Autel Robotics USA LLC, | ) | |
| Autel Aerial Technology Co., Ltd., and | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPORT OF DR. J. A. JANÉT FOR PATENT INFRINGEMENT**

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SZ DJI TECHNOLOGY CO., LTD.
and DJI EUROPE B.V.,

       Plaintiffs,

              v.

AUTEL ROBOTICS USA LLC, and AUTEL
AERIAL TECHNOLOGY CO., LTD.,

       Defendants.

C.A. No. 16-706-LPS-CJB

**EXPERT REPORT OF MICHAEL S. BRAASCH**

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Athens, Ohio, on the _22nd_ day of December 2017.

_____

Michael S. Braasch

46

EXHIBIT C



Annotation added by Autel: this photograph was produced by DJI on June 10, 2021 at BATES No. DJIATL_2000001



Annotation added by Autel: this photograph was produced by DJI on June 10, 2021 at BATES No. DJIATL_2000002



Annotation added by Autel: this photograph was produced by DJI on June 10, 2021 at BATES No. DJIATL_2000004



**3,265 likes**

**djiglobal** Experience FPV with #ZEISS #VRONE and the #DJI #inspire1 PRO at #CES2016.

Visit South Hall 25602. Win a DJI #OSMO with the #DJIScavengerHunt



Annotation added by Autel: this photograph was produced by DJI on June 10, 2021 at BATES No. DJIATL_2000014

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD. and DJI EUROPE B.V., | |
| Plaintiffs, | |
| v. | |
| AUTEL ROBOTICS USA LLC and AUTEL AERIAL TECHNOLOGY CO., LTD., | C.A. No. 16-706-LPS (Consolidated) |
| Defendants/Counterclaim Plaintiffs, | |
| v. | |
| DJI TECHNOLOGY INC., SZ DJI TECHNOLOGY CO., LTD., and DJI EUROPE B.V., | |
| Counterclaim Defendants. | |

**DJI'S OPPOSITION TO AUTEL'S MOTION *IN LIMINE* NO. 3
TO EXCLUDE EVIDENCE AND TESTIMONY RELATED TO DJI'S PRODUCTS**

## I.       INTRODUCTION

DJI respectfully requests the Court deny Autel's motion *in limine* No. 3 which seeks to preclude DJI from offering evidence or testimony comparing DJI's patent-embodying products to Autel's products.  *First*, DJI requests the Court deny Autel's motion because Autel misstates the law regarding the use of product-to-product comparisons for the purposes of proving infringement.  *Second*, a product-to-product comparison is relevant to the issues of willfulness, copying, and other secondary indicia of nonobviousness.  *Third*, a product-to-product comparison is necessary to support DJI's lost profits claim.  *Finally*, evidence including DJI's products is relevant to give the jury context for this suit.

## II.      ARGUMENT

### A.       A Product-to-Product Comparison as Support for a Finding of Infringement

Autel contends that product-to-product comparisons cannot be used to demonstrate infringement.  This is not correct.  The Federal Circuit has expressly approved of comparing the accused product to its commercial embodiment to demonstrate infringement so long as the commercial embodiment meets the claim limitations.  *See Adams Respiratory Therapeutics, Inc. v. Perrigo, Co.*, 616 F.3d 1283, 1289 (Fed. Cir. 2010) ("When a commercial product meets all of the claim limitations, then a comparison to that product may support a finding of infringement.").  With design patents specifically, the "Federal Circuit has repeatedly held that where there is no significant distinction between the drawings of the design patent and a physical embodiment of that design created by the patentee, it is not error to allow a comparison of an embodiment of the patented design to the accused products."  *Keystone Retaining Wall Sys., Inc. v. Rockwood Retaining Wall, Inc.*, CIV.00-496 (RHK/SRN), 2001 WL 36102284, at *8 (D. Minn. Oct. 9, 2001); *L.A. Gear, Inc., v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1125 (Fed. Cir. 1993) ("When the patented design and the design of the article sold by the patentee are substantially the same, it

1

is not error to compare the patentee's and the accused articles directly."); *Braun Inc., v. Dynamics Corp. of Am.*, 975 F.2d 815, 821 (Fed. Cir. 1992) ("[I]n finding design patent infringement, a trier of fact may . . . rely exclusively or primarily on a visual comparison of the patented design, *as well as the device that embodies the design*, and the accused device's design.") (emphasis added).  In addition, the design patent literally includes images of the Phantom, the commercial embodiment of the patent.  By Autel's arguments, the design patent itself would be excluded because it invites a comparison to Autel's product.

**B.      A Product-to-Product Comparison as Support for Willfulness and Copying**

The Court should deny Autel's motion to preclude DJI from comparing its products with Autel's products because Autel erroneously claims such evidence is not probative of issues related to willfulness and copying.  Mot. at 3.  A product-to-product comparison is relevant to both willfulness and secondary considerations of nonobviousness.  *See, e.g.*, *Sonos, Inc. v. D&M Holdings Inc.*, CV 14-1330-WCB, 2017 WL 5633204, at *3 (D. Del. Nov. 21, 2017) ("Evidence of an alleged infringer's copying or reverse engineering a competitor's patented product is generally admissible . . . it is relevant to issues of inducement of infringement, willful infringement, or secondary considerations of obviousness.").  The Federal Circuit has also affirmed the relevance of commercial embodiments as evidence relevant to willful infringement and copying.  *See, e.g.*, *Riggs Marketing, Inc. v. Mitchell*, 194 F.3d 1338, 1999 WL 399710, at *4 (Fed. Cir. 1999) (unpublished) ("[I]ntroduction of Mitchell's commercial embodiment was relevant to Mitchell's charge that RMI willfully infringed its patent, inasmuch as it might show that RMI copied Mitchell's design."); *Wyers v. Master Lock* Co., 616 F.3d 1231, 1246 (Fed. Cir. 2010) ("[A]ccess to the patented product combined with substantial similarity to the patented product [is relevant evidence of copying].").  DJI should be permitted to present evidence of the

2

substantial similarities between the commercial embodiments and accused products because these are probative of willfulness and secondary considerations of nonobviousness.

### C.    A Product-to-Product Comparison is Needed to Assess Lost Profits

The Court should also deny Autel's motion because a comparison between DJI's and Autel's competing products is needed to support DJI's claim for lost profits.  The Federal Circuit has held lost sales of a product that directly competed with the infringing product are reasonably foreseeable.  *See Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1546 (Fed. Cir. 1995) (en banc) ("Being responsible for lost sales of a competitive product is surely foreseeable . . . Such lost sales should therefore clearly be compensable.").

### D.    DJI's Products Provide Contextualizing Background Information

Lastly, the Court should deny Autel's broad motion to exclude any reference to DJI's products because background information on DJI's business and products is relevant to give the jury context for this suit.  DJI's Phantom and its iconic design played a leading role in the development of the modern drone industry.  The videos Autel seeks to exclude also do not introduce any new evidence relating to the technical features of the commercial embodiments or the accused products.  Therefore, Autel's assertions that such evidence is irrelevant and confusing to the jury are insufficient grounds to exclude relevant evidence offered as background to help the jury contextualize the claims in this case.  *See Ventriloscope v. MT Tool & Mfg.*, 16 C 5298, 2019 WL 12528939, at *2 (N.D. Ill. Feb. 22, 2019) ("[T]he Court cannot say that any evidence of or any reference to Plaintiff's products . . . are categorically irrelevant and prejudicial, even with a proper limiting instruction or if this evidence is offered for the purpose of providing background information about Plaintiff's business.").

Dated: July 27, 2021

Michael J. Lyons
Ahren C. Hsu-Hoffman
Thomas Y. Nolan
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Rd
Palo Alto, California 94303
T. (650) 843-4000
E. michael.lyons@morganlewis.com
E. ahren.hsu-hoffman@morganlewis.com

J. Kevin Fee
Hang Zheng
JiaZhen (Ivon) Guo
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004-2541
T. (202) 739-3000
E. kevin.fee@morganlewis.com
E. hang.zheng@morganlewis.com

Respectfully submitted,

*/s/Amy M. Dudash*
Amy M. Dudash (#5741)
MORGAN, LEWIS & BOCKIUS LLP
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
T. (302) 574-3000
E. amy.dudash@morganlewis.com

Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
T. (302) 651-7700
E. Farnan@rlf.com
E. Haynes@rlf.com

*Attorneys for Plaintiffs*
*SZ DJI Technology Co. Ltd. and*
*DJI Europe B.V.*

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD. AND DJI EUROPE B.V., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 16-706-LPS ) **(CONSOLIDATED)** |
| AUTEL ROBOTICS USA LLC AND AUTEL AERIAL TECHNOLOGY CO., LTD., | ) ) ) |
| Defendants. | ) ) ) |
| AUTEL ROBOTICS USA LLC AND AUTEL AERIAL TECHNOLOGY CO., LTD., | ) ) ) ) |
| Counterclaim Plaintiffs, | ) ) |
| v. | ) ) |
| SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V., AND DJI TECHNOLOGY INC., | ) ) ) ) |
| Counterclaim Defendants. | ) ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* NO. 3
TO EXCLUDE EVIDENCE AND TESTIMONY RELATED TO DJI'S PRODUCTS**

Dated: July 31, 2021

OF COUNSEL:
Timothy C. Bickham
Hui Shen, Ph.D.
Craig A. Hoovler
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801

(202) 429-3000
tbickham@steptoe.com
hshen@steptoe.com
choovler@steptoe.com

Stephen Yang
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3907
syang@steptoe.com

Anna M. Targowska
STEPTOE & JOHNSON LLP
227 West Monroe Street
Suite 4700
Chicago, IL 60606
(312) 577-1300
atargowska@steptoe.com

Fan Liang
BROAD & BRIGHT
Room 1508, 15th Floor
Tower C, Ocean Office Park
No. 5 jinghuananjie, Chaoyang District
Beijing 100020, China
+86 10 8513 1852
alex_liang@broadbright.com

(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
bswadley@ycst.com

*Attorneys for Autel Robotics USA LLC and*
*Autel Aerial Technology Co., Ltd. (n/k/a*
*Autel Robotics Co., Ltd.)*

DJI justifies product-to-product comparisons by relying on an ANDA case where the claim required an extended release product have a Cmax "equivalent" to the Cmax of an instant release product, so the patentee had to show infringement through bioequivalence. *Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 616 F.3d 1283, 1286-87 (Fed. Cir. 2010). Such necessity does not exist here, and DJI cannot rely on an inapplicable exception to skirt the rule. On design patents, "[t]he infringement analysis *must* compare the accused product to the patented design, not to a commercial embodiment," *Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1341 (Fed. Cir. 2020) (emphasis added), and DJI's approach "risks relying on unclaimed and therefore irrelevant features as grounds for similarity or difference." *Sun Hill Indus., Inc. v. Easter Unlimited, Inc.*, 48 F.3d 1193, 1196 (Fed. Cir. 1995). The jury may wrongly believe DJI's entire product, not just its ornamental features, is protected, and DJI prematurely assumes its product is actually protected. As DJI insists its design patent already "literally includes . . . the commercial embodiment of the patent," any product-to-product comparison is not only prejudicial, but also unnecessary.

Regarding willfulness and copying, Autel does not call for a blanket prohibition on product-to-product comparisons. But DJI must not *substitute* these comparisons for *actual* evidence of willfulness and copying. DJI does not even address Autel's proposal, which DJI's cited cases actually support. *See Wyers v. Master Lock Co.*, 616 F.3d 1231, 1246 (Fed. Cir. 2010).

Finally, DJI's vague assertions regarding lost profits and "contextualizing" background information" all but confirm its intention to mislead the jury and improperly discharge its burden. Product-to-product comparisons do not satisfy any prerequisites for damages. And, tellingly, DJI's assertion that its product and its "iconic design played a leading role" in the drone industry is precisely why such evidence should be excluded. Lack of veracity aside, such evidence offers no probative value, but is highly biased and self-serving, and will only confuse and mislead the jury.

Dated: July 31, 2021

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

OF COUNSEL:
Timothy C. Bickham
Hui Shen, Ph.D.
Craig A. Hoovler
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000
tbickham@steptoe.com
hshen@steptoe.com
choovler@steptoe.com

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
bswadley@ycst.com

Stephen Yang
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3907
syang@steptoe.com

*Attorneys for Autel Robotics USA LLC and
Autel Aerial Technology Co., Ltd. (n/k/a
Autel Robotics Co., Ltd.)*

Anna M. Targowska
STEPTOE & JOHNSON LLP
227 West Monroe Street
Suite 4700
Chicago, IL 60606
(312) 577-1300
atargowska@steptoe.com

Fan Liang
BROAD & BRIGHT
Room 1508, 15th Floor
Tower C, Ocean Office Park
No. 5 jinghuananjie, Chaoyang District
Beijing 100020, China
+86 10 8513 1852
alex_liang@broadbright.com